$ 250
SUMMONS ISSUED ✓
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
DATE 5-31-05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GE HFS HOLDINGS, INC., *formerly known as* HELLER HEALTHCARE FINANCE, INC.<br>Plaintiff,<br><br>*vs.*<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>) |

05 11128 NG

**COMPLAINT**          MAGISTRATE JUDGE _____

Plaintiff GE HFS Holdings, Inc., formerly known as Heller Healthcare Finance, Inc. ("Heller"), by its undersigned counsel, Sullivan & Worcester LLP, as and for its complaint against defendant National Union Fire Insurance Company of Pittsburgh, PA., ("National Union") hereby alleges as follows:

**PARTIES**

1. Plaintiff Heller is a Delaware corporation with a principal place of business located in Bethesda, Maryland. Heller is a lender to the healthcare industry.

2. Defendant National Union is a Pennsylvania corporation with its principal place of business at 175 Water Street, New York, New York. National Union is presently licensed to provide insurance in Massachusetts. Since 1901, National Union has been licensed to provide insurance to customers in Massachusetts. Upon information and belief, National Union has marketed and issued insurance policies in Massachusetts to Massachusetts residents since 1901.

## JURISDICTION AND VENUE

3. Jurisdiction is properly placed in this Court pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and their is diversity of citizenship between Heller and National Union.

4. Venue is proper pursuant to 28 U.S.C. §1391(a) because a substantial part of the events and/or omissions giving rise to the claims asserted herein occurred in this judicial district and National Union, a corporation, is subject to personal jurisdiction in this judicial district.

## FACTS

### *The D&O Policy*

5. National Union, in consideration for the premiums duly paid in full by Managed Health Care Systems, Inc. of Hingham, Massachusetts ("MHCS"), issued a Directors & Officers Insurance Policy bearing a policy number 873-87-52, with an effective date of August 4, 2001 to August 4, 2002, which was a renewal of policy number 473-16-30 (the "D&O Policy").

6. Specifically, the D&O Policy provides that:

This policy shall pay the Loss of each and every Director or Officer of the Company arising from any claim or claims first made against the Directors or Officers and reported to the Insurer during the Policy Period or the Discovery Period (if applicable) for any alleged Wrongful Act in the respective capacities as Directors or Officers of the Company, except for and to the extent that the Company has indemnified the Directors and Officers. The Insurer shall, in accordance with and subject to Clause 9, advance to each and every Director and Officer the Defense Costs of such claim or claims prior to their final disposition.

7. The D&O Policy defines a "Wrongful Act" as:

any breach of duty, neglect, error, misstatement, misleading statement, omission or act by the Directors or Officers of the Company in the respective capacities as such, or any matter claimed against them solely by reason of their status of Directors or Officers of the Company.

8. MHCS was, at all times relevant hereto, a Massachusetts corporation with its principal place of business in Hingham, Massachusetts. On or about February 23, 2001, MHCS

filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code in the United States Bankruptcy Court for the District of Massachusetts

9. The D&O Policy provides $3,000,000 in coverage, including defense costs, for Loss for a Wrongful Act by Directors or Officers of MHCS.

10. Indy Edwards ("Edwards") was, at all times relevant hereto, the President and Chief Operating Officer of MHCS. Edwards was, at all times relevant hereto, a Massachusetts resident.

11. Pamela Jones ("Jones" and collectively with Edwards, the "Insureds") was, at all times relevant hereto, the Vice President of Finance and Chief Financial Officer of MHCS. Jones was, at all times relevant hereto, a Massachusetts resident.

12. Pursuant to the terms of the D&O Policy, Edwards and Jones were insured under the D&O Policy.

*The D&O Litigation*

13. On or about August 1, 2002, Heller initiated a lawsuit in the United States Federal District Court for the District of Massachusetts, which was entitled Heller Healthcare Finance, Inc. v. Michael Ingoldsby, Mary Lee Ingoldsby, Pamela Jones and Indy Edwards, Civil Action No. 02-11553NG (the "D&O Litigation") wherein Heller asserted certain claims against the Insureds arising out of their negligent misrepresentations and omissions as officers of MHCS.

14. Heller's complaint in the D&O Litigation (the "D&O Complaint") sought damages from the Insureds for certain errors, misstatement, misleading statements, omissions and negligent acts and negligent misrepresentations that the Insureds had made in their roles as officers of MHCS with respect to the collateral available to satisfy certain loans by Heller to MHCS (the "Insureds' Wrongful Acts").

