UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GE HFS HOLDINGS, INC.,<br>*Formerly known as*<br>HELLER HEALTHCARE FINANCE, INC.,<br><br>         Plaintiff,<br>v.<br><br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA.,<br><br>         Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) **Civil Action No. 05-11128-NG**<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Pursuant to the Fed. R. Civ. P. 8(b), the Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), hereby answers the Complaint filed by GE HFS Holdings, Inc. f/k/a Heller Healthcare Finance, Inc. ("GE HFS"), as follows:

1. National Union is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. National Union admits the allegations contained in the first and second sentences of Paragraph 2 of the Complaint; otherwise, denied.

3. Admitted.

4. Admitted.

5. National Union states that its Directors and Officers Insurance and Company Reimbursement Policy Number 873-87-52 speaks for itself, and that to the extent that the allegations contained in Paragraph 5 of the Complaint are inconsistent therewith, National Union denies them.

6. National Union states that its Directors and Officers Insurance and Company Reimbursement Policy Number 873-87-52 speaks for itself, and that to the extent that the allegations contained in Paragraph 6 of the Complaint are inconsistent therewith, National Union denies them.

7. National Union states that its Directors and Officers Insurance and Company Reimbursement Policy Number 873-87-52 speaks for itself, and that to the extent that the allegations contained in Paragraph 7 of the Complaint are inconsistent therewith, National Union denies them.

8. National Union is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. National Union states that its Directors and Officers Insurance and Company Reimbursement Policy Number 873-87-52 speaks for itself, and that to the extent that the allegations contained in Paragraph 9 of the Complaint are inconsistent therewith, National Union denies them.

10. National Union is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. National Union is is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. National Union states that its Directors and Officers Insurance and Company Reimbursement Policy Number 873-87-52 speaks for itself, and that to the extent that the allegations contained in Paragraph 12 of the Complaint are inconsistent therewith, National Union denies them.

13. National Union admits that on August 1, 2002 GE HFS filed an action in the United States District Court for the District of Massachusetts, which was entitled <u>Heller Healthcare Finance, Inc. v. Michael Ingoldsby, Mary Lee Ingoldsby, Pamela Jones, and Indy Edwards</u>, ("Underlying Action"); otherwise, denied.

14. National Union states that the Complaint in the Underlying Action speaks for itself and that to the expert that the allegations contained in Paragraph 14 of the Complaint are inconsistent therewith, National Union denies them.

15. National Union is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. National Union is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. National Union is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Denied.

19. Denied.

20. National Union admits that Jones and counsel for Edwards by separate letters, dated August 2, 2002, notified National Union of the Underlying Action; otherwise, denied. In further answer, National Union states that the August 2, 2002 letters speak for themselves, and to the extent that the allegations contained in Paragraph 20 of the Complaint are inconsistent therewith, National Union denies them.

21. National Union states that the October 11, 2002, October 25, 2002, and March 6, 2003 letters speak for themselves, and to the extent that the allegations contained in Paragraph 21 of the Complaint are inconsistent therewith, National Union denies them.

22. Denied.

23. Denied.

24. Denied.

25. National Union is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. National Union is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. National Union is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. National Union is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. National Union is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. National Union is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. National Union is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. National repeats its answers to Paragraphs 1 through 31, above, as if fully set forth herein.

33. Denied.

34. Denied.

35. National repeats its answers to Paragraphs 1 through 34, above, as if fully set forth herein.

36. Denied.

37. Denied.

38. Denied.

39. National repeats its answers to Paragraphs 1 through 38, above, as if fully set forth herein.

40. The allegations at Paragraph 40 constitute conclusions of law as to which no response is required.

41. Denied.

42. Denied.

43. National repeats its answers to Paragraphs 1 through 42, above, as if fully set forth herein.

44. The allegations at Paragraph 44 contain conclusions of law as to which no response is required.

45. Denied.

46. Denied.

47. Denied.

Pursuant to Fed. R. Civ. P. 8(c), National Union sets forth the following Affirmative Defenses to the Complaint:

### First Affirmative Defense

The Complaint fails to state a claim for which relief can be granted.

### Second Affirmative Defense

Clause 4 of the Policy, as amended, states, in relevant part:

The Insurer shall not be liable to make any payment for Loss in connection with a Claim against an Insured:

...

(h) alleging, arising out of, based upon or attributable to any actual or alleged contractual liability of the Company [Managed Health Care Systems] or an Insured under any express (written or oral) contract or agreement....

The claims against Edwards and Jones in the Underlying Action alleged, arose out of, were based upon or attributable to an actual or alleged contractual liability of Managed Health Care Systems under express (written or oral) contracts or agreements.

Therefore, the Policy did not cover the claims asserted against Edwards and Jones in the Underlying Action.

### Third Affirmative Defense

All conditions precedent under the Policy to bring and maintain this action have not been satisfied.

### Fourth Affirmative Defense

Count IV of the Complaint is barred as a result of the failure by Jones and Edwards to make written demand upon National Union pursuant to Section 9 of Mass. Gen. L. ch. 93A.

WHEREFORE, National Union Fire Insurance Company of Pittsburgh, PA, requests that the Complaint be dismissed with prejudice and that it be awarded its costs.

By its attorneys,

Dated:  August 3, 2005

/s/ Mary Patricia Cormier
John D. Hughes (BBO # 243660)
Mary Patricia Cormier (BBO # 635756)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444

- 7 -

## CERTIFICATE OF SERVICE

I, Mary Patricia Cormier, certify that on the 3rd day of August, 2005, I caused a true copy of the foregoing document to be served via first class mail, postage prepaid on all counsel identified below.

>Gayle P. Erlich
>Jeffrey E. Francis
>SULLIVAN & WORCESTER LLP
>One Post Office Square
>Boston, Massachusetts 02109
>617-338-2800

>/s/ Mary Patricia Cormier
>Mary Patricia Cormier