UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GE HFS HOLDINGS, INC., )<br>*formerly known as* )<br>HELLER HEALTHCARE FINANCE, INC., )<br>)<br>            Plaintiff, )<br>and )<br>)<br>MICHAEL INGOLDSBY, )<br>)<br>            Intervenor Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL UNION FIRE INSURANCE )<br>COMPANY OF PITTSBURGH, PA, and )<br>INTERNATIONAL INSURANCE GROUP, LTD. )<br>)<br>            Defendants. ) | Civil Action No.:<br>05-CV-11128-NG |

## ANSWER OF DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA TO FIRST AMENDED COMPLAINT IN INTERVENTION

Defendant, National Union Fire Insurance Company of Pittsburgh, PA, ("National Union"), pursuant to Fed. R. Civ. P. 8(b), hereby answers the First Amended Complaint in Intervention ("Amended Intervenor Complaint") filed by Intervenor Plaintiff, Michael Ingoldsby ("Ingoldsby"), and states as follows:

1.     As to Paragraph 1 of the Amended Intervenor Complaint, National Union states that the third sentence states a conclusion of law to which no response is required, and National Union is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2. National Union admits the allegations contained in the first sentence of Paragraph 2 of the Amended Intervenor Complaint. As to the second sentence, National Union admits that it has a principal place of business at 175 Water Street, New York, NY, and denies the remaining allegations. The third sentence of Paragraph 2 states a conclusion of law to which no response is required.

3. As to Paragraph 3 of the Amended Intervenor Complaint, National Union states that the second sentence states a conclusion of law to which no response is required, and National Union is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 3.

4. National Union admits that there is diversity between it and Ingoldsby; otherwise, denied.

5. Admitted.

6. National Union states that its Directors and Officers Insurance and Company Reimbursement Policy Number 873-87-52 ("Policy 873-87-52") speaks for itself, and that to the extent that the allegations contained in Paragraph 6 of the Amended Intervenor Complaint are inconsistent therewith, National Union denies them.

7. National Union states that Policy 873-87-52 speaks for itself, and to the extent that the allegations contained in Paragraph 7 of the Amended Intervenor Complaint are inconsistent therewith, National Union denies them.

8. National Union states that its Policy 873-87-52 speaks for itself, and that to the extent that the allegations contained in Paragraph 8 of the Amended Intervenor Complaint are inconsistent therewith, National Union denies them.

9.  National Union is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9.

10. National Union is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10.

11. National Union states that it issued Directors and Officers Insurance and Company Reimbursement Policy Number 473-16-30, with an effective date of August 4, 2000 to August 4, 2001 ("Policy 473-16-30"), that it issued Policy Number 873-87-52, with an effective date of August 4, 2001 to August 4, 2002, that Policy 873-87-52 was a renewal of Policy 473-16-30, and denies the remaining allegations in Paragraph 11.

12. Admitted.

13. National Union states that on or about July 27, 2001, International was provided with a renewal proposal for Managed Health Care Systems Directors and Officers Liability Insurance including Employment Practices Liability ("Renewal Proposal"), and states that the Renewal Proposal speaks for itself, and to the extent that the allegations contained in Paragraph 13 are inconsistent therewith, National Union denies them, and National Union further states that it is without knowledge as to the remaining allegations in Paragraph 13.

14. National Union states that the Renewal Proposal speaks for itself, and to the extent that the allegations contained in Paragraph 14 are inconsistent therewith, National Union denies them, and National Union further states that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 14.

15. National Union states that Policy 873-87-521 contains Endorsement #8, a copy of which is attached as "Exhibit A" to the Amended Intervenor Complaint, and further states that

Endorsement #8 speaks for itself, and the to extent that the allegations contained in Paragraph 15 are inconsistent therewith, National Union denies them.

16. National Union states that on or about July 27, 2001, International was provided with the Renewal Proposal, and states that the Renewal Proposal speaks for itself, and to the extent that the allegations contained in Paragraph 16 are inconsistent therewith, National Union denies them, and National Union further states that it is without sufficient knowledge or information as to form a belief as to the truth of the remaining allegations in Paragraph 16.

17. Denied.

18. National Union is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. As to Paragraph 19, National Union states that Policy 873-87-521 and Policy 473-16-30 speak for themselves, and to the extent that the allegations contained in Paragraph 19 are inconsistent therewith, National Union denies them.

