UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
*****************************************************
GE HFS HOLDINGS, INC., f/k/a              *
HELLER HEALTHCARE FINANCE, INC.,          *
                          Plaintiff       *
                                          *
and                                       *
MICHAEL INGOLDSBY,                        *   CIVIL ACTION
                Intervenor / Plaintiff    *   NO. 05-CV-11128-NG
vs.                                       *
                                          *
NATIONAL UNION FIRE INSURANCE COMPANY     *
OF PITTSBURGH, PA and                     *
INTERNATIONAL INSURANCE GROUP, LTD.,      *
                          Defendants      *
*****************************************************
```

## ANSWER OF THE DEFENDANT INTERNATIONAL INSURANCE GROUP, LTD. TO PLAINTIFFS' FIRST AMENDED COMPLAINT

### PARTIES

1. The Defendant, International Insurance Group, Ltd. ("IIG") does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 1 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

2. The Defendant IIG admits that National Union Insurance Company is a duly licensed insurer, but as to the remaining allegations, the Defendant does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 2 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

3. Admit.

### JURISDICTION AND VENUE

4. The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 4 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

5. The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 5 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

# FACTUAL ALLEGATIONS

### I. Terms of the Insurance Policy

6. Admit.

7. The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 7 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

8. The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 8 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

### II. International Insurance Group, LTD.

9. Admit.

10. Deny.

11. The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 11 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

12. The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 12 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

13. The Defendant IIG admits that it forwarded a renewal quote to the Plaintiffs, but as to the remaining allegations, the Defendant, IIG does not have sufficient knowledge at this time to admit or deny these allegations, and calls upon the Plaintiffs to prove same.

14. The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 14 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

15. The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 15 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

16. The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 16 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

17. The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 17 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

18. Deny.

19. Deny.

### III. Denial of Coverage Under the Policy

20. The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 20 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

21. The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 21 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

22. The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 22 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

23. To the extent that the document attached to the Amended Complaint is self-explanatory, the Defendant IIG admits these allegations.

24. To the extent that the document attached to the Amended Complaint is self-explanatory, the Defendant IIG admits these allegations.

25. To the extent that the document attached to the Amended Complaint is self-explanatory, the Defendant IIG admits these allegations.

26. To the extent that the document attached to the Amended Complaint is self-explanatory, the Defendant IIG admits these allegations.

27. The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 27 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

28. The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 28 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

29. The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 29 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

30. The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 30 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

31.   The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 31 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

32.   The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 32 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

33.   The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 33 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

34.   To the extent that Paragraph 34 of the Plaintiffs' Amended Complaint refers to the Defendant IIG, the allegations of Paragraph 34 of the Plaintiffs' Amended Complaint are denied. To the extent that the allegations of Paragraph 34 of the Plaintiffs' Amended Complaint refer to defendants other than IIG, the Defendant is not aware of sufficient facts to either admit or deny those allegations. Accordingly, Defendant IIG calls upon the Plaintiffs to prove each and every allegation of Paragraph 34.

35.   To the extent that Paragraph 35 of the Plaintiffs' Amended Complaint refers to the Defendant IIG, the allegations of Paragraph 35 of the Plaintiffs' Amended Complaint are denied. To the extent that the allegations of Paragraph 35 of the Plaintiffs' Amended Complaint refer to defendants other than IIG, the Defendant is not aware of sufficient facts to either admit or deny those allegations. Accordingly, Defendant IIG calls upon the Plaintiffs to prove each and every allegation of Paragraph 35.

36.   The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 36 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

37.   The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 37 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

38.   The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 38 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

## CLAIMS FOR RELIEF

### COUNT I
### (DECLARATORY JUDGMENT)
### (MICHAEL INGOLDSBY v. NATIONAL UNION)

39.   The Defendant IIG reaffirms its answers to paragraphs 1 through 38 and incorporates them herein as if fully set forth.

40. The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 40 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

41. The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 41 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

## COUNT II
### (BREACH OF CONTRACT)
### MICHAEL INGOLDSBY v. NATIONAL UNION)

42. The Defendant IIG reaffirms its answers to paragraphs 1 through 41 and incorporates them herein as if fully set forth.

