UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GE HFS HOLDINGS, INC., f/k/a HELLER HEALTHCARE FINANCE, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| And | ) ) | |
| MICHAEL INGOLDSBY, | ) ) | |
| Intervenor/Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-CV-11128-NG |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and INTERNATIONAL INSURANCE GROUP, LTD., | ) ) ) ) ) ) | |
| Defendants. | ) | |

### AFFIDAVIT OF MADELEINE ESTABROOK, ESQ.

I, Madeleine Estabrook, on oath do declare as follows:

     1.     I am a Counsel at the law firm of Edwards Angell Palmer & Dodge LLP, f/k/a Edwards & Angell LLP ("EAP&D").

     2.     From 1996 to May 2002, my firm and I represented Managed Health Care Systems, Inc. ("MHCS") on a number of general business matters as its outside counsel, including advising MHCS on regulatory issues, commercial and financial transactions, strategic acquisitions and certain litigation matters that were unrelated to this action.

     3.     On June 27, 2006, Jeffrey E. Francis, on behalf of plaintiff GE HFS Holdings, Inc., f/k/a Heller Healthcare Finance, Inc. ("Heller"), sent John D. Hughes of my firm a letter (the "June 27 Letter") requesting that EAP&D withdraw as counsel to the defendant in the

instant litigation, National Union Fire Insurance Company of Pittsburgh, Pa. ("NUFIC"). A true and accurate copy of the June 27 Letter is attached hereto as Exhibit A. In the June 27 Letter, Heller asserts a conflict under Rule 1.9 and Rule 1.10 of the Massachusetts Rules of Professional Conduct based on my representation of MHCS and on my alleged representation of Edwards.

4.      On June 28, 2006, I also received a letter from Mr. Francis, on behalf of Heller, a true and accurate copy of which is attached hereto as Exhibit B (the "June 28 Letter"). In the June 28 Letter, Heller demands that I immediately transfer all EAP&D records, documents, client files, time and billing entries and correspondence arising out of or concerning EAP&D's representation of Indy Edwards. Heller purports to make the demand as "Edwards attorney-in-fact." Heller also explains that it has requested that EAP&D withdraw as counsel for NUFIC and encloses a copy of the June 27 Letter.

5.      On June 29, 2006, I received a subpoena from Heller commanding me to appear at the offices of Sullivan & Worcester, LLP in Boston, Massachusetts on July 12, 2006 and also commanding me to produce and permit inspection and copying of documents listed on an exhibit attached thereto (the "Subpoena"). Each of the document requests attached to the Subpoena relate to my firm's and my representation of MHCS. A true and accurate copy of the Subpoena is attached hereto as Exhibit C.

6.      Prior to the commencement of the instant litigation, MHCS filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Massachusetts. MCHS later converted its bankruptcy reorganization to a Chapter 7 liquidation proceeding. Neither my firm nor I, however, have received any form of authorization or other documentation from the bankruptcy trustee in those proceedings authorizing us to disclose privileged and or work-product information.

BOS_BOS_544342_1.DOC/SMORRIS

7.      Likewise, no form of authorization or other documentation was submitted to either my firm or me establishing Mr. Francis' capacity to act as Edwards' "attorney-in-fact," nor did we receive any signed request from Edwards.

8.      Neither my firm nor I ever represented Edwards in any capacity and do not possess any client files regarding Edwards.  On July 10, 2006, I sent a response to Mr. Francis' June 27 request for Indy Edwards' client file indicating that because I did not represent Indy Edwards, I had no client files with respect to her.  A true and accurate copy of my July 10 letter is attached hereto as Exhibit D.

9.      At no time during the course of my representation of MHCS did I ever advise MHCS with respect to the underlying Heller Litigation, which allegedly resulted in the instant litigation.

10.      At no time during the course of my representation of MHCS did I ever advise MHCS or any party to the Heller Litigation with respect to any coverage issues under Directors and Officers Insurance and Company Reimbursement Policy, Policy No. 873-87-52 (the "Policy"), issued by Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("NUFIC") arising out of or related to the Heller Litigation.

