UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GE HFS HOLDINGS, INC., f/k/a HELLER HEALTHCARE FINANCE, INC., <br><br> Plaintiff, <br><br> And <br><br> MICHAEL INGOLDSBY, <br><br> Intervenor/Plaintiff, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and INTERNATIONAL INSURANCE GROUP, LTD., <br><br> Defendants. | Civil Action No. 05-CV-11128-NG |

**MEMORANDUM OF LAW IN SUPPORT OF
THE MOTION OF MADELEINE ESTABROOK, ESQ.
AND DEFENDANT NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA. TO
QUASH SUBPOENA AND/OR FOR A PROTECTIVE ORDER**

**INTRODUCTION**

Pursuant to FED. R. CIV. P. 45(c), Madeleine Estabrook, Esq. ("Estabrook") of Edwards Angell Palmer & Dodge LLP ("EAP&D") and Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("NUFIC") hereby move to quash the Subpoena addressed to Estabrook, dated June 29, 2006 (the "Subpoena"), on the grounds that (1) the Subpoena seeks confidential and privileged attorney-client information in connection with Estabrook's prior, unrelated representation of a non-party to this litigation; and (2) the Subpoena is interposed

merely to harass Estabrook and the Defendant in this action, NUFIC, through the pursuit of a meritless claim that EAP&D should be disqualified as NUFIC's counsel. A true and accurate copy of the Subpoena is attached to the Affidavit of Madeleine Estabrook ("Estabrook Aff.") as Exhibit C.

## FACTUAL BACKGROUND

This matter arises out of GE HFS Holdings, Inc. f/k/a/ Heller Healthcare Finance, Inc.'s ("Heller") attempt to depose Estabrook, an attorney for Managed Health Care Systems, Inc. ("MHCS") from 1996 to May 2002, who also serves in the position of Counsel at EAP&D. (Affidavit of Madeleine Estabrook ("Estabrook Aff.") at ¶¶1-2). Recently, counsel for Heller requested that EAP&D withdraw as counsel to NUFIC in this action. (Id. at ¶¶3-4). Heller claims that Estabrook's representation of MHCS and alleged representation of Indy Edwards ("Edwards"), the President and Chief Operating Officer of MHCS, creates an impermissible conflict. (Id.) Neither MHCS nor Edwards are parties to this litigation. Moreover, contrary to the assertions of Heller, Estrabrook did not represent Edwards. (Id. at ¶8).[1]

Heller brought the current action against NUFIC as an assignee of Edwards and Pamela Jones ("Jones"), the Vice President and Chief Financial Officer of MHCS. This case involves a dispute over coverage for Jones and Edwards under a Directors and Officers Insurance and Company Reimbursement Policy, Policy No. 873-87-52 (the "Policy"), issued by NUFIC to MHCS. Jones and Edwards were among the officers and directors insured under the Policy. The Policy covered the period from August 4, 2001 to August 4, 2002.

On August 1, 2002, Heller commenced a lawsuit in the United States District Court for the District of Massachusetts entitled Heller Healthcare Finance, Inc. v. Michael Ingoldsby,

---

[1] Estabrook has no involvement in either the instant litigation or the earlier Heller litigation, described *infra*. Rather, the undersigned counsel represent NUFIC in this matter.

Mary Lee Ingoldsby, Pamela Jones and Indy Edwards, Civil Action No. 02-11553-NG (the "Heller Litigation"). The Complaint in that action alleges that Jones and Edwards, among others, failed to prepare borrowing base certificates that represented the eligible Medicaid, Medicare and other receivables of MHCS. The Complaint alleged that Jones and Edwards were obligated to prepare those borrowing base certificates under the terms of a $3,000,000 Revolving Credit Loan between Heller and MHCS (the "Loan").

Count I of the Complaint in the Heller Litigation alleged negligent misrepresentation against Jones, Edwards and Michael Ingoldsby, the Chairman of the Board of MHCS. Specifically, Heller alleged that these individual defendants provided false information regarding MHCS's Medicare receivables in order to obtain the financing for MHCS under the Loan. Heller claimed damages of over $1.3 million on the negligent misrepresentation claim. MHCS was not named in the Complaint.

Upon initiation of the Heller Litigation, the individual defendants provided NUFIC notice of the suit and demanded that it accept coverage for the claims and the associated defense costs. NUFIC denied coverage for the litigation and associated defense costs based on the Policy's contractual liability exclusion, and the insureds provided their own defense in the Heller Litigation.

On January 6, 2004, Edwards filed with this Court initial disclosures in the underlying Heller Litigation and served them upon Heller ("Edwards' Initial Disclosures"). A true and accurate copy of these disclosures is attached to this Memorandum as Exhibit A. Those disclosures clearly identified Estrabrook as outside counsel for MHCS and accurately described the scope of her representation:

11. <u>Outside Counsel to Managed Health Care Systems, Inc.</u>

>Madeleine Estabrook, Esq.
>Formally of Edwards & Angell, LLP
>
>Ms. Estabrook was outside counsel for MHCS, and as such has relevant knowledge of the general business of MHCS, the general course of the contractual relationship between Heller and MHCS, and communications between representatives of Heller and MHCS, having been present at certain meetings and conferences. Additionally, Ms. Estabrook has information regarding negotiations between Ms. Edwards and representatives of Heller relating to a buyout of MHCS.

Exhibit A.

In December 2004, Jones and Edwards settled the Heller Litigation with Heller and agreed to a consent judgment in the amount of $1,401,553.69, which was entered by the court. Pursuant to the terms of the parties' settlement agreement, Jones and Edwards unconditionally transferred, assigned and conveyed to Heller any and all claims or causes of action that they had against NUFIC, individually, for failing to provide coverage for the Heller Litigation.

On May 31, 2005, Heller as the assignee of Jones and Edwards brought this action against NUFIC, alleging that NUFIC breached its insurance contract with the insureds by failing to provide coverage under the Policy. Heller further alleges that NUFIC breached the implied covenant of good faith and fair dealing, as well as committed a violation of Mass. Gen. L. ch. 93A, by refusing to provide coverage to Jones and Edwards under the Policy.

On June 27, 2006, over a year and a half after Edwards' Initial Disclosures were filed, counsel for Heller sent a letter to EAP&D requesting that it withdraw as counsel for NUFIC in this action. (Estabrook Aff. at Exhibit 3). In that letter, Heller asserted, for the first time, a conflict under Rule 1.9 and Rule 1.10 of the Massachusetts Rules of Professional Conduct based on Estabrook's former representation of MHCS and alleged representation of Edwards. (<u>Id.</u>).

On June 28, 2006, Heller sent Estabrook a letter demanding that she immediately transfer all EAP&D records, documents, client files, time and billing entries and correspondence arising out of or concerning EAP&D's representation of Edwards. (Estabrook Aff. at Exhibit 4). Heller purported to make that demand as "Edwards attorney in-fact." (Id.). Heller explained that it had requested that EAP&D withdraw as counsel for NUFIC and enclosed a copy of his June 27, 2006 letter to John D. Hughes. (Id.).

Estabrook, however, never represented Edwards in any capacity, and responded to Heller's request indicating that she had no client files with respect to Edwards. (Estabrook Aff. at ¶8). As noted in Edwards' own Initial Disclosures, Estabrook represented only MHCS as its outside counsel. Estabrook, moreover, did not represent MHCS with respect to any coverage issues arising out of the Policy that are at issue in this litigation. (Id. at ¶2). Instead, Greg Aceto of Johnson & Aceto, LLP separately represented Edwards in connection with those coverage matters. (Id. at ¶11).

## ARGUMENT

Despite learning about Estabrook's representation of MHCS as early as January 2004, Heller only now seeks to depose her for the purpose of challenging EAP&D's representation of NUFIC. Heller seeks this discovery despite the fact that it has not filed a motion to disqualify EAP&D. In seeking this deposition, Heller apparently intends to delve into intimate details about the attorney-client relationship between Estabrook and MHCS. That information is clearly protected by the attorney client privilege and work product doctrine and Heller's Subpoena and notice of deposition should be quashed. Furthermore, given Heller's longstanding knowledge of Estabrook's representation of MHCS, Heller's belated assertion of conflict (upon which the

Subpoena is based) can only be viewed as a means of gaining a tactical advantage in this litigation.

## I. The Subpoena Seeks Confidential and Privileged Information and Should Be Quashed

The Court should quash the Subpoena because it seeks confidential and privileged information specific to Estabrook's representation of MHCS. Rule 45(c)(3) confers upon the court by which a subpoena is issued both mandatory and discretionary powers to quash or modify a subpoena. FED. R. CIV. P. 45(c)(3)(A). Specifically, Rule 45(c)(3)(A) requires that a court quash or modify a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies." FED. R. CIV. P. 45(c)(3)(A)(iii). Under these circumstances, the Subpoena must be quashed or modified. Unlike other provisions found in Rule 45(c)(3)(B), this power is mandatory when a subpoena seeks privileged or other protected matter and no exception or waiver applies.

It is obvious from the document requests attached to the Subpoena that Heller plans to delve into clearly privileged communications and attorney work product during Estabrook's deposition. All twenty-eight requests seek information concerning Estabrook's representation of MHCS. It would be impossible for Estabrook to testify on the topics covered by these requests without being forced to violate the attorney-client privilege and work product doctrine. For example, Request No. 1 seeks all written or oral communication between Estabrook and MHCS. Most if not all of Estabrook's communications with her client will obviously be subject to the attorney client privilege. Likewise, Request No. 2 seeks all written or oral communications between Estabrook and EAP&D concerning MHCS. EAP&D's internal communications regarding its clients are clearly confidential.

BOS_544173_1/SMORRIS

Heller's most blatant disregard for the attorney-client privilege and attorney work product doctrine, however, appears in its open ended request for all documents concerning Estabrook's legal representation of MHCS. Request No. 18 seeks "[a]ll documents concerning the legal representation of MHCS." Likewise, Request No. 19 seeks "[a]ll documents concerning the attorney/client relationship between Estabrook and/or [EAP&D], on the one hand, and MHCS, on the other hand." It is hard to imagine how Estabrook could testify about her relationship with MHCS without violating the attorney-client privilege or work product doctrine.

In the absence of a formal waiver from MHCS, Estabrook has an obligation to resist the deposition and to protect MHCS's confidential and privileged information. Heller has made no showing that it has obtained a waiver from MHCS, nor could it. MHCS is currently in bankruptcy under Chapter 7 of Title 11 of the United States Code. Under general principles of bankruptcy law, only the bankruptcy trustee can waive MHCS's rights with respect to privilege and work product.[2] Commodity Futures Trading Comm. v. Weintraub, 471 U.S. 343, 353 (1985) (Once a corporation files for bankruptcy, the trustee performs most management functions and thus it is only the trustee that has the right to waive the attorney-client privilege.). Edwards, as a former officer of MHCS, has no authority to waive those rights on behalf of MHCS once MHCS filed for bankruptcy.

---

[2] The commencement of MHCS' case in bankruptcy created an "estate", which contained all of its interests (whether legal or equitable) in property, tangible or intangible. 11 U.S.C. § 541(a); United States v. Whiting Pools, Inc., 462 U.S. 198, 203-05, 103 S.Ct. 2309, 2312-14, 76 L.Ed.2d 515 (1983). All corporate property therefore passed to the estate. Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 352-53 (1985). The estate was represented by a trustee who acted as a fiduciary for the debtor's creditors and shareholders. 11 U.S.C. §323(a); Weintraub, 471 U.S. at 355. The bankruptcy trustee assumed control and operation of the debtor's business and MHCS's directors and officers, including Edwards, were completely ousted and retained virtually no management powers. Weintraub, 471 U.S. at 353.

## II. The Subpoena Is Interposed Solely to Harass Estabrook and NUFIC and Should Be Quashed

Where a subpoena is issued primarily for the purposes of harassment, it is properly the subject of a motion to quash. See Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 66 (1st Cir. 2003) (discussing the factors to be considered in deciding to quash a subpoena directed to an opposing counsel); Mattel, Inc. v. Walking Mountain Productions, 353 F.3d 792, 814 (9th Cir. 2003) (affirming the decision to quash subpoena). In Bogosian, the Court of Appeals noted that other factors in deciding a motion to quash include the existence of alternative sources from which to obtain the same evidence and the extent to which the information sought is relevant, nonprivileged and crucial to the requesting party's case. Bogosian, 323 F.3d at 66.

As evidenced by Heller's June, 2006 letters to Estabrook and Hughes, the purpose of the Subpoena is to gather evidence about a theoretical conflict. Contrary to Heller's assertions in those letters, however, there very clearly is no conflict under Rule 1.9 or Rule 1.10 of the Massachusetts Rules of Professional Conduct, nor has Heller filed a motion to disqualify EAP&D. Heller's assertion regarding a conflict is premised entirely on Estabrook's alleged former representation of Edwards and/or MHCS. Manifestly, neither Edwards nor MHCS are parties to the instant litigation. Moreover, Heller's letters do not allege, nor could they, that Estabrook's alleged former representation of MHCS had anything to do with the insurance coverage issues being litigated in this case. (Estabrook Aff. at ¶¶3-4). In fact, Estabrook never represented Edwards, and did not provide advice to either Edwards or MHCS on insurance coverage issues. (Estabrook Aff. at ¶¶8-10). Instead, Greg Aceto of Johnson & Aceto, LLP separately represented Edwards in connection with the insurance coverage matters at issue here.

Heller's assertion of conflict, therefore, is baseless and does not provide grounds for conducting a deposition of Estabrook on subjects that are protected by the attorney client and

work product privileges. Moreover, Heller's Subpoena is not designed to lead to discoverable information with respect to the merits of the instant litigation. Even if the Subpoena did not seek privileged information – which it does – the Subpoena and the requests attached thereto are overbroad and no attempt has been made to draft requests that are designed to lead to the discovery of relevant or admissible information with regard to the insurance coverage matters that are at issue here.

Moreover, dilatory motions to disqualify opposing counsel are viewed by Massachusetts courts with extreme skepticism. The Massachusetts Supreme Judicial Court has ruled that "disqualification, as a prophylactic device for protecting the attorney-client relations, is a drastic measure which courts should hesitate to impose except when absolutely necessary." In re: Adoption of Erica, 426 Mass. 55, 58, 686 N.E.2d 967 (1997). Massachusetts courts have recognized that "motions to disqualify can be used as dilatory and harassing litigation tactics that disrupt the efficient administration of justice." G.D. Mathews & Sons Corp. v. MSN Corp., 54 MassApp.Ct. 18, 763 N.E.2d 93 (2002) (motion to disqualify allowed because there was no undue delay). Massachusetts courts, therefore, "frown upon inexplicably late motions to disqualify, often viewing such maneuvers as evidence of dilatory behavior." Donahue v. Heritage Property Investment Trust, Inc., No. 03-P-303, 2004 WL 1562810, at *2 (Mass. App. Ct., July 13, 2004); see, also National Medical Care, Inc. v. Home Medical of America, Inc., No. 00-1225, 2002 WL 31068413, at *8 (Mass. Super. Sept. 12, 2002) (Undue delay was an alternative reason to deny motion to disqualify under Rule 1.9 of the Massachusetts Rule of Professional Conduct).

Although Heller claims that the nature of Estabrook's representation of Edwards and MHCS "only recently came to light for Heller through discovery in this matter," nothing could

BOS_544173_1/SMORRIS

be further from the truth. Heller was a party to the underlying litigation between Heller and Edwards, among others, which was commenced in 2002. On January 6, 2004, Edwards filed its initial disclosures in that litigation which clearly identified Estabrook and her representation of MHCS. Despite this explicit disclosure, Heller waited over a year and a half before raising the issue of disqualification. Curiously, Heller's assertion of a conflict follows closely on the heels of recent discovery requests served on Heller by NUFIC on June 21, 2006.

Indeed, given Heller's longstanding knowledge of Estabrook's representation, one can only conclude that Heller's belated assertion of a conflict is designed to gain a tactical advantage in this litigation. Such tactics should not be permitted by this Court and Heller's Subpoena should be quashed.

## CONCLUSION

For the reasons contained in this Memorandum of Law and the Affidavit of Madeleine Estabrook, Estabrook and NUFIC request that this Court issue an Order pursuant to Rule 45(c)(3)(A) quashing the Subpoena.

MADELEINE ESTABROOK AND
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

By their attorneys,

Dated: July 11, 2006

/s/ Joey H. Lee
John D. Hughes (BBO# 243660)
Mary Patricia Cormier (BBO# 635756)
Joey H. Lee (BBO# 663803)
EDWARDS ANGELL PALMER
  & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
Tel: (617) 239-0100
Fax: (617) 227-4420

## CERTIFICATE OF SERVICE

I, Joey H. Lee, hereby certify that on this 11th day of July, 2006, that the Memorandum of Law in Support of the Motion of Madeleine Estabrook and National Union Fire Insurance Company of Pittsburgh, Pa. to Quash Subpoena and/or for Protective Order, which was electronically filed through the ECF system, will be sent electronically to all attorneys of record for Plaintiffs GE HFS Holdings, Inc., f/k/a Heller Healthcare Finance, Inc. and Michael Ingoldsby on July 11, 2006.

/s/ Joey H. Lee
Joey H. Lee (BBO# 663803)
EDWARDS ANGELL PALMER
  & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
Tel: (617) 239-0100
Fax: (617) 227-4420