UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GE HFS HOLDINGS, INC., *formerly known as* HELLER HEALTHCARE FINANCE, INC., Plaintiff, and MICHAEL INGOLDSBY, Intervenor Plaintiff, v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. and INTERNATIONAL INSURANCE GROUP, LTD. Defendants. | Civil Action No. 05-CV-11128 NG |

**ASSENTED TO REQUEST FOR CONTINUANCE OF DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Plaintiff-Intervenor Michael Ingoldsby, and pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, hereby requests that this Court issue a continuance of the motion for summary judgment filed by Defendant National Union Fire Insurance Company of Pittsburgh, PA, ("National Union") and adopt the briefing schedule agreed to by the parties. In support hereof, the Plaintiff-Intervenor Michael Ingoldsby ("Ingoldsby" or "Plaintiff-Intervenor") states as follows:

1. On or about June 27, 2006, National Union filed its Motion for Summary Judgment Against Intervenor-Plaintiff Michael Ingoldsby.

2. Further discovery is vital to the Plaintiff-Intervenor's Opposition to Summary Judgment.

3. Specifically, the Plaintiff-Intervenor needs a continuance in order to pursue, at the very least, the Rule 30(b)(6) Deposition of National Union.

4. Specifically, the Plaintiff-Intervenor wished to question representatives of National Union about the policy at issue and the factual background surrounding the application of the contractual liability exclusion upon which National Union's relies to deny coverage.

5. The Plaintiff-Intervenor believes that further discovery on these issues is likely to establish controverting evidence as to material facts contained in National Union's motion, particularly with regard to the interpretation and application of the contractual liability exclusion.

6. Further, the Plaintiff-Intervenor believes that the above-referenced deposition may uncover evidence that suggests that the contractual liability exclusion upon which National Union relies was not intended to apply to the underlying claim for which the Plaintiff-Intervenor has sought coverage.

7. The Rule 30(b)(6) Deposition of National Union Fire Insurance Company of Pittsburgh, PA ("National Union") was originally noticed for April 25, 2006.

8. On or about April 20, 2006, counsel for the Plaintiff-Intervenor received email correspondence from counsel for National Union requesting that the Rule 30(b)(6) Deposition of National Union be postponed pending the mediation then scheduled for May 4, 2006. Counsel for the Plaintiff-Intervenor agreed to

       postpone the above-referenced deposition and subsequently re-noticed it for May 18, 2006.

9. On or about May 11, 2006, counsel National Union again requested that the Rule 30(b)(6) Deposition of National Union be continued until after the mediation re-scheduled for May 19, 2006.

10. Counsel for National Union represented that it was hopeful that the case would settle at mediation and, based on these representations with regard to settlement, counsel for the Plaintiff-Intervenor agreed to postpone the deposition.

11. The parties attended mediation in this matter on May 19, 2006. The case, however, was not resolved.

12. Although the deposition was rescheduled for June 8, 2006, counsel for the Plaintiff-Intervenor was forced to continue it when a trial in another matter proceeded longer than anticipated.

13. At the status conference held on or about May 2, 2006, the Court (Dein, J.) adopted the schedule proposed by the parties in this matter. Pursuant to the Order, all fact discovery is to be completed by September 30, 2006 and motions for summary judgment filed by January 31, 2007.

14. This request is not made for purposes of delay, will not prejudice any party herein and will serve to further the interests of justice.

15. All parties have assented to this motion.

16. Counsel for the Plaintiff-Intervenor and counsel for National Union have also agreed that the Rule 30(b)(6) deposition of National Union will be held on a

mutually agreeable date at least two (2) weeks prior to the date for filing oppositions to summary judgment.

17. The parties have agreed to the following briefing schedule:

| Event | Deadline |
|---|---|
| Opposition to Summary Judgment Filed | September 1, 2006 |
| Reply to Opposition Filed | September 15, 2006 |

WHEREFORE, the Plaintiff-Intervenor respectfully requests that the Court continue the motion for summary judgment filed by Defendant National Union and adopt the briefing schedule set forth herein.

Respectfully submitted,

MICHAEL INGOLDSBY,
By his attorney,

/s/ Gregory J. Aceto
Gregory J. Aceto, Esq. (BBO# 558556)
JOHNSON & ACETO, LLP
67 Batterymarch Street, Ste. 400
Boston, MA 02110
617-728-0888
Aceto@JohnsonAceto.com

Respectfully submitted,

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.
By its attorneys,

/s/ John D. Hughes
John D. Hughes (BBO # 243660)
Mary Patricia Cormier (BBO # 635756)
EDWARDS ANGELL PALMER &
DODGE LLP
111 Huntington Avenue
Boston, MA 02199
(617) 439-4444
mcormier@eapdlaw.com

4

| | |
|---|---|
| Respectfully submitted,<br>GE HFS HOLDINGS, INC.,<br>*formerly known as*<br>HELLER HEALTHCARE<br>FINANCE, INC.,<br>By its attorneys,<br><br>/s/ Jeffrey E. Francis<br>Gayle P. Ehrlich (BBO # 546861)<br>Jeffrey E. Francis (BBO # 639944)<br>SULLIVAN & WORCESTER LLP<br>One Post Office Square<br>Boston, Massachusetts 02109<br>(617) 338-2800<br>jfrancis@sandw.com | Respectfully submitted,<br>INTERNATIONAL INSURANCE<br>GROUP LTD<br>By its attorney,<br><br>/s/ Richard E. Heifetz<br>Richard E. Heifetz, Esq. (BBO# 229000)<br>TUCKER, HEIFETZ & SALTZMAN,<br>LLP<br>Three School Street<br>Boston, MA  02108<br>617-557-9696<br>Heifetz@ths-law.com |