UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GE HFS HOLDINGS, INC., f/k/a HELLER HEALTHCARE FINANCE, INC., <br><br> Plaintiff, <br><br> And <br><br> MICHAEL INGOLDSBY, <br><br> Intervenor/Plaintiff, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and INTERNATIONAL INSURANCE GROUP, LTD., <br><br> Defendants. | Civil Action No. 05-CV-11128-NG |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
THE MOTION OF MADELEINE ESTABROOK, ESQ.
AND DEFENDANT NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA. TO
QUASH SUBPOENA AND/OR FOR A PROTECTIVE ORDER**

In its Opposition to Defendants' Motion to Quash ("Opposition"), Plaintiff GE HFS

Holdings, Inc., f/k/a Heller Healthcare Finance, Inc. ("Heller") claims that its Subpoena to

Madeleine Estabrook ("Estabrook") merely seeks information from a percipient fact witness in

furtherance of this coverage litigation. Nothing could be further from the truth, as evidenced by

the filing yesterday of a Motion to Disqualify counsel.[1] It now appears that the real purpose of

---

[1] On Tuesday, August 2, 2006, Heller filed "GE HFS Holdings, Inc.'s Motion to Disqualify Edwards Angell Palmer & Dodge LLP As Counsel to Defendant National Union Fire Insurance Company of Pittsburgh, PA. (hereinafter "Motion to Disqualify").

the Subpoena is to comb through Estabrook's client files in search of any information that might

further Heller's claim of conflict, not as discovery of a percipient fact witness.

**I.    The Documents And Information Requested Do Not Relate To The Coverage Action.**

Two days before issuing the Subpoena, Heller sent Edwards Angell Palmer & Dodge

LLP ("EAP&D") a letter asking that it withdraw as counsel for National Union Fire Insurance

Company of Pittsburgh, PA. ("NUFIC") based on the alleged prior representation by Estabrook

of Managed Health Care Systems, Inc. ("MHCS") and Indy Edwards (neither of whom are

parties to the instant action). EAP&D refused on the basis that Estabrook's former

representation did not concern insurance coverage issues and Heller was aware of Estabrook's

representation since before this case was filed. Heller, however, chose not to file its Motion to

Disqualify at that time. Instead, it issued the Subpoena, demanding unfettered access to over six

years of client files. Heller made no attempt to narrow those requests to the topics it now claims

in its Opposition are relevant to this coverage case.

It is only now, when faced with Estabrook's obligation to protect MHCS' privileged

information, that Heller has revealed the true purpose of its Subpoena by filing its Motion to

Disqualify. That Motion, like Heller's original assertions, is based solely on information that

*Heller has had in its possession for almost five years*. Heller fails to explain why it waited until

now – over a year after this case was originally filed – to raise these conflict issues. The answer

to that question, however, is quite obvious. The Subpoena and efforts to disqualify EAP&D

come on the heels of significant discovery requests issued by NUFIC to Heller, which go to the

heart of the issues in this case. The timing of this disqualification issue, therefore, appears

clearly to relate to tactical issues rather than any genuine concern regarding a conflict.

In its Opposition, Heller disingenuously argues that the primary purpose of the Subpoena is to obtain information on three topics that it claims are relevant to the instant action: (1) the negotiation of the DIP Loan with Heller; (2) certain bankruptcy court hearings; and (3) EAP&D's appointment by the bankruptcy court. Heller completely fails to explain how Estabrook's participation as MHCS' attorney in any of these areas relates to the coverage issues being litigated here.

NUFIC asserts that coverage was properly denied in this case because the Policy excludes from coverage all claims "alleging, arising out of, based upon or attributable to any actual *or alleged* contractual liability of the Company or an Insured under any express (written or oral) contract or agreement." NUFIC Directors & Officers Insurance Policy, Policy No. 873-87-52, Exclusion 4(h) (emphasis added). NUFIC's denial of coverage, therefore, was based on contractual duties *allegedly* owed by the insureds under the DIP Loan. Heller's first area of inquiry – the negotiation of the DIP Loan – has no bearing on NUFIC's position. Those negotiations simply will not change the fact that the claim for negligent misrepresentation necessarily arose out of duties *allegedly* owed under the DIP Loan, and are therefore excluded from coverage.

Likewise, the second area of inquiry – the bankruptcy court hearings referred to in Heller's Opposition – have nothing to do with the coverage issues in the instant action. Heller provides absolutely no explanation how Estabrook's presence at these hearings relates to the policy exclusion relied on by NUFIC. Moreover, this information is readily available from other sources. Courts are reticent to require an attorney to testify when information can be obtained from other sources. See Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 66 (1st Cir. 2003) (attorney's testimony disfavored where information can be obtained from alternative sources).

BOS_546535_3/SPRIGNANO

Not only were the bankruptcy hearings public, but in addition, there is no reason to believe that Heller, as the largest creditor, or Edwards, Jones and Ingoldsby, all failed to attend those hearings. There is no justification, therefore, for requiring Estabrook's testimony concerning that information, much less the entire contents of Estabrook's MHCS client files.

Finally, Heller argues that the judgment Heller holds against Edwards relates to negligence concerning regulatory accounting, which Heller claims are "the very matters that the bankruptcy court appointed [EAP&D] to advise MHCS, Edward [sic] and Jones with respect to." Opposition, at 6. Heller fails to explain how these matters could possibly relate to the policy exclusion at issue in this case. During the bankruptcy proceedings, the bankruptcy court appointed EAP&D to provide ongoing advice to MHCS with respect to healthcare issues and to negotiate payments, rates, reimbursement and collection of amounts owed from medical insurers and third party payors, including without limitation, Blue Cross and Blue Shield. The work performed by Estabrook and EAP&D concerned advice on the laws and regulations that govern the operation of a home health agency. That work had absolutely nothing to do with insurance coverage issues, or the policy exclusion at issue here, as explained by Estabrook in her affidavit.

Moreover, if the real purpose of Heller's Subpoena was to explore these allegedly relevant issues, Heller would have narrowly tailored the documents sought to these items. It did not. Instead, following closely on the heels of its baseless assertion of a conflict, Heller impermissibly seeks disclosure of the full contents of Estabrook's privileged client files with MHCS. Given that Heller was aware of Estabrook's representation for years and failed to raise a conflict, it is readily apparent that this Subpoena – which seeks privileged attorney-client information – is a thinly disguised effort to support a tactical disqualification motion.

## II.    Estabrook Has An Obligation To Protect MHCS' Confidential And Privileged Information.

Contrary to Heller's contention in its Opposition, NUFIC and Estabrook do not seek to "step in the shoes" of MHCS in order to assert MHCS' attorney client privilege.  Instead, NUFIC and Estabrook simply point out to the Court that Estabrook has an obligation to resist the deposition and to protect MHCS' confidential and privileged information.[2]  Moreover, Edwards, as a former officer of MHCS, has not waived MHCS' attorney-client privilege, nor could she. The fact that the MHCS bankruptcy case is now closed only strengthens this contention.

MHCS' bankruptcy case was closed pursuant to 11 U.S.C. § 350(a) on April 20, 2006.  It is not disputed that the attorney-client privilege was an asset of MHCS' bankruptcy estate.  See 11 U.S.C. § 541(a); United States v. Whiting Pools, Inc., 462 U.S. 198, 203-05, 103 S.Ct. 2309, 2312-14, 76 L.Ed.2d 515 (1983).  Because this privilege was a part of MHCS' bankruptcy estate, all rights held by the debtor in the privilege were extinguished unless the privilege was abandoned back to the debtor pursuant to § 554 of the Bankruptcy Code.  See 11 U.S.C. § 554(a)-(c).  At the close of the bankruptcy case, property of the estate that is not abandoned under § 554 and that is not administered in the bankruptcy proceedings remains the property of the estate.  See 11 U.S.C. § 554(d).  Because the attorney-client privilege was not a scheduled asset of MHCS, the attorney-client privilege remains an interest in the bankruptcy estate.  See Mobility Systems & Equip. Co. v. United States, 51 Fed.Cl. 233, 236 (Fed. 2001) (citing cases); Vreugdenhill v. Navistar Int'l Transp. Corp., 950 F.2d 524, 525-26 (8th Cir.1991).  In order to now waive MHCS' attorney-client privilege, MHCS' bankruptcy would have to be reopened

---

[2]  In this regard, Heller continues to make unfounded assertions that NUFIC has access to MHCS' files.  See Opposition, 8, n. 2 ("Apparently, it is Estabrook's position that only her firm's current clients, National Union, may enjoy the benefit of MHCS' confidential information").  Neither Estabrook nor EAP&D has ever granted NUFIC access to MHCS' files.  Heller's assertions to the contrary are completely unfounded and inappropriate.

BOS_546535_3/SPRIGNANO

under 11 U.S.C. § 350(b). The bankruptcy court would have to determine whether "cause" exists to reopen the bankruptcy case and the trustee would then have to determine whether to waive the attorney-client privilege. Until such time, Edwards has no authority to waive those rights.

**III.    No Privilege Log Is Required To Quash Heller's Subpoena.**

    **A.    A Privilege Log Is Not Necessary In Response To A Subpoena Seeking Testimony.**

No privilege log is required in response to a subpoena seeking testimony with respect to privileged topics. The case cited by Heller in its Opposition, In re Grand Jury Subpoena, 274 F.3d 563, 575-76 (1st Cir. 2001), deals with a subpoena duces tecum seeking to compel the production of records, not a deposition. According to the First Circuit, the purpose of the privilege log is to provide a description of allegedly privileged *documents* to enable the demanding party to challenge the claim of privilege with respect to those *documents*. Id. A privilege log, however, cannot be used to describe Estabrook's own personal knowledge such as to enable the demanding party to challenge her claim of privilege. Such a log, therefore, is not required in connection with Heller's Subpoena seeking testimony from Estabrook.

    **B.    A Detailed Privilege Log Is Not Required Under The Circumstances Of This Subpoena.**

Heller's claim that Estabrook and EAP&D should have first submitted a privilege log before moving to quash the Subpoena with respect to the document requests is unreasonable. In In re Grand Jury Subpoena, the First Circuit recognized that there are limits on the privilege log requirement, pointing out that the party asserting the privilege need only "do the best that he reasonably can" to describe the materials to which his claim adheres. In fact, other courts have recognized that in certain circumstances, requiring a privilege log is not reasonable. See, e.g.,

Williams v. City of Dallas, 178 F.R.D. 103, 115 (N.D. Tex. 1998) (no obligation to undertake task of lodging objections to a potentially vast array of protected materials that technically fell within the scope of the subpoenas); In re Muskogee Environ. Consv. Co., 221 B.R. 536, 41 Fed. R. Serv. 3d (LCP) 255 (Bankr. N.D. Okla. 1998) (demand seeking written documents between an attorney and client that spanned a period in excess of eight years did not require privilege log to dispute).

The scope of the requests by Heller covers every aspect of Estabrook's representation for more than six years. No effort was made by Heller to narrow those requests. Estabrook and NUFIC objected on the basis of both privilege and over breadth. Requiring Estabrook to submit a detailed privilege log before objecting to those requests in these circumstances is both unreasonable and unjust. Heller waited over a year after this case was initiated and over a year and a half after Edwards first identified Estabrook in her initial disclosures before issuing this Subpoena. It then gave Estabrook *just five business days to produce six years worth of client files.*[3] Courts have consistently held that privilege cannot be waived simply because a privilege log was not provided within an unreasonable period of time. See, e.g., Tuite v. Henry, 98 F.3d 1411, 1416 (D.C. Cir. 1996) (party claiming privilege entitled to "reasonable time" in which to provide privilege log); Minnesota School Bd. Assoc. Ins. Trust v. Employers Ins. Co., 183 F.R.D.627, 629-30 (N.D. Ill. 1999) (defendant's privilege objections to subpoenas duces tecum served by plaintiff on nonparties not waived when defendant did not provide a privilege log within 14 days after the subpoenas).

---

[3] Moreover, in issuing a subpoena to a non-party, as here, Heller was under an obligation to "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." See Fed. R. Civ. Proc. 45(c)(1). The unreasonably broad scope of Heller's Subpoena, coupled with an equally unreasonably short time to respond, not only underscores the tactical nature of Heller's Subpoena, but also clearly demonstrates the utter failure on the part of Heller "to avoid imposing undue burden or expense on a person subject to that subpoena."

BOS_546535_3/SPRIGNANO

Notwithstanding the broad scope of Heller's Subpoena and the unreasonably short time for compliance, Estabrook has, in good faith, made an effort to identify generally the contents of her client files with respect to MHCS, and submit same herewith. (See Exhibit B to the Motion to File Reply).

## CONCLUSION

For the reasons set forth herein, in the original Memorandum in Support of Estabrook's and NUFIC's Motion to Quash Subpoena and/or for Protective Order, Estabrook and NUFIC request that the Court grant their Motion to Quash and/or for Protective Order.

MADELEINE ESTABROOK AND
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

By their attorneys,

Dated: August 8, 2006

/s/ Joey H. Lee
John D. Hughes (BBO# 243660)
Stephen M. Prignano (BBO# 645581)
Mary Patricia Cormier (BBO# 635756)
Joey H. Lee (BBO# 663803)
EDWARDS ANGELL PALMER
 & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
Tel: (617) 239-0100
Fax: (617) 227-4420

BOS_546535_3/SPRIGNANO

## **CERTIFICATE OF SERVICE**

I, Joey H. Lee, hereby certify that on this 8th day of August, 2006, that the Reply Memorandum in Further Support of the Motion of Madeleine Estabrook and National Union Fire Insurance Company of Pittsburgh, PA. to Quash Subpoena and/or for Protective Order, which was electronically filed through the ECF system, will be sent electronically to all attorneys of record for Plaintiffs GE HFS Holdings, Inc., f/k/a Heller Healthcare Finance, Inc. and Michael Ingoldsby.

/s/ Joey H. Lee
Joey H. Lee (BBO# 663803)

BOS_546535_3/SPRIGNANO

# EXHIBIT B

**GE HFS Holdings, Inc., et al. v. National Union Fire Insurance Co., et al.**
Civil Action No. 05-CV-11128 NG (D. Mass.)

**Index of Madeleine Estabrook Client Files**
August 2, 2006

I.    **Managed Health Care Systems - Corporate Advice**

Redwell No. 1: Corporate Advice
- File: Termination of Medicaid Information
- File: Employee Matters
- File: Managed Policies/Procedures

Redwell No. 2: Access Clause (Derby Street Lease)
- File: Access Clause (Derby Street Lease)

Redwell No. 3: Managed Health Care v. Continucare Litigation (Estabrook File)
- File: Correspondence
- File: Correspondence
- File: Correspondence
- File: Managed Health Care Systems v. Continucare Payment Agreement
- File: Managed Health Care – Continucare -- Drafts – Asset Purchase Agreement
- File: Managed Health Care – Continucare -- Letter of Intent

Redwell No. 4: Employee Theft Report to Dept of Elder Affairs and Dept of Health
- File: Employee Theft Report to Dept of Elder Affairs and Dept of Health
- File: Motion and Affidavit to Appoint E&A as Special Counsel to Bankruptcy
- File: Report to Board of Registration in Medicine re: Dr. Gorman

Redwell No. 5: Miscellaneous Notes
- File: Plans of Correction Submitted to Medicare/Medicaid re: Regulatory Survey.
- File: Miscellaneous Notes

Redwell No. 6: Notes re: Citizen Bank Loans

Redwell No. 7: 93A Response Letter re: Estate of James McLeish.

Redwell No. 8: UCC-1 Financing Statements 8/2000
- File: Managed Health Care – UCC Charts

Redwell No. 9: Miscellaneous Projects 12/2000
- File: Abandonment Issue
- File: Derby Street Lease Vol. 2
- File: Derby Street Lease Vol. 1
- File: River Bay Arrangement

- File: Management Services Agreement
- File: Miscellaneous

Redwell No. 10: Welch Health Care and Retirement Group
- File: Deposition in Continucare Action
- File: Correspondence
- File: Notes/Memos
- File: Research

Redwell No. 11: Corporate Advice
- File: UCCs
- File: David Foster (shareholder/former employee)
- File: Laurie Daniels (employee)

Redwell No. 12: Welch Health Care and Retirement Group
- File: 1999 Survey
- File: Safe Harbor
- File: Letter of Intent re: Welch Health Care
- File: Letter of Intent re: Welch Health Care

Redwell No. 13: Copies of Bankruptcy Filings

Redwell No. 14: Corporate Advice
- File: Managed Health Care/Medical Temporaries – Copies of Votes and Stock Certificates

Redwell No. 15: Bankruptcy Docket

Redwell No. 16: Heller
- File: Guaranty
- File: Subordination Agreement
- File: Revolving Note
- File: Provider Account Agreement
- File: Secured Term Note
- File: Loan and Security Agreement

Redwell No. 17: Revolving Line of Credit Loan by and among Managed Health Care Systems, Inc., Medical Temporaries, Inc. and Heller Healthcare Finance, Inc., dated August 4, 2000.
- File: Loan and Security Agreement
- File: Corporate Documents
- File: Management Agreement

Redwell No. 18: Pathways Healthcare of America, LLC
- File: Miscellaneous Corporate Documents

BOS_546705_2/MESTABROOK

- File: Wellmark Healthcare
- File: Wellmark Clinical Forms

Redwell No. 19:  Pathways: Miscellaneous Documents
- File: Change-Over Correspondence
- File: Pathways Payables
- File: Pathways Unemployment
- File: Pathways COBRA
- File: Pathways Form 5500
- File: Promissory Note
- File: Pathways Medicaid

Redwell No. 20:  Purchase Documents re: Pathways
- File: Asset Purchase Agreement
- File: Revolving Line of Credit Loan with Heller
- File: Acquisition of Assets – Pathways - Correspondence

R-00021:  Working File
- File: Managed Health Care – Laurie Daniels
- File: Managed Health Care – Offices
- File: W-9 Form
- File: Office of Insp. Gen. Compliance Program Guidance for Home Health Agencies
- File: Corporate Advice
- File: Policy on Branch and Sub-Unit (HHA)
- File: UCC's

Redwell No. 22:  Corporate Minutes/Miscellaneous Documents

Redwell No. 23:  Miscellaneous Documents
- File: Managed Health Care Initiative Program
- File: Leases
- File: Research re:  Allen White

Redwell No. 24:  Pathways Correspondence
- File: Pathways Correspondence Received 6/11/01
- File: Pathways Medicare Cost Report Ending 3/30/00
- File: Pathways Notes
- File: Pathways Correspondence Received 5/18/01
- File: Pathways Correspondence Received 5/15/01
- File: Pathways Medicare
- File: Pathways Correspondence
- File: Pathways Medicare
- File: Pathways General Correspondence

- 3 -

- File:  Pathways Bankruptcy

Redwell No. 25:  Pathways Correspondence, Notes, Checks

Redwell No. 26:  Corporate Advice – Michael Ingoldsby

Redwell No. 27:  Advice
- File:  Foster – Docket
- File:  Overlook Home Health, Inc. (purchase agreement)
- File:  Notes- Managed Health Care
- File:  Dr. O'Gorman

Redwell No. 28:  General
- File:  Bankruptcy Schedule
- File:  Bankruptcy Filing/Drafts


## II.    Managed Health Care Systems - Litigation Re:  Continucare

Redwell No. 1:  Managed Health Care Systems, Inc./Continucare Litigation Dockets

Redwell No. 2:  Correspondence Files
- File:  Settlement Documents
- File:  Correspondence
- File:  Correspondence #2
- File:  Correspondence #3

Redwell No. 3:  Copies of Miscellaneous Documents re: Continucare Litigation

Redwell No. 4:  Deposition of Benny E. Bailey

Redwell No. 5:  Deposition of Robert E. Ciardi
- File:  Notice of Deposition
- File:  Ciardi Deposition Notes
- File:  Ciardi Notes

Redwell No. 6:  Deposition of Madeleine Estabrook
- File:  Exhibits Estabrook Deposition

Redwell No. 7:  Deposition of Charles Fernandez

Redwell No. 8:  Deposition of Francis A. Hanners

Redwell No. 9:  Managed Health Care Systems, Inc./Continucare Litigation
- File:  Notes

BOS_546705_2/MESTABROOK

- File: Status Conference (6/15/99)
- File: Memos
- File: Drafts
- File: Ingoldsby Notes – Draft Complaint
- File: Info Continucare Corp
- File: Articles
- File: Pardo Information
- File: Karp Information
- File: Cast of Characters
- File: Opposition – Motion to Transfer, Motion to Dismiss
- File: Information re: Continucare
- File: Compulsory Counterclaim – Opposition to Motion to Add
- File: Notes/Documents-Damages
- File: Lampert Subpoena
- File: Signed Engagement Letter
- File: Focus/Avermedia Decision
- File: GA Services Documents
- File: Continucare SEC Filings

Redwell No. 10:  Managed Health Care Systems, Inc./Continucare Litigation
- File: Settlement Demand Backup
- File: Index to Documents Produced by Continucare
- File: Extras
- File: Discovery Responses (Extras)
- File: Draft Complaint Sent to Defendants
- File: Bates Labels
- File: Research Memos
- File: Lawyers Lien
- File: Discovery Requests (Draft)
- File: Statute of Fraud
- File: Supplemental Document Responses – Defendants

Redwell No. 11:  Managed Health Care Systems, Inc./Continucare Litigation
- File: Ben Bailey Witness File
- File: Barnhill Witness File
- File: Bob Ciardi Witness File
- File: Indy Edwards Witness File
- File: Fran Hanners Witness File
- File: M. Ingoldsby Witness File
- File: Lampert Witness File
- File: Libman Witness File
- File: J. Wyndham Witness File

Redwell No. 12:  Jeffrey A. Barnhill Witness Binder

BOS_546705_2/MESTABROOK

Redwell No. 13:  Raquel Libman Witness Binder

Redwell No. 14:  Baily, Fernandez & Hanners Witness Binder

Redwell No. 15:  Hearing on Motion to Compel

Redwell No. 16:  Managed Health Care Systems, Inc./Continucare Litigation
- File:  Complaint
- File:  Compulsory Counterclaim
- File:  Experts
- File:  Settlement Correspondence
- File:  Courtlink
- File:  Edwards & Angell Subpoena
- File:  Motion for Extension
- File:  $750,000 Settlement Demand

Redwell No. 17:  Managed Health Care Systems, Inc./Continucare Litigation
- File:  C. Fernandez Deposition Outline
- File:  Plaintiff's Exhibits
- File:  BDO Seidman
- File:  M. Ingoldsby – Damages
- File:  Kamine Pleadings
- File:  Kamine Credit

Redwell No. 18:  Ciardi Documents

Redwell No. 19:  Ciardi Documents

Redwell No. 20:  Ciardi Documents

Redwell No. 21:  Estabrook Documents

Redwell No. 22:  Original Documents Produced

Redwell No. 23:  Original Documents Produced

Redwell No. 24:  Continucare Production Documents CON 00001-00545

Redwell No. 25:  Continucare Production Documents CON 00546-01334

Redwell No. 26:  Continucare Production Documents CON 01335-01785

Redwell No. 27:  Original Documents CON 00001-00755

Redwell No. 28:  Original Documents CON 00756-01334

BOS_546705_2/MESTABROOK

Redwell No. 29:  Original Documents CON 01335-01785

Redwell No. 30:  Managed Health Care Documents M00001-M00612

Redwell No. 31:  Managed Health Care Documents M00613-M01397

Redwell No. 32:  Managed Health Care Documents M01398-M02506

Redwell No. 33:  Deposition Min-U-Script of Bailey & Hanners

Redwell No. 34:  Deposition Min-U-Scripts

Redwell No. 35:  Index Binder

Redwell No. 36:  Original Documents Produced

Redwell No. 37:  Original Documents Produced

Redwell No. 38:  Original Documents Produced

Redwell No. 39:  Original Documents Produced

Redwell No. 40:  Managed Health Care Documents M04404-M05245

Redwell No. 41:  Managed Health Care Documents M05246-M05925

Redwell No. 42:  Managed Health Care Documents M02507-M03010

Redwell No. 43:  Managed Health Care Documents M03011-M03788

Redwell No. 44:  Managed Health Care Documents M03789-M04403

Redwell No. 45:  CIA Documents CIA000001-CIA000705

Redwell No. 46:  CIA Documents CIA000706-CIA001308

Redwell No. 47:  CIA Documents CIA001309-CIA001930

Redwell No. 48:  Miscellaneous Documents
- File: Transaction/Estabrook
- File: Continucare Suit
- File: Continucare
- File: Transactions/MHCS
- File: Continucare/Transactions
- File: Continucare

BOS_546705_2/MESTABROOK

- File: Dimieri

Redwell No. 49: Miscellaneous Documents (Pam Jones)

Redwell No. 50: Miscellaneous Documents
- File: Care Tenders
- File: MHCS
- File: Miscellaneous Legal Documents

Redwell No. 51: CON Documents CON 03657 – CON 04335 & BAI 0001 – BAI 0007

Redwell No. 52: CON Documents CON 004343- CON 004734 & HAN 0001-0392

Redwell No. 53: Miscellaneous Documents
- File: Estabrook Correspondence
- File: Schedules
- File: Vendor Contracts
- File: St. Paul
- File: Add Back Data
- File: Continucare Lawsuit
- File: Response – Motion to Dismiss
- File: Documents for Managed Health Care Systems

Redwell No. 54: CON Documents Copies CON 01786 – CON 02863

Redwell No. 55: CON Documents Copies CON 02864 – CON 03656

Redwell No. 56: CON Documents Originals CON 01786 – CON 02533

Redwell No. 57: CON Documents Originals CON 02534 – CON 03197

Redwell No. 58: CON Documents Originals CON 03198 – CON 04335

Redwell No. 59: Miscellaneous
- File: Due Diligence/Schedules
- File: Foster Litigation
- File: Information for Schedules
- File: Change of Ownership
- File: St. Paul Litigation

Redwell No. 60: Exhibits and Schedules

Redwell No. 61: Correspondence
- File: Correspondence
- File: Notes

BOS_546705_2/MESTABROOK

- File:  Correspondence #2

Redwell No. 62:  Open Issues

Redwell No. 63:  Private Pay Contracts

Redwell No. 64:  S. O'Brien Working File Correspondence

Redwell No. 65:  Notes

Redwell No. 66:  Drafts

Redwell No. 67:  Form Asset Purchase Agreement
- File:  Draft Documents
- File:  Form Asset Purchase Agreement

Redwell No. 68:  Schedules
- File:  Schedule 1.2(iv) Deposits and Prepaid Expenses 0385
- File:  Schedule 2.3 Ownership of Shares
- File:  Schedule 2.6(d) Liabilities
- File:  Schedule 2.6(c)  Indebtedness

Redwell No. 69:  UCC Filings

Redwell No. 70:  Correspondence File

Redwell No. 71:  Attorney Working File

Redwell No. 72:  Documents Withheld for Privilege

Redwell No. 73:  Documents Withheld for Privilege

Redwell No. 74:  Documents Withheld for Relevance and Redacted Documents

Redwell No. 75:  Documents Produced

Redwell No. 76:  Miscellaneous Documents

Redwell No. 77:  Miscellaneous Documents

Redwell No. 78:  Managed Health Care Systems, Inc./Continucare Litigation
- File:  Estabrook Correspondence
- File:  Attorney Notes
- File:  Extras
- File:  Working File Correspondence
- File:  Ciardi Documents

- File: Ciardi Notes/E-mails
- File: Signed Letter of Intent
- File: Ingoldsby Notes
- File: Attorney Notes

Redwell No. 79: Extras

Redwell No. 80: Collins Matter (Collection of Private Pay Account)

Redwell No. 81: Medical Temporaries Inc


**III.    Managed Health Care Systems - Litigation Re:  Foster**

Redwell No. 1:  Attorney File
- File: Trial Court Filings
- File: Correspondence
- File: Notes
- File: Memos
- File: Extras
- File: Client Papers
- File: Engagement Letter (Draft)
- File: Copies of Pleadings

BOS_546705_2/MESTABROOK