UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GE HFS HOLDINGS, INC., *formerly known as* HELLER HEALTHCARE FINANCE, INC., Plaintiff, and MICHAEL INGOLDSBY, Intervenor Plaintiff, v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. and INTERNATIONAL INSURANCE GROUP, LTD., Defendants. | **Civil Action No. 05-11128-NG** |

### DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.'S MOTION FOR PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant National Union Fire Insurance Company of Pittsburgh, PA. ("NUFIC") hereby moves that this Court enter a Protective Order staying discovery by Intervenor-Plaintiff Michael Ingoldsby ("Ingoldsby") until after the Court's ruling on that portion of NUFIC's Motion for Summary Judgment Against Intervenor-Plaintiff Michael Ingoldsby that deals with Ingoldsby's failure to schedule his claim for coverage against NUFIC as an asset of his bankruptcy estate. In support of this Motion, NUFIC refers the Court to the Memorandum in Support of NUFIC's Motion for Protective Order, which is incorporated herein by reference.

BOS_551485_1.DOC/JLEE

WHEREFORE, NUFIC respectfully requests that the Court should grant this motion and enter a Protective Order that:

(1) All discovery in this action be stayed pending the Court's ruling on that portion of NUFIC's Motion for Summary Judgment against Ingoldsby that deals with whether Ingoldsby is judicially estopped from bringing claims against NUFIC because he failed to identify those claims as assets of his bankruptcy estate;

(2) The stay of discovery include the Rule 30(b)(6) Deposition scheduled for September 14, 2006 and that such deposition be postponed until after the Court's ruling on that portion of NUFIC's Motion for Summary Judgment against Ingoldsby that deals with the judicial estoppel question, if necessary. See Proposed Protective Order, attached hereto as Exhibit A.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), NUFIC hereby requests oral argument.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

The undersigned hereby certify, pursuant to Local Rule 7.1(a)(2), that Counsel for NUFIC has communicated with counsel for Plaintiff Michael Ingoldsby and attempted in good faith to resolve the issues presented in this motion but was unable to do so.

|  |  |
|---|---|
|  | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. |
|  | By its attorneys, |
| Dated: September 11, 2006 | /s/ Joey H. Lee<br>John D. Hughes (BBO# 243660)<br>John J. Tumilty (BBO# 560017)<br>Joey H. Lee (BBO# 663803)<br>EDWARDS ANGELL PALMER<br>  &amp; DODGE LLP<br>111 Huntington Avenue<br>Boston, MA 02199<br>Tel: (617) 439-4444<br>Fax: (617) 439-4170 |

## CERTIFICATE OF SERVICE

I, Joey H. Lee, hereby certify that on this 11th day of September, 2006, that Defendant National Union Fire Insurance Company of Pittsburgh, PA.'s Motion for a Protective Order, which was electronically filed through the ECF system, will be sent electronically to all attorneys of record for Plaintiffs GE HFS Holdings, Inc., f/k/a Heller Healthcare Finance, Inc. and Michael Ingoldsby on September 11, 2006.

/s/ Joey H. Lee
Joey H. Lee

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GE HFS HOLDINGS, INC.,
*formerly known as*
HELLER HEALTHCARE FINANCE, INC.,

    Plaintiff,

and

MICHAEL INGOLDSBY,

    Intervenor Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA. and
INTERNATIONAL INSURANCE GROUP, LTD.,

    Defendants.

**Civil Action No. 05-11128-NG**

## PROTECTIVE ORDER

Defendant National Union Fire Insurance Company of Pittsburgh, PA.'s ("NUFIC") Motion for Protective Order has come before the Court, and the Court having considered this matter at a hearing at which all interested parties had the opportunity to appear and be heard, and it appearing to the Court that a Protective Order should issue,

**IT IS HEREBY ORDERED,**

(1)      All discovery in this action be stayed pending the Court's ruling on that portion of NUFIC's Motion for Summary Judgment against Plaintiff Michael Ingoldsby ("Ingoldsby") that deals with whether Ingoldsby is judicially estopped from bringing claims against NUFIC because he failed to identify those claims as assets of his bankruptcy estate;

(2)     Ingoldsby shall submit his summary judgment opposition papers dealing with NUFIC's judicial estoppel argument by _____, 2006.

SO ORDERED this ___ day of _____ 2006.

_____