UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GE HFS HOLDINGS, INC.
*Formerly known as*
HELLER HEALTHCARE FINANCE,
INC.,
    Plaintiff,

and

MICHAEL INGOLDSBY,

    Intervenor/Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, and
INTERNATIONAL INSURANCE
GROUP, LTD.,

    Defendants.

CIVIL ACTION No: 05-CV-11128-NG

**AFFIDAVIT OF GREGORY J. ACETO, ESQ.**

I, Gregory J. Aceto, Esq. being duly sworn, depose and state as follows:

1. I am an attorney with the law firm of Johnson & Aceto, LLP, 67 Batterymarch Street, Suite 400, Boston, Massachusetts, and am duly licensed to practice law in the courts of the Commonwealth of Massachusetts.

2. I am counsel for the Plaintiff-Intervenor Michael Ingoldsby ("Ingoldsby" or "Plaintiff-Intervenor").

3. On or about December 5, 2005, Ingoldsby intervened and filed a civil action for declaratory judgment, pursuant to 28 U.S.C. § 2201, breach of contract, fraud, and

violations of Mass. Gen. Laws ch. 93A, arising from a dispute concerning defense obligations under a directors & officers liability insurance policy issued by National Union Fire Insurance Company of Pittsburgh, PA to Managed Health Care Systems, Inc.

3. I originally noticed the Rule 30(b)(6) Deposition of National Union Fire Insurance Company of Pittsburgh, PA ("National Union") for April 25, 2006. A true and correct copy of the Notice of Deposition is attached hereto as *Exhibit 1*.

4. On or about April 20, 2006, I received email correspondence from counsel for National Union requesting that the Rule 30(b)(6) Deposition of National Union be postponed pending mediation which was then scheduled for May 4, 2006. A true and correct copy of the April 20, 2006 email is attached hereto as *Exhibit 2*.

5. Pursuant to counsel for National Union's request and counsel's representations that National Union hoped to successfully mediate this case, I agreed to postpone the above-referenced deposition and subsequently re-noticed it for May 18, 2006.

6. On or about May 11, 2006, I received email correspondence from counsel for National Union requesting that I again continue the Rule 30(b)(6) Deposition of National Union (the "deposition") pending mediation re-scheduled for May 19, 2006.

7. Counsel for National Union again represented that it was hopeful that the case would settle at mediation and, based on these representations with regard to settlement, I agreed to postpone the deposition.

8. On or about May 2, 2006, the Court (Dein, J.) adopted the schedule agreed to by the

parties. Pursuant to the Order, all fact discovery is to be completed by September 30, 2006 and motions for Summary Judgment filed by January 31, 2007.

10. A mediation in this matter was held on May 19, 2006. The case, however, was not resolved at mediation.

11. Although the deposition was rescheduled for June 8, 2006, I was forced to continue it when a trial in another matter proceeded longer than anticipated.

12. On or about June 27, 2006, National Union filed its Motion for Summary Judgment Against Intervenor-Plaintiff Michael Ingoldsby.

13. On or about July 13, 2006, the Plaintiff-Intervenor filed an Assented to Request for Continuance of Fire Insurance Company of Pittsburgh, PA's Motion for Summary Judgment.

14. Therein, the parties set forth an agreed to briefing schedule with regard to the Motion for Summary Judgment. Pursuant to the agreement of the parties, the deadline for opposing summary judgment was extended to September 1, 2006 and the deposition was to take place no less than two (2) weeks prior thereto.

15. The Court (Gertner, J.) allowed the above-referenced motion and adopted the briefing schedule set forth therein.

16. In correspondence, dated August 2, 2006, counsel for National Union provided counsel for the Plaintiff-Intervenor with a list of the individuals whom National Union had designated to testify regarding each topic identified on the Notice of Deposition. A true and correct copy of the August 2, 2006 letter is attached hereto as *Exhibit 3*.

17. Counsel for National Union, however, refused to provide dates for deposition during the month of August.

18. In light of the foregoing, National Union agreed to further extend the for filing Ingoldsby's opposition to summary judgment and drafted a motion for continuance. A true and correct copy of the August 23, 2006 email between counsel for Ingoldsby and National Union related to the drafting of the summary judgment opposition is attached hereto as *Exhibit 4*.

19. On or about August 23, 2006, National Union filed a Joint Motion for Extension of Time to File Response/Reply to Defendant's Motion for Summary Judgment Against Plaintiff-Intervenor, requesting that the response deadline be extended to October 15, 2006, in light of the fact that the deposition had still not been scheduled.

20. The Court (Dein, J.) granted the above-referenced motion.

21. Despite the fact that counsel for National Union agreed to produce the deponents for the Rule 30(b)(6) Deposition of National Union and that it would take place prior to the Plaintiff-Intervenor's filing of his Opposition to Summary Judgment, National Union is now seeking a protective order.

22. In doing so, National Union has again sought to delay discovery.

23. Further, National Union has breached the agreement reached by the parties, and adopted by the Court, with regard to the deposition and the briefing schedule for the Motion for Summary Judgment.

24. Further discovery is vital to the Plaintiff-Intervenor's Opposition to Summary Judgment.

25. In particular, the Plaintiff-Intervenor wishes to question representatives of National Union with regard to the following issues: (1) National Union's decision to deny the Claim and the basis on which National Union determined that there was no coverage; (2) the timing of the National Union's denial of coverage; (3) ambiguities in the Policy, including National Union's rationale for including in any Directors and Officers Insurance and Company Reimbursement Policy an exclusion, such as Exclusion 4(h), as amended by Endorsement No. 8, which purportedly excludes coverage for contractual liability of the insured company or any insured; (4) Representations made by National Union to Ingoldsby, MHCS and/or IIG regarding the differences between Policy 416-16-30 and Policy 873-87-52; (5) the negotiations concerning the Policies, including, but not limited to, any representations made by National Union to IIG, Ingoldsby and/or MHCS concerning the benefits, advantages, conditions, and terms of the Policies and negotiation, interpretation, application and/or modification of any exclusion relied upon by National Union to deny the Claim.

26. The timing of National Union's denial of coverage has bearing on the judicial estoppel issue.

27. As such, the deposition will undoubtedly influence the outcome of the pending summary judgment motion.

28. Moreover, the Plaintiff-Intervenor has not been able to discover this information previously, despite the Plaintiff-Intervenor's best efforts to schedule and reschedule the deposition.

29. Prior to September 5, 2006, counsel for National Union and counsel for Michael Ingoldsby had never discussed bifurcating the issues set forth in National Union's Motion for Summary Judgment.

30. As such, to force the Plaintiff-Intervenor to do so now would be highly prejudicial.

31. In addition, contrary to the assertions of National Union, judicial estoppel is not purely a question of law.

32. Rather, several issues of material fact exist relating to Mr. Ingoldsby's nondisclosure of his claim in bankruptcy.

33. Specifically, a factual dispute exists with regard to whether Mr. Ingoldsby's claim against National Union arose post-petition and, therefore, need not have been disclosed to the bankruptcy court. Also, a factual issue exists as to whether the claim is an asset that must be designated on a debtor's schedules.

34. In addition, a factual dispute exists related to the intent of the Plaintiff-Intervenor in not disclosing the claim. Specifically, the Plaintiff-Intervenor's nondisclosure was pursuant to the advice of his bankruptcy counsel and with the knowledge of the bankruptcy trustee.

35. In light of the foregoing, this Court will likely not dispose of this case on the issue of judicial estoppel.

36. Therefore, it will in fact be more time-efficient and cost-effective for both the Court and the parties to allow the Plaintiff-Intervenor to conduct the Rule 30(b)(6) Deposition of National Union and prepare one opposition to summary judgment and conduct one hearing related to same.

Signed under the pains and penalties of perjury this 21st day of September, 2006.

_____
Gregory J. Aceto, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GE HFS HOLDINGS, INC.<br>*Formerly known as*<br>HELLER HEALTHCARE FINANCE, INC.,<br><br>Plaintiff,<br><br>and<br><br>MICHAEL INGOLDSBY,<br><br>Intervenor/Plaintiff<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and INTERNATIONAL INSURANCE GROUP, LTD.,<br><br>Defendants. | CIVIL ACTION No: 05-CV-11128-NG |

NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)
OF THE DEFENDANT NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

TO:   Mary Pat Cormier, Esq.
      Edwards & Angell, LLP
      101 Federal Street
      Boston, MA 02110

Please take notice that commencing at **10:00 a.m.** on **April 25, 2006**, at the offices of Johnson & Aceto, LLP, 67 Batterymarch Street, Suite 400, Boston, MA 02110, the Plaintiff-Intervenor Michael Ingoldsby, by his attorney, will take the deposition upon oral examination of:

DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

BY ITS MANAGING AGENTS, OFFICERS AND/OR EMPLOYEES PURSUANT TO FED. R. CIV. P. 30(b)(6), before a Notary Public in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

You are invited to attend and cross-examine.

THE ATTENTION OF DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA IS DIRECTED TO FED. R. CIV. P. (30)(b)(6), WHICH STATES IN PERTINENT PART THAT: "THE ORGANIZATION SO NAMED SHALL DESIGNATE ONE OR MORE OFFICERS.......OR OTHER PERSONS WHO CONSENT TO TESTIFY IN ITS BEHALF, AND MAY SET FORTH FOR EACH PERSON DESIGNATED, THE MATTERS UPON WHICH THE PERSON WILL TESTIFY....THE PERSONS SO DESIGNATED SHALL TESTIFY AS TO MATTERS KNOWN OR REASONABLY AVAILABLE TO THE ORGANIZATION."

    Respectfully submitted,
    **MICHAEL INGOLDSBY**,
    By his attorney,

    _/s/ Gregory J. Aceto_
    Gregory J. Aceto
    BBO #558556
    JOHNSON & ACETO, LLP
    67 Batterymarch Street, Suite 400
    Boston, MA 02110
    (617) 728-0888

**SCHEDULE A
TO RULE 30(b)(6) NOTICE OF DEPOSITION
OF DEFENDANT NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA**

Pursuant to Rule 30(b)(6), you are required to designate one or more officers, directors, or managing agents, or other persons who consent to testify on your behalf. Such person or persons will be questioned on the following topics:

**Definitions**

1. The term "National Union," "Defendant," "you," or "your" shall refer to the Defendant named in the above-captioned matter, National Union Fire Insurance Company of Pittsburgh, PA.
2. The term "IIG" shall refer to the Defendant named in the above-captioned matter, International Insurance Group, Ltd.
3. The term "Ingoldsby" or "Plaintiff-Intervenor" shall refer to the Plaintiff-Intervenor named in the above captioned matter, Michael Ingoldsby
4. The term "MHCS" or "Managed Health Care Systems" shall refer to "Managed Health Care Systems, Inc."
5. The term "Policy 873-87-52" shall refer to the policy of insurance issued by National Union Fire Insurance Company of Pittsburgh, PA to Managed Health Care Systems, Inc., bearing policy number 873-87-52 (including all riders, endorsements, amendments, binders, side-bar agreements and modifications thereto).
6. The term "Policy 473-16-30" shall refer to the policy of insurance issued by National Union Fire Insurance Company of Pittsburgh, PA to Managed Health Care Systems, Inc., bearing policy number 473-16-30 (including all riders, endorsements, amendments, binders, side-bar agreements and modifications thereto).
7. The term "Policies" shall refer collectively to the policies of insurance issued by National Union Fire Insurance Company of Pittsburgh, PA to Managed Health Care Systems, Inc., bearing policy numbers 473-16-30 and 873-87-52.
8. The term "Heller Action" or "underlying action" shall refer to the civil action entitled, *Heller Healthcare Finance, Inc. v. Michael Ingoldsby, et al.*, United States District Court for the District of Massachusetts, Civil Action No. 02CV11553 NG.
9. The term "Claim" means the claim submitted by Michael Ingoldsby to National Union in connection with the legal proceedings entitled *Heller Healthcare Finance, Inc. v. Michael Ingoldsby, et al.*, United States District Court for the District of Massachusetts, Civil Action No. 02CV11553 NG.

**Subject Matter**

1. National Union's investigation of the Claim, including all actions National Union took in response to the Claim.

2. National Union's decision to deny the Claim and the basis on which National Union determined that there was no coverage.

3. The origin, drafting, construction, negotiation, interpretation, application and/or modification of any exclusion relied upon by National Union to deny the Claim.

4. The drafting, negotiating or underwriting of the Policies, including, but not limited to, any representations made by you to IIG, or by you or IIG to Ingoldsby and/or MHCS, referring or relating to the Policies.

5. The renewal of Policy 473-16-30.

6. The alleged cancellation of Policy 873-87-52.

7. National Union's claims handling practices relating to the Policies and the Claim, including any claims policies, manuals, guidelines, directives, orders or other operating procedures or policies that concern, relate or refer to National Union's handling of the Claim.

8. National Union's rationale for including in any Directors and Officers Insurance and Company Reimbursement Policy an exclusion, such as Exclusion 4(h), as amended by Endorsement No. 8, which purportedly excludes coverage for contractual liability of the insured company or any insured.

9. Promotions, payments, fees, commission, bonuses, or compensation received by IIG for selling the Policies, including but not limited to any compensation agreement between National Union and IIG.

10. The origin, drafting, construction, negotiation, interpretation, application and/or modification of the following provisions of Policy 873-87-52:
    a) Endorsement No. 1;
    b) Endorsement No. 7;
    c) Endorsement No. 8;
    d) Clause 14;
    e) Exclusion 4(a);
    f) Exclusion 4(b);
    g) Exclusion 4(f);
    h) Exclusion 4(h);
    i) Exclusion 4(t);
    j) Definition of Insured;

      k) Definition of Loss; and/or
      l) Definition of Wrongful Act.

11. Facts supporting National Union's allegation that Ingoldsby has not satisfied all conditions precedent under Policy 873-87-52.

12. Representations made by National Union to Ingoldsby, MHCS and/or IIG the differences between Policy 416-16-30 and Policy 873-87-52.

13. The negotiations concerning the Policies, including, but not limited to, any representations made by National Union to IIG, Ingoldsby and/or MHCS concerning the benefits, advantages, conditions, and terms of the Policies and the coverage provided by such Policies.

## Certificate of Service

I, Laura McCue, hereby certify that on this _15_ day of March, 2006, I have forwarded a true and correct copy of the following documents:

1) Plaintiff-Intervenor Michael Ingoldsby's First Set of Interrogatories Propounded upon the Defendant National Union Fire Insurance Company of Pittsburgh, PA;

2) Plaintiff-Intervenor Michael Ingoldsby's First Request for Production of Documents to the Defendant National Union Fire Insurance Company of Pittsburgh, PA; and

3) Notice of Deposition Pursuant to Rule 30(b)(6) of Defendant National Union Fire Insurance Company of Pittsburgh, PA.

Via Hand Delivery to the following:

John D. Hughes
Mary Patricia Cormier
Edwards & Angell, LLP
101 Federal Street
Boston, MA 02110

Richard Heifetz, Esq.
Tucker, Heifetz & Saltzman, LLP
Three School Street
Boston, MA 02108

Gayle P. Ehrlich
Jeffrey Francis
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

_/s/ Laura_
Laura E. McCue, Esq.

## Greg Aceto

| | |
|---|---|
| **From:** | Stewart, Craig [cstewart@eapdlaw.com] |
| **Sent:** | Thursday, April 20, 2006 11:10 PM |
| **To:** | office@johnsonaceto.com |
| **Cc:** | Cormier, Mary-Pat; Hughes, John |
| **Subject:** | GE HFS Holdings, Inc., et al v. National Fire Insurance Co. |
| **Importance:** | High |

Gregory Aceto, Esq.

Dear Greg, I would appreciate it if you would confirm your agreement to my proposal made in our discussion on Tuesday that the Rule 30(b)(6) deposition of AIG which was scheduled for April 25, 2006, be postponed to a mutually agreeable time following the mediation of the case before Magistrate Alexander now scheduled for May 4, 2006. I have been in contact with Jeffrey Francis, counsel for GE. He agrees that the deposition may be postponed and also has advised that he is available for the deposition on May 18, 2006, the date you requested. We have proposed that date to AIG and they are checking to see if that date works for the designated 30(b)(6) representative(s). Unfortunately they have not been able to confirm the precise date at the present time. However, there is no disagreement on our part that the deposition (subject to the reservations which I mentioned) should proceed promptly if the mediation is not successful. For the reasons I discussed, postponing the deposition makes sense for all parties - and neither your client nor the plaintiff will be prejudiced by a modest postponement. Thank you for your courtesy. (In the event that your client disagrees, please advise me and Mary Pat at once, and we will file a motion for protective order). - Craig Stewart


Craig E. Stewart
617-239-0164   *fax* 617-316-8311

Edwards Angell Palmer & Dodge, LLP
111 Huntington Avenue
Boston, MA  02199-7613
www.eapdlaw.com

---

CONFIDENTIALITY NOTICE
This e-mail message from Edwards Angell Palmer & Dodge LLP is intended only for the individual or entity to which it is addressed. This e-mail may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it.

# Edwards Angell Palmer & Dodge LLP

111 Huntington Avenue   Boston, MA 02199   617.239.0100   *fax* 617.227.4420   eapdlaw.com

**John J. Tumilty**
617.951.3372
jtumilty@eapdlaw.com.com

August 2, 2006

**VIA FIRST CLASS MAIL AND PDF**

Jeffrey E. Francis, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA  02109

Gregory J. Accto, Esq.
Johnson & Aceto, LLP
67 Batterymarch Street
Boston, MA  02110

Re:   GE HFS Holdings, Inc. ("Heller") v. National Union Fire Insurance Co. ("National Union"), Civil Action No. 05-11127-NG

Dear Jeff and Greg:

Using the same identification system from each of your clients' Rule 30(b)(6) deposition notices National Union designates the following individuals for the Rule 30 (b)(6) the topics as indicated below.

**Heller notice:**

(a) Antonios Daskalakis

(b) Robert Gadaleta and Joni Mason

(c) Robert Gadaleta

(d) Robert Gadaleta and Joni Mason

(e) Robert Gadaleta

(f) Robert Gadaleta

(g) Antonios Daskalakis

(h) Joni Mason

(i) Joni Mason

(j) Robert Gadaleta

(k) Robert Gadaleta

(l) Joni Mason

BOSTON | FT. LAUDERDALE | HARTFORD | NEW YORK | PROVIDENCE | SHORT HILLS | STAMFORD | WEST PALM BEACH | WILMINGTON | LONDON

BOS_546905_1

EDWARDS ANGELL PALMER & DODGE LLP

Jeffrey E. Francis, Esq.
Gregory J. Accto, Esq.
August 2, 2006
Page 2

    (m) Joni Mason

    (n) Joni Mason

    (o) Robert Gadaleta

    (p) Joni Mason

    (q) Joni Mason

    (r) Robert Gadaleta

    (s) Robert Gadaleta

    (t) Joni Mason

    (u) Robert Gadaleta and Joni Mason

    (v) Robert Gadaleta

**Ingoldsby notice:**

1. Joni Mason
2. Joni Mason
3. Robert Gadaleta and Joni Mason
4. Robert Gadaleta
5. Robert Gadaleta
6. Robert Gadaleta
7. Joni Mason
8. Robert Gadaleta
9. Robert Gadaleta
10. Robert Gadaleta and Joni Mason
11. Joni Mason

BOS_546905_1

**EDWARDS ANGELL PALMER & DODGE** LLP

Jeffrey E. Francis, Esq.
Gregory J. Accto, Esq.
August 2, 2006
Page 3

    12. Robert Gadaleta

    13. Robert Gadaleta

Sincerely,

*[signature]*

John J. Tumilty

JJT/blt

cc:    John D. Hughes, Esq.

## Greg Aceto

| | |
|---|---|
| **From:** | Laura mcCue [lmccue@johnsonaceto.com] |
| **Sent:** | Wednesday, August 23, 2006 4:12 PM |
| **To:** | 'Lee, Joey' |
| **Cc:** | 'Tumilty, John'; 'Greg Aceto' |
| **Subject:** | RE: Draft Assented to Request for Continuance |

Great. You have our consent to sign and file.

Laura

---

**From:** Lee, Joey [mailto:JLee@eapdlaw.com]
**Sent:** Wednesday, August 23, 2006 3:08 PM
**To:** Laura mcCue
**Cc:** Tumilty, John; Greg Aceto
**Subject:** RE: Draft Assented to Request for Continuance

Laura,

This is fine. We'll agree both to the extension of dates and to a joint motion, as opposed to an assented-to motion.

Thanks,

Joey

**Joey H. Lee**
Edwards Angell Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA 02199

Direct:  617.517.5578
Fax:     888.325.9614

www.eapdlaw.com

---

**From:** Laura mcCue [mailto:lmccue@johnsonaceto.com]
**Sent:** Wednesday, August 23, 2006 11:14 AM
**To:** Lee, Joey
**Cc:** Tumilty, John; 'Greg Aceto'
**Subject:** RE: Draft Assented to Request for Continuance

Joey,
Thank you for drafting the Motion. My only comment is that this motion should be a joint motion rather than an assented to motion, with National Union and Ingoldsby listed as the moving parties. This is appropriate given that the extension is neccessary because NU has yet to finalize dates for the 30(b)(6) depositions.

In addition, given that we have yet to finalize dtaes, I suggest that the dates be extended to Oct 15 and Oct 31.

9/12/2006

Please let me know if you have any questions and or concerns.

Laura

---

**From:** Lee, Joey [mailto:JLee@eapdlaw.com]
**Sent:** Wednesday, August 23, 2006 10:40 AM
**To:** lmccue@johnsonaceto.com
**Cc:** Tumilty, John
**Subject:** Draft Assented to Request for Continuance

Laura,

Attached is a PDF of a draft Assented to Request for Continuance of Motion for Summary Judgment. Let us know if you have any questions or comments.

Thanks,

Joey




**Joey H. Lee**
Edwards Angell Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA 02199

Direct:  617.517.5578
Fax:     888.325.9614

www.eapdlaw.com

Boston, Ft. Lauderdale, Hartford, New York, Providence, Short Hills, Stamford, West Palm Beach, Wilmington, London (Representative office)

Disclosure Under IRS Circular 230: Edwards Angell Palmer & Dodge LLP informs you that any tax advice contained in this communication, including any attachments, was not intended or written to be used, and cannot be used, for the purpose of avoiding federal tax related penalties or promoting, marketing or recommending to another party any transaction or matter addressed herein.

CONFIDENTIALITY NOTICE
This e-mail message from Edwards Angell Palmer & Dodge LLP is intended only for the individual or entity to which it is addressed. This e-mail may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it.