15. The Insureds' Wrongful Acts resulted in Heller loaning MHCS approximately $402,000 more than Heller would have loaned MHCS had the Insureds not negligently misrepresented the collateral available to satisfy these loans by Heller to MHCS.

16. As a result of the omissions and negligent misrepresentations made by the Insureds, MHCS lost its going concern value and its continued ability to service the various debts it owed to Heller, which debts totaled approximately $1,401,553.69.

17. Since that time, Heller has not received the $1,401,553.69 due Heller from MHCS.

### *National Union's Wrongful Denial of Coverage Under the D&O Policy*

18. Pursuant to the terms of the D&O Policy, the Insureds were entitled to a defense and indemnification for the claims asserted against the Insureds in the D&O Litigation.

19. The Insureds satisfied all conditions precedent to such defense and indemnification.

20. On August 2, 2002, the Insureds provided separate, timely, written notices of the D&O Litigation to National Union and requested that National Union admit and provide coverage of the claims in the D&O Litigation under the D&O Policy and requested that National Union defend the D&O Litigation on the Insureds' behalf.

21. By letters dated October 11, 2002, October 25, 2002 and March 6, 2003, National Union declined coverage for the claims asserted against the Insureds in the D&O Litigation, refused to provide coverage for any defense costs, any judgment or any settlement and refused to participate in the defense of the D&O Litigation in any way.

22. National Union wrongly denied coverage under the D&O Policy.

23. National Union wrongly refused to either defend the Insureds against Heller's claims or to indemnify the Insureds for any liability arising out of Heller's claims in the D&O Litigation.

24. The Insureds, for over two years, strenuously litigated the claims asserted by Heller in the D&O Litigation.

### *The Settlement Agreement*

25. By December of 2004, the Insureds could no longer bear the cost and burden of the D&O Litigation and, having repeatedly but unsuccessfully sought National Union's assistance in defending the D&O Litigation and through the course of discovery having determined that there was sufficient evidence to prove their liability for the claims asserted by Heller, the Insureds entered into a settlement agreement (the "Settlement Agreement") with Heller.

26. Pursuant to the terms of the Settlement Agreement, the Insureds admitted joint and several liability for the claims asserted by Heller in the D&O Litigation and agreed to enter into and execute an Agreement for Judgment and consented to the entry of separate and final judgment against each of them, as provided in the Agreement for Judgment, and waive their rights of appeal from the entry of said final judgment.

27. Pursuant to the terms of the Settlement Agreement, the Insureds absolutely and unconditionally assigned, transferred, conveyed and set over to Heller any and all claims, interests, causes of action and/or rights of any kind, without limitation, that they may have against National Union.

28. Pursuant to the terms of the Settlement Agreement, the Defendants absolutely and unconditionally assigned, transferred, conveyed and set over to Heller any and all claims, interests, causes of action and/or rights of any kind, without limitation, that they may have under the D&O Policy, including, without limitation any and all claims, causes of action and/or rights of any kind the Defendants may have in connection with or arising out of Claim Number 434-003227 or any other Claim asserted by either of the Insureds under, against or concerning the

D&O Policy or National Union's Denial of Claim Number 434-003227 or any other Claim asserted by either Insureds under, against or concerning the D&O Policy.

29. The Insureds stipulated, covenanted and agreed that they assigned to Heller any and all claims they may have had to recovery concerning the Agreement for Judgment or any other monies from National Union or to be received in connection with or arising out of the D&O Policy.

30. On January 31, 2005, the United States District Court for the District of Massachusetts entered judgment, pursuant to Fed. R. Civ. P. 54 and 58, in favor of Heller against the Insureds in the amount of $1,401,553.69, plus $70,000 in attorneys' fees and costs up and through the date of the filing of the judgment, plus interest on all amounts owed hereunder from and after the date of filing of the judgment, plus attorneys' fees and costs incurred in enforcing the judgment (the "Judgment").

31. The Judgment specified that all rights of appeal were waived by the Insureds.

## COUNT I
(Declaratory Judgment)

32. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 31 hereof as though fully set forth herein.

33. As described more fully above, a real and justiciable controversy has arisen between Heller and National Union, regarding National Union's failure to defend the Insureds against Heller's claims and failure to indemnify the Insureds for any liability arising out of Heller's claims in the D&O Litigation.

34. Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, Heller is entitled to a judgment declaring that the Insureds were entitled to a defense against Heller's claims and that National Union must indemnify the Insureds for the Judgment.

## COUNT II
(Breach of Contract)

35. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 34 hereof as though fully set forth herein.

36. As described more fully above, National Union has materially breached the terms of the D&O Policy by, among other things, failing to either defend the Insureds against Heller's claims or to indemnify the Insureds for any liability arising out of Heller's claims in the D&O Litigation.

37. The Insureds fully complied with their obligations under the D&O Policy.

38. As a direct and proximate result of National Union's numerous material breaches of the D&O Policy, as described more fully above, the Insureds have suffered damages in an amount to be determined at trial, but not less than $1,471,553.69, which damages Heller is entitled to recover as the Insureds' assignee.

## COUNT III
(Breach of Implied Covenant of Good Faith and Fair Dealing)

39. Plaintiff hereby repeats and incorporates by reference the allegations set forth in the foregoing paragraphs 1 through 38 as if fully set forth herein.

40. As a matter of law, the D&O Policy contains and incorporates an implied covenant of good faith and fair dealing.

41. National Union's actions as set forth above constitute a breach of the implied covenant of good faith and fair dealing contained and incorporated in the D&O Policy.

42. As a direct and proximate result of National Union's breach of the implied covenant of good faith and fair dealing, the Insureds has suffered damages in an amount to be determined

at trial, but not less than $1,471,553.69, which damages Heller is entitled to recover as the Insureds' assignee.

### COUNT IV
(Violation of Mass. Gen. L., c. 93A)

43. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 42 hereof as though fully set forth herein.

44. Both the Insureds and National Union are engaged in trade or commerce within the meaning of Mass. Gen. L. c. 93A §§ 1(a), 1(b) and 11.

45. National Union's actions as set forth above constitute unfair and deceptive acts and practices in violation of Mass. Gen. L. c. 93A §2 and are made actionable by Mass. Gen. L. c. 93A, §11. Such actions by National Union occurred primarily and substantially within the Commonwealth of Massachusetts.

46. As a direct and proximate result of such unfair and deceptive acts and practices, the Insureds have suffered and continue to suffer damages in an amount to be determined at trial which damages Heller is entitled to recover as the Insureds' assignee.

47. National Union's conduct has been in knowing and willful violation of Chapter 93A and as a result, Heller, as the Insureds' assignee, is entitled to treble damages and reasonable attorneys' fees pursuant to Mass. Gen. L. c. 93A, §11.

WHEREFORE, Heller respectfully prays that this Court enter judgment in its favor and against National Union, as follows:

A. Awarding to Heller damages in an amount to be determined at trial, but not less than $1,471,553.69, together with prejudgment interest and costs of suit;

{B0389849;1}

B. Awarding Heller its damages equal to the cost and expenses incurred to enforce the terms of the D&O Policy;

C. Awarding Heller its attorneys' fees;

D. Awarding Heller treble damages and reasonable attorneys' fees pursuant to Mass. Gen. L. c. 93A, §9.; and

E. Awarding Heller such other and further relief as is just.

### Jury Demand

Heller demands a trial by jury on all counts so triable.

Respectfully submitted,

GE HFS HOLDINGS, INC.,
formerly known as
HELLER HEALTHCARE FINANCE, INC.,

By its attorneys,

_/s/_
Gayle P. Ehrlich (BBO # 546861)
Jeffrey E. Francis (BBO # 639944)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800
jfrancis@sandw.com

May 31, 2005

- 9 -

{B0389849; 1}

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
GE HFS Holdings, Inc., formerly known as Heller Healthcare Finance, Inc.

### DEFENDANTS
National Union Fire Insurance Company of Pittsburgh, PA.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) Jeffrey E. Francis, Gayle P. Ehrlich, Sullivan & Worcester LLP, One Post Office Square, Boston, MA 02109, (617) 338-2800

Attorneys (If Known)

**05 11128 NG**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332, 28 U.S.C. § 1391(a)

Brief description of cause:
Breach of Insurance Contract, Declaratory Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Not less than $1,471,553.69 Plus interset and cost of suit

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE Nancy Gertner    DOCKET NUMBER 021-11553-NG

DATE May 31, 2005

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) GE HFS Holdings, Inc., formerly known as Heller Healthcare Finance, Inc. v. National Union Fire Insurance Company of Pittsburgh, PA

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   ☑ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   **05 11128 NG**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   Heller Healthcare Finance, Inc. v. Ingoldsby et al., 02-11553-NG

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   * None of the parties reside in Massachusetts.
   YES ☐   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Gayle P. Ehrlich , Jeffrey E. Francis
ADDRESS  Sullivan & Worcester LLP, One Post Office Square , Boston, Massachusetts 02109
TELEPHONE NO.  617-338-2800

(CategoryForm.wpd - 5/2/05)