20. As to Paragraph 20, National Union admits that on August 1, 2002, Heller Healthcare Finance, Inc. ("Heller") filed a complaint ("Heller Complaint") in the United States District Court for the District of Massachusetts against Michael Ingoldsby, Mary Lee Ingoldsby, Pamela Jones, and Indy Edwards, and is without knowledge as to the remaining allegations of Paragraph 20.

21. As to Paragraph 21, National Union denies that the Heller Complaint was forwarded to it by or on behalf of Ingoldsby on or about August 2, 2002, but admits that the Heller Complaint was otherwise forwarded to it on or about that date.

22. Denied.

23.     As to Paragraph 23, National Union admits that the October 11, 2002 letter attached as "Exhibit C" to the Amended Intervenor Complaint was sent on its behalf by its counsel, and states that the October 11, 2002 letter speaks for itself, and to the extent that the allegations contained in Paragraph 23 are inconsistent therewith, National Union denies them.

24.     As to Paragraph 24, National Union admits that the March 6, 2003 letter attached as "Exhibit D" to the Amended Intervenor Complaint was sent on its behalf by its counsel, and states that the March 6, 2003 letter speaks for itself, and to the extent that the allegations contained in Paragraph 24 are inconsistent therewith, National Union denies them.

25.     As to Paragraph 25, National Union states that the October 11, 2002 and March 6, 2003 letters speak for themselves, and to the extent that the allegations contained in Paragraph 25 are inconsistent therewith, National Union denies them.

26.     As to Paragraph 26, National Union states that the Heller Complaint speaks for itself and to the extent that the allegations contained in Paragraph 26 are inconsistent therewith, National Union denies them.

27.     As to Paragraph 27, National Union states that the Heller Complaint and Policy 873-87-521 speak for themselves, and to the extent that the allegations contained in Paragraph 27 are inconsistent therewith, National Union denies them, and further states that the remaining allegations of Paragraph 27 state a conclusion of law to which no response is required.

28.     As to Paragraph 28, National Union states that the Heller Complaint and Policy 873-87-521 speak for themselves, and to the extent that the allegations contained in Paragraph 28 are inconsistent therewith, National Union denies them, and further states that the remaining allegations of Paragraph 28 state a conclusion of law to which no response is required.

- 6 -

29. As to Paragraph 29, National Union states that the Heller Complaint, Policy 873-87-52l, and the October 11, 2002 and March 6, 2003 letters speak for themselves, and to the extent that the allegations contained in Paragraph 29 are inconsistent therewith, National Union denies them.

30. As to Paragraph 30, National Union states that the Heller Complaint speaks for itself, and to the extent that the allegations contained in Paragraph 30 are inconsistent therewith, National Union denies them, and further states that the second sentence of Paragraph 30 states a conclusion of law to which no response is required.

31. As to Paragraph 31, National Union states that the allegations contained in Paragraph 31 state a conclusion of law to which no response is required.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. National Union is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37. National Union is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38. National Union is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39. As to Paragraph 39, National Union repeats its answers to Paragraphs 1-38 above, as if fully set forth herein.

40. Denied.

41. Denied.

42. As to Paragraph 42, National Union repeats its answers to Paragraphs 1-41 above, as if fully set forth herein.

43. Denied.

44. Denied.

45. As to Paragraph 45 (which is redundant to Paragraph 20), National Union admits that on August 1, 2002, the Heller Complaint against Michael Ingoldsby, Mary Lee Ingoldsby, Pamela Jones, and Indy Edwards was filed in the United States District Court for the District of Massachusetts, and denies that a copy of the Heller Complaint is attached as "Exhibit D" to the Amended Intervenor Complaint, and is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 45.

46. As to Paragraph 46 (which is redundant to Paragraph 21), National Union denies that the Heller Complaint was forwarded to it by or on behalf of Ingoldsby on or about August 2, 2002, but admits that the Heller Complaint was otherwise forwarded to it on or about that date.

47. As to Paragraph 47 (which is redundant to Paragraph 23), National Union states that the October 11, 2002 letter speaks for itself, and to the extent that the allegations contained in Paragraph 47 are inconsistent therewith, National Union denies them.

48. As to Paragraph 48 (which is redundant to Paragraph 24), National Union states that the March 6, 2003 letter speaks for itself and to the extent that the allegations contained in Paragraph 48 are inconsistent therewith, National Union denies them.

49. Denied.

50. Denied.

51. Denied.

52. As to Paragraph 52, National Union repeats its answers to Paragraphs 1-51 above, as if fully set forth herein.

53. Paragraph 53 contains conclusions of law to which no response is required.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Paragraphs 59 through 70 are as against defendant, International Insurance Group, Ltd only, and no response by National Union is required.

First Affirmative Defense

The Court lacks subject matter jurisdiction over this action. National Union issued Policy 873-87-52 to Managed Health Care Systems, Inc. ("MHCS"), which filed for bankruptcy on February 23, 2001. Accordingly, Policy 873-87-52 and its proceeds ("Policy Proceeds"), if any, are the property of the MHCS estate in bankruptcy, and are subject to the automatic stay.

By seeking defense costs and indemnification from National Union in connection with the Heller complaint, Ingoldsby acted to obtain possession of and exercise control over the Policy Proceeds. By acting to obtain possession and control over property of the MHCS estate in bankruptcy without first seeking and obtaining a lifting of the automatic stay by the bankruptcy court, Ingoldsby acted in violation of the automatic stay.

Orders issued in violation of the automatic stay are void, and the Court thus lacks the power to enter the judgment sought by plaintiff; accordingly, the Court lacks subject matter jurisdiction over this action.

Second Affirmative Defense

National Union issued Policy 873-87-52 to Managed Health Care Systems, Inc. ("MHCS"), which filed for bankruptcy on February 23, 2001. Accordingly, Policy 873-87-52 and its proceeds ("Policy Proceeds"), if any, are the property of the MHCS estate in bankruptcy, and are subject to the automatic stay.

Ingoldsby never sought a modification of the automatic stay before seeking defense costs and indemnification in connection with the Heller complaint. National Union, therefore, continued to be restrained and enjoined from paying any of the Policy Proceeds to or on behalf of Ingoldsby. Accordingly, any obligation of National Union to pay any of the Policy Proceeds to or on behalf of Ingoldsby was excused by operation of law.

Third Affirmative Defense

Policy 873-87-52 was cancelled for nonpayment before the Heller Complaint was filed; thus, Ingoldsby was not an insured under the policy at the time of his claim for coverage.

Fourth Affirmative Defense

On December 13, 2002, Ingoldsby filed for bankruptcy. In a sworn bankruptcy statement filed on January 2, 2003 and then again on April 18, 2003, Ingoldsby denied insurance coverage from National Union and any cause of action against National Union for its failure to provide coverage. Ingoldsby is thus judicially estopped from now asserting a claim for coverage against National Union.

Fifth Affirmative Defense

On March 25, 2002, Heller, MHCS, and MHCS's wholly-owned subsidiary, Medical Temporaries, Inc., entered into a Settlement Agreement. Pursuant to the March 25, 2002 Settlement Agreement, Heller released Ingoldsby from all claims arising from the date thereof

other than claims arising from the default under the DIP Loan Agreement. In addition, the claims asserted in the Heller Complaint alleged, arose out of, were based upon or were attributable to an actual or alleged contractual liability of MHCS under the DIP Loan Agreement.

Policy 873-87-52 excludes any claim "alleging, arising out of, based upon or attributable to any actual or alleged contractual liability of the Company or any other Insured under any express contract or agreement." Accordingly, Policy 873-87-52 did not cover the claims asserted against Ingoldsby in the Heller Complaint.

### Sixth Affirmative Defense

Ingoldsby has not satisfied all conditions precedent under Policy 873-87-52 to bring and maintain this action.

### Seventh Affirmative Defense

Count III of the Amended Complaint in Intervenor is barred by Ingoldsby's failure to make written demand upon National Union pursuant to Section 9 of Mass. Gen. L. ch. 93A.

WHEREFORE, National Union requests that the Amended Complaint in Intervenor be dismissed with prejudice and that it be awarded its costs.

                NATIONAL UNION FIRE INSURANCE COMPANY OF
                PITTSBURGH, PA

                By its attorneys,

Dated: December 15, 2005      /s/ Mary Patricia Cormier
                                    John D. Hughes (BBO # 243660)
                                    Mary Patricia Cormier (BBO # 635756)
                                    EDWARDS ANGELL PALMER & DODGE LLP
                                    101 Federal Street
                                    Boston, MA 02110
                                    Telephone: (617) 439-4444
                                    Facsimile: (617) 439-4170