43. The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 43 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

44. The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 44 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

45. The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 45 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

46. The Defendant, IIG does not have sufficient knowledge at this time to admit or deny the allegations of paragraph 46 of the Plaintiffs' Amended Complaint, and calls upon the Plaintiffs to prove same.

47. To the extent that the document attached to the Amended Complaint is self-explanatory, the Defendant IIG admits these allegations.

48. To the extent that the document attached to the Amended Complaint is self-explanatory, the Defendant IIG admits these allegations.

49. To the extent that Paragraph 49 of the Plaintiffs' Amended Complaint refers to the Defendant IIG, the allegations of Paragraph 49 of the Plaintiffs' Amended Complaint are denied. To the extent that the allegations of Paragraph 49 of the Plaintiffs' Amended Complaint refer to defendants other than IIG, the Defendant is not aware of sufficient facts to either admit or deny those allegations. Accordingly, Defendant IIG calls upon the Plaintiffs to prove each and every allegation of Paragraph 49.

50. To the extent that Paragraph 50 of the Plaintiffs' Amended Complaint refers to the Defendant IIG, the allegations of Paragraph 50 of the Plaintiffs' Amended Complaint are denied. To the extent that the allegations of Paragraph 50 of the

Plaintiffs' Amended Complaint refer to defendants other than IIG, the Defendant is not aware of sufficient facts to either admit or deny those allegations. Accordingly, Defendant IIG calls upon the Plaintiffs to prove each and every allegation of Paragraph 50.

51. To the extent that Paragraph 51 of the Plaintiffs' Amended Complaint refers to the Defendant IIG, the allegations of Paragraph 51 of the Plaintiffs' Amended Complaint are denied. To the extent that the allegations of Paragraph 51 of the Plaintiffs' Amended Complaint refer to defendants other than IIG, the Defendant is not aware of sufficient facts to either admit or deny those allegations. Accordingly, Defendant IIG calls upon the Plaintiffs to prove each and every allegation of Paragraph 51.

<u>COUNT III</u>
(VIOLATION OF MASS. GEN. L. 93A AND 176D)
(MICHAEL INGOLDSBY v. NATIONAL UNION AND INTERNATIONAL)

52. The Defendant IIG reaffirms its answers to paragraphs 1 through 51 and incorporates them herein as if fully set forth.

53. The Defendant IIG admits that it is engaged in trade and commerce but does not admit that as such it is the type and kind, or applicable to the definition as outlined in M.G.L. ch. 93A.

54. To the extent that Paragraph 54 of the Plaintiffs' Amended Complaint refers to the Defendant IIG, the allegations of Paragraph 54 of the Plaintiffs' Amended Complaint are denied. To the extent that the allegations of Paragraph 54 of the Plaintiffs' Amended Complaint refer to defendants other than IIG, the Defendant is not aware of sufficient facts to either admit or deny those allegations. Accordingly, Defendant IIG calls upon the Plaintiffs to prove each and every allegation of Paragraph 54.

55. To the extent that Paragraph 55 of the Plaintiffs' Amended Complaint refers to the Defendant IIG, the allegations of Paragraph 55 of the Plaintiffs' Amended Complaint are denied. To the extent that the allegations of Paragraph 55 of the Plaintiffs' Amended Complaint refer to defendants other than IIG, the Defendant is not aware of sufficient facts to either admit or deny those allegations. Accordingly, Defendant IIG calls upon the Plaintiffs to prove each and every allegation of Paragraph 55.

56. Deny.

57. Deny.

58. Deny.

## COUNT IV
### (FRAUD/DECEIT)
### (MICHAEL INGOLDSBY v INTERNATIONAL)

59. The Defendant IIG reaffirms its answers to paragraphs 1 through 58 and incorporates them herein as if fully set forth.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

## COUNT V
### (NEGLIGENT MISREPRESENTATION)
### (MICHAEL INGOLDSBY v INTERNATIONAL)

65. The Defendant IIG reaffirms its answers to paragraphs 1 through 64 and incorporates them herein as if fully set forth.

66. Deny.

67. Deny.

68. Deny.

69. Deny.

70. Deny.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Defendant IIG states that the injuries or damage alleged were caused in whole or in part by the Plaintiffs' negligence.

### SECOND DEFENSE

The Defendant IIG denies that the Plaintiffs are entitled to the damages claimed or to the relief demanded.

## THIRD DEFENSE

The Defendant IIG states that the Plaintiffs were not in the exercise of due care, but rather the negligence of the Plaintiffs contributed to or caused the injury or damage complained of, wherefore, the recovery of the Plaintiffs is barred in whole or in part, or is subject to diminution.

## FOURTH DEFENSE

The Defendant IIG states that if they failed to perform any of its alleged agreements referred to in Plaintiffs' Complaint, which they deny, that they were excused from the performance of such agreements.

## FIFTH DEFENSE

The Defendant IIG was justified in its conduct and acts, and is therefore not liable to the Plaintiffs as alleged in the Complaint.

## SIXTH DEFENSE

The Defendant IIG states that the Plaintiffs, by their conduct and actions and/or the conduct and actions of their agents or servants, are estopped from recovering any judgment against this Defendant.

## SEVENTH DEFENSE

The Plaintiffs had equal opportunity and means of knowing and asserting the truth of the facts concerning which the representations set forth in the Plaintiffs' Complaint are alleged to have been made and the Plaintiffs were not deceived by any statement alleged to have been made by the Defendant IIG.

## EIGHTH DEFENSE

The Defendant IIG states that the Plaintiffs is not entitled to any recovery under M.G.L. Ch. 93A for the reason that the transactions and actions set out in Plaintiffs' Complaint are permitted under the laws as administered by the regulatory board or office acting under statutory authority of the Commonwealth of Massachusetts.

## NINTH DEFENSE

The Defendant IIG, while believing that no violation of Mass. General Laws, Chapter 93A, Section 11 has occurred and in order to prevent recovery of attorney's fees and costs in the event of a Court finding otherwise, tender nominal damages of One ($1.00) Dollar to the Plaintiffs.

## TENTH DEFENSE

The Plaintiffs have failed to mitigate damages and is therefore, barred from recovery.

## ELEVENTH DEFENSE

The Defendant IIG states that the Plaintiffs may not recover against this Defendant because any damages were not due to any act or failure to act of this Defendant, but were caused solely by the acts of a third-party or parties for whom this Defendant is not responsible.

## TWELFTH DEFENSE

The Defendant IIG states that if the Plaintiffs prove that they were injured as alleged, said injuries were caused by the intervening and/or superseding acts of third persons for which this Defendant is not liable.

## THIRTEENTH DEFENSE

The Defendant IIG states that there was no negligence, gross negligence, willful, wanton, or malicious misconduct, intentional, reckless indifference or reckless disregard of the rights of the Plaintiffs, or malice (actual, legal or otherwise) on the part of this Defendant as to the Plaintiffs herein.

## FOURTEENTH DEFENSE

The Defendant IIG states that the Plaintiffs have failed to exhaust the administrative remedies required by M.G.L., Ch. 176D, is therefore barred from bringing that claim in this matter and as such, Count should be dismissed, or in the alternative, be stayed.

## FIFTEENTH DEFENSE

The Defendant IIG hereby puts the Plaintiffs on notice that it intends to rely upon such further defenses as are developed during discovery and reserve their right to amend this answer accordingly.

## SIXTEENTH DEFENSE

The Defendant IIG says that if the Plaintiffs ever had any cause of action against the Defendant, the same has been barred by reason of the statute of limitations thereto applicable.

## JURY CLAIM

*Defendant International Insurance Group, LTD. hereby demands a trial by jury as to all issues so triable pursuant to Mass. R. Civ. P. 38.*

                        Respectfully submitted,

                        INTERNATIONAL INSURANCE
                        GROUP, LTD, Defendant

                        By    Attorney:

_____
Richard E. Heifetz        BBO #229000
TUCKER, HEIFETZ & SALTZMAN, LLP
Three School Street
Boston, MA 02108
617-557-9696        FAX 617-227-9191
Dated:        December 27, 2005

I hereby certify that I made service of the foregoing document in accordance with the provisions of Fed. R. Civ. P. 5.

_____