11.      Upon information and belief, it is my understanding that Greg Aceto of Johnson & Aceto LLP represented Edwards in connection with coverage issues under the Policy and related to the Heller Litigation.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 11th DAY OF JULY, 2006.

Madeleine Estabrook

BOS_BOS_544342_1.DOC/SMORRIS

## CERTIFICATE OF SERVICE

I, Joey H. Lee, hereby certify that on this 11th day of July, 2006, that the Affidavit of Madeleine Estabrook, which was electronically filed through the ECF system, will be sent electronically to all attorneys of record for Plaintiffs GE HFS Holdings, Inc., f/k/a Heller Healthcare Finance, Inc. and Michael Ingoldsby on July 11, 2006.

/s/ Joey H. Lee
Joey H. Lee (BBO# 663803)
EDWARDS ANGELL PALMER
   & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
Tel: (617) 239-0100
Fax: (617) 227-4420

**EXHIBIT A**



Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T  617 338 2800
F  617 338 2880
www.sandw.com

June 27, 2006

John D. Hughes, Esq.
Edwards Angell Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA  02199

Re:    GE HFS Holdings, Inc. ("Heller") v. National Union Fire Insurance Co.
       ("National Union") U.S.D.C. District of MA Civil Action No. 05-11127-NG

Dear John:

Pursuant to Massachusetts Rules of Professional Conduct Rule 1.9 and Rule 1.10, I am
writing to request that your firm withdraw as counsel to defendant National Union Fire
Insurance Company of Pittsburgh, P.A. in the above action, due to your firm's prior
representation of both Indy Edwards and Managed Health Care Systems, Inc. ("MHCS").

Specifically, Madeleine Estabrook of your firm represented Ms. Edwards during, at least, the
first half of 2002, when Ms. Edwards was attempting to acquire the assets of MHCS. It was
during that same period of time when Ms. Edwards' negligent misrepresentations came to
light which gave rise to Ms. Edwards making a claim against the Directors and Officers
Policy issued by National Union. It was also at this time that, MHCS' bankruptcy was
converted from a Chapter 11 reorganization to a Chapter 7 liquidation. Both of these
events are at the very heart of the present matter.

In addition, your firm was for many years general counsel to MHCS and, in fact, apparently
advised MHCS in its negotiation of its DIP Financing with Heller, and may have even advised
MHCS and Ms. Edwards on entering into and making claims under the very Directors and
Officers Insurance Policy issued by National Union that is at issue in this matter.

Moreover, your firm sought and received permission from the Bankruptcy Court to be
special counsel to MHCS during its Chapter 11 bankruptcy case.

The vast scope of your firm's representation of MHCS and your firm's representation of Ms.
Edwards only recently came to light for Heller through discovery in this matter. However,
your firm must have known from the inception of its involvement in this action of the
inappropriateness of representing National Union in this dispute.

In addition to requesting your firm's immediate withdrawal from this matter, we request
that Ms. Estabrook, yourself and any other attorneys at your firm who have represented Ms.
Edwards, MHCS and/or National Union in the past, provide affidavits describing any and all
confidential attorney/client information of Ms. Edwards and/or MHCS which has been
provided to National Union in connection with the matter.

{B0528936; 1}
BOSTON   NEW YORK   WASHINGTON, DC

John D. Hughes
Page 2
June 27, 2006

I respectfully request that I receive a response to this letter by July 7, 2006. At that time, should this not be resolved, we will seek appropriate relief from the Court.

Respectfully,

Jeffrey E. Francis

Direct line: 617 338 2993
jfrancis@sandw.com

JEF:jp

cc:    Gregory J. Aceto, Esq.
       Richard E. Helfetz, Esq.
       Mary-Pat Cormier, Esq.
       Gayle P. Ehrlich, Esq.

**EXHIBIT B**



Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T 617 338 2800
F 617 338 2880
www.sandw.com

June 28, 2006

**By Facsimile and Overnight Mail**

Madeline Estabrook, Esq.
Edwards Angell Palmer & Dodge LLP
101 Federal Street
Boston, MA 02110

Re:     GE HFS Holdings, Inc. ("Heller") v. National Union Fire Insurance Co.
        ("National Union") U.S.D.C. District of MA Civil Action No. 05-11127-NG

Dear Ms. Estabrook:

I am writing as counsel to GE HFS Holdings, Inc. ("Heller") which is the assignee of all
claims of Indy Edwards against Directors & Officers Insurance Policy No. 873-87-52 which
was issued by National Union Fire Insurance Co. of Pittsburgh, PA. ("National Union"). Ms.
Edwards has also appointed Heller to act as her attorney-in-fact.

Heller, as Ms. Edwards attorney-in-fact, hereby demands that you immediately transfer all
of your firm's records, documents, client files, time and billing entries and correspondence
arising out of or concerning your firm's representation of Ms. Edwards to me.

Please also be advised that, pursuant to Massachusetts Rules of Professional Conduct, Rule
1.9 and 1.10, we have requested by letter dated June 27, 2006, that your firm withdraw as
counsel to National Union in the above-referenced litigation due to your firm's prior
representation of both Ms. Edwards and Managed Health Care Systems, Inc. For your
convenience, I have enclosed a copy of that letter.

If you have any question or concerns, please feel free to contact me directly.

Respectfully,

Jeffrey E. Francis

Direct line: 617 338 2993
jfrancis@sandw.com

JEF:jp

cc:     Indy Edwards

**EXHIBIT C**

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS



|  |  |
|---|---|
| GE HFS HOLDINGS, INC., <br> *formerly known as* <br> HELLER HEALTHCARE FINANCE, INC., <br> Plaintiff, <br><br> *vs.* <br><br> NATIONAL UNION FIRE INSURANCE <br> COMPANY OF PITTSBURGH, PA., <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-11128 NG <br> ) <br> ) <br> ) <br> ) <br> ) |

TO:    Madeleine Estabrook, Esq., Edwards Angell Palmer & Dodge, 101 Federal Street,
        Boston, Massachusetts 02110

YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

| X | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. |
|---|---|

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Sullivan & Worcester LLP, One Post Office Square, Boston, <br> Massachusetts 02109 | July 12, 2006  at 10:00 a.m. |

| X | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified <br> below (list documents or objects):  Please see attached Exhibit A. |
|---|---|

| PLACE | DATE AND TIME |
|---|---|
| Sullivan & Worcester LLP, One Post Office Square, Boston, <br> Massachusetts 02109 | July 7, 2006 at 10:00 a.m. |

|  | YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. |
|---|---|

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    Attorney for Plaintiff | DATE <br> June 29, 2006 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
| Jeffrey E. Francis              BBO: 639944 | |

SULLIVAN & WORCESTER LLP, One Post Office Square, Boston, MA 02109 (617) 338-2800

(See Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) on Reverse)

{B0532323; 1}

## SCHEDULE A

### Definitions

A. The term "National Union Fire Insurance Company of Pittsburgh, PA." or "National Union" as used herein means the National Union Fire Insurance Company of Pittsburgh, PA. and includes its parent, predecessors, subsidiaries, and affiliates, if any, its officers, directors, employees, agents, and attorneys, and any and all other person acting for or on its behalf.

B. The term "Heller" as used herein means plaintiff GE HFS Holdings, Inc., formerly known as Heller Healthcare Finance, Inc. and includes its parent, predecessors, subsidiaries, and affiliates, if any, its officers, directors, employees, agents, and attorneys, and any and all other person acting for or on its behalf.

C. The term "E&A" as used herein means Edwards Angell Palmer & Dodge LLP and includes its parent, predecessors, subsidiaries, and affiliates, if any, its officers, directors, employees, agents, and attorneys, and any and all other person acting for or on its behalf.

D. The term "MHCS" as used herein means Managed Health Care Systems, Inc. and includes its parent, predecessors, subsidiaries, and affiliates, if any, its officers, directors, employees, agents, and attorneys, and any and all other person acting for or on its behalf.

E. The term "Edwards" as used herein means Indy Edwards and her employees, agents and attorneys, and any and all other person acting for or on her behalf.

F. The term "Jones" as used herein means Pamela Jones and her employees, agents and attorneys, and any and all other person acting for or on her behalf.

G. The term "Ingoldsbys" as used herein means Michael and/or Mary Lee Ingoldsby and their employees, agents and attorneys, and any and all other person acting for or on her behalf.

{B0532347; 1}

H. The term "Estabrook" as used herein means Madeleine Estabrook and her employees, agents, attorneys, present or former law partners and any and all other persons acting for or on her behalf.

I. The term "International" as used herein means International Insurance Group LTD and includes its parent, predecessors, subsidiaries, and affiliates, if any, its officers, directors, employees, agents, and attorneys, and any and all other person acting for or on its behalf.

J. The term "D&O Policy" as used herein means the Directors and Officers Insurance Policy bearing policy number 873-87-52 with an effective date of August 4, 2001 to August 4, 2002 which was a renewal of policy number 473-16-30.

K. The term "D&O Litigation" means the lawsuit in the United States Federal District Court for the District of Massachusetts entitled Heller Healthcare Finance, Inc. v. Michael Ingoldsby, Mary Lee Ingoldsby, Pamela Jones and Indy Edwards, Civil Action No. 02-11553NG.

L. The term the "MHCS Bankruptcy Case" means the bankruptcy proceedings in the United States Bankruptcy Court for the District of Massachusetts entitled In re Managed Health Care Services, Inc., Bankruptcy Petition No. 01-11346.

M. The term "Document" is used herein in its customary broad sense to include without limitation the following items, whether printed or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes, letters, correspondence, communications, telegrams, telecopied materials, telex materials, electronic mail, voice mail, memoranda, summaries and other records of telephone conversations, diaries, reports, notebooks, charts, plans, drawings, photographs, minutes or records of meetings, including directors' meetings, reports or summaries of

- 2 -

{B0532347; 1}

interviews, reports or summaries of investigations, opinions or reports of consultants, opinions of

counsel, agreements, reports or summaries of negotiations, brochures, pamphlets,

advertisements, circulars, press releases, drafts of documents, and all material fixed in any

tangible medium, including computers, of whatever kind known and/or in the possession,

custody and control of Estabrook. **This definition expressly encompasses all computer**

**information or data of any kind, in any form or medium including, but not limited to, data**

**stored in software or hardware, on client/server, network, open or other platform, system**

**or other computer arrangement, whether located on or off-site.**

N.  The term "Concerning" means relating to, respecting, referring to, summarizing,

digesting, embodying, reflecting, establishing, intending to establish, intending not to establish,

evidencing, comprising, connected with, commenting on, responding to, disagreeing with,

showing, describing, analyzing, representing, recording, discussing, mentioning, noting,

memorializing, constituting or including.

O.  The term "third-party" means any person, entity, joint venture, association,

partnership, company, or corporation other than the plaintiff or defendant.

P.  The terms "and" and "or" and "and/or" are used herein in their general conjunction

sense, and are not intended to limit the scope of any request; these terms are to be construed

broadly as allowed by law.

### Requests

1.  All Documents Concerning any written or oral communications between Estabrook

and/or E&A, on the one hand, and MHCS on the other hand.

2.  All Documents Concerning any written or oral communications between Estabrook

and E&A concerning MHCS.

- 3 -

{B0532347; 1}

3.   All Documents Concerning any written or oral communications between Estabrook and E&A concerning Jones.

4.   All Documents Concerning any written or oral communications between Estabrook and E&A concerning Ingoldsby.

5.   All Documents Concerning any written or oral communications between Estabrook and E&A concerning International.

6.   All Documents Concerning any written or oral communications between Estabrook and E&A concerning the D&O Policy.

7.   All Documents Concerning any written or oral communications between Estabrook and E&A concerning the D&O Litigation.

8.   All Documents Concerning any written or oral communications between Estabrook and E&A concerning National Union.

9.   All Documents Concerning any written or oral communications between Estabrook and/or E&A, on the one hand, and Jones, on the other hand.

10.   All Documents Concerning any written or oral communications between Estabrook and/or E&A, on the one hand, and Ingoldsby, on the other hand.

11.   All Documents Concerning any written or oral communications, on behalf of or as counsel to MHCS, between Estabrook and/or E&A, on the one hand, and National Union, on the other hand.

12.   All Documents Concerning any written or oral communications, on behalf of or as counsel to MHCS, between Estabrook and/or E&A, on the one hand, and International, on the other hand.

- 4 -

13.   All Documents Concerning any written or oral communications, on behalf of or as counsel to MHCS, between Estabrook and/or E&A, on the one hand, and Heller, on the other hand.

14.   All Documents Concerning any written or oral communications between Estabrook and/or E&A, on the one hand, and National Union, on the other hand, Concerning or containing information received pursuant to or received in anticipation of Estabrook and/or E&A's representation of MHCS.

15.   All Documents Concerning any written or oral communications between Estabrook and/or E&A, on the one hand, and National Union, on the other hand.

16.   All Documents Concerning any contract, agreement or understanding, whether oral or written, between National Union, on the one hand, and MHCS, on the other hand.

17.   All Documents Concerning any written or oral communications between Estabrook and/or E&A, on the one hand, Heller, on the other hand.

18.   All Documents Concerning the legal representation of MHCS.

19.   All Documents Concerning the attorney/client relationship between Estabrook and/or E&A, on the one hand, and MHCS, on the other hand.

20.   All Documents Concerning the MHCS Bankruptcy Case.

21.   All Documents Concerning the D&O Policy.

22.   All Documents Concerning the negotiation of the D&O Policy with National Union.

23.   All Documents, including account statements, Concerning MHCS's dealings with National Union and/or International.

24.   All Documents Concerning MHCS' application for the D&O Policy or any other insurance policy.

- 5 -

{B0532347; 1}

25.  All Documents Concerning the time entries, billing records and account statements of Estabrook and/or E&A for services rendered to MHCS.

26.  All Documents Concerning any written or oral communications between Estabrook and/or E&A, on the one hand, and MHCS, on the other hand, concerning the D&O Litigation or the negligent misrepresentations giving rise to the D&O Litigation.

27.  All Documents Concerning the Directors and Officers Policy bearing policy number 473-16-30 which was issued by National Union.

28.  All Documents Concerning the negotiation, on behalf of or as counsel to MHCS, of any financing, loans, contracts or other agreements, whether oral or written, with Heller.

{B0532347; 1}

**EXHIBIT D**

# EDWARDS ANGELL PALMER & DODGE LLP

101 Federal Street  Boston, MA 02110  617.439.4444  *fax* 617.439.4170  eapdlaw.com

Madeleine A. Estabrook

617.951.3349
*fax* 888.325.9661
mestabrook@eapdlaw.com

July 10, 2006

**VIA FACSIMILE (617-338-2880)**
**AND FIRST CLASS MAIL**

Jeffrey E. Francis, Esq.
Sullivan & Worcester
One Post Office Square
Boston, MA 02109

> Re:   **GE HFS Holdings, Inc. ("Heller") v. National Union Fire Insurance Co.**
> **("National Union") U.S.D.C. District of MA Civil Action No. 05-11127-NG**

Dear Mr. Francis:

This responds to your letter of June 28, 2006, requesting all of Edwards Angell Palmer & Dodge, LLP's records, documents, client files, time and billing entries and correspondence arising out of or concerning "your firm's representation of Ms. Edwards." This demand is made by GE HFS Holdings, Inc. ("Heller") as Ms. Edwards "attorney in fact." No form of authorization or other documentation was submitted establishing Heller's capacity to act as Ms. Edwards "attorney in fact," nor did this office receive any signed request from Ms. Edwards.

Notwithstanding the above, please be advised that this office did not represent Ms. Edwards, but rather represented Managed Health Care Systems, Inc. As a consequence, I am not in possession of any client files regarding Ms. Edwards. With respect to the correspondence enclosed with your letter, I believe that Stephen Prignano of this office has already responded to your firm's request that EAP&D withdraw from the National Union litigation. As you know, I am not involved in that litigation and have played no role in it whatsoever.

Thank you for your attention to this matter.

Very truly yours,

Madeleine A. Estabrook