UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GE HFS HOLDINGS, INC.<br>*formerly known as*<br>HELLER HEALTHCARE FINANCE, INC.,<br><br>                Plaintiff,<br>and<br><br>MICHAEL INGOLDSBY,<br><br>                Intervenor Plaintiff,<br>v.<br><br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA. and<br>INTERNATIONAL INSURANCE GROUP, LTD.<br><br>                Defendants. | **ORAL ARGUMENT REQUESTED**<br><br>Civil Action No. 05-CV-11128 NG |

**EMERGENCY MOTION OF GE HFS HOLDINGS INC. TO
COMPEL NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA TO MAKE PAYMENT PURSUANT TO
SETTLEMENT AGREEMENT TOGETHER WITH
ATTORNEYS' FEES, COSTS AND INTEREST**

Plaintiff GE HFS Holding, Inc., f/k/a Heller Healthcare Finance, Inc. ("GE HFS"), by its undersigned counsel, respectfully brings this emergency motion to compel National Union Fire Insurance Company of Pittsburgh, PA ("National Union" and with GE HFS, the "Parties") to make payment pursuant to the settlement agreement between the Parties together with attorneys' fees, costs, and statutory interest (the "Motion"). In support hereof, GE HFS states as follows:

1.       On or about May 31, 2005, GE HFS filed suit against National Union based, in part, on the improper denial of certain insurance coverage by National Union (the "Suit").

{B0570754; 2}

2.  On or about August 2, 2006, GE HFS filed a Motion to Disqualify Edwards Angell Palmer & Dodge LLP as Counsel to Defendant National Union Fire Insurance Company of Pittsburgh, PA ("Motion to Disqualify"). Soon thereafter, and for the first time, National Union made serious overtures to GE HFS to settle the Suit. The Motion to Disqualify is still pending.

3.  Over the course of September 2006, the parties agreed to the dollar amount of settlement (the "Settlement Sum") and the form of settlement agreement (the "Settlement Agreement"). On September 29, 2006, the Parties executed the Settlement Agreement.

4.  The Settlement Agreement provides that the Settlement Sum is to be delivered to counsel for GE HFS upon execution of the Settlement Agreement. The Settlement Agreement specifies that the Settlement Sum is to be made payable to Sullivan & Worcester LLP, as attorneys for GE HFS.

5.  Despite repeated requests by GE HFS and repeated promises by National Union that the check was en route, no Settlement Sum has been received as provided by the Settlement Agreement.

6.  The Settlement Agreement includes a confidentiality provision which requires each of the parties to maintain the confidentiality of the terms of the Settlement Agreement, providing certain exceptions, including, as necessary, to obtain enforcement of the Settlement Agreement.

7.  National Union's failure to deliver the Settlement Sum upon execution of the Settlement Agreement on September 29, 2006 constitutes a breach of the Settlement Agreement.

8.  A review of the history of promises and representations by National Union leaves only three possible explanations for National Union's failure to comply with its payment

obligations under the Settlement Agreement. National Union is either: (i) insolvent; (ii) purposely participating in bad faith, dilatory settlement tactics; or (iii) grossly incompetent. Under any of the aforementioned scenarios, GE HFS is entitled to be made whole for the attorneys' fees, costs and expenses incurred in seeking to enforce the Settlement Agreement and for the loss of the use of the Settlement Sum.

9. Attached hereto as Exhibit A is a series of e-mail communications between Gayle Ehrlich, Counsel for GE HFS, and John Hughes, Counsel for National Union, concerning the nonpayment of the Settlement Sum.

10. It is evident from a review of the e-mail communications and the underlying facts that National Union has disregarded each of the requirements for payment included within the Settlement Agreement. Notably, Mr. Hughes informed Ms. Ehrlich that the Settlement Sum had been sent by National Union on October 5, 2006. During the period from October 5, 2006 through October 13, 2006, counsel for GE HFS made repeated requests upon counsel for National Union to provide a tracking number, assuming that a settlement check would be transmitted with a standard degree of care accepted as common practice. Counsel for National Union never responded to these requests. Eventually, a check was received by Ms. Ehrlich on October 13, 2006, which check was dated October 10, 2006. Oddly, the check was made payable to the wrong payee, the long dissolved Managed Healthcare Systems, Inc., and, therefore, could not be deposited by GE HFS.

11. In response to GE HFS' request for a good and negotiable check from National Union, National Union insisted upon receiving back the misdirected bad check before it was willing to provide a new negotiable check. Counsel for GE HFS made sure to have the misdirected check hand delivered to counsel for National Union within hours of receipt.

{B0570754; 2}

12. Since that time, counsel for GE HFS has made repeated requests on National Union for delivery of a corrected check. Counsel for GE HFS also suggested that it would be appropriate for the Settlement Sum to be conveyed by wire transfer or overnight mail. Counsel for GE HFS even offered to have a courier retrieve the check from National Union in New York City. Counsel has been informed that National Union would not participate in any form of delivery but first-class mail.

13. Finally, on October 23, 2006, GE HFS sent to National Union a demand letter requiring payment of the Settlement Sum on or before close of business on October 25, 2006. A copy of which letter is attached hereto as Exhibit B. In response, counsel for GE HFS received a letter from John Hughes dated October 24, 2006 (the "Hughes Letter"), a copy of which is attached hereto as Exhibit C. According to the Hughes Letter a new check replacing the misdirected check was being issued that day (i.e., some eleven days following return by GE HFS to National Union of its misdirected check) by National Union.

14. The Hughes Letter is notable for its denial of culpability by National Union and its admission by implication of National Union's intentional and willful breach of the Settlement Agreement. Clearly, under the terms of the Settlement Agreement, National Union had covenanted to provide immediate payment with no intention to comply with its obligations under the Settlement Agreement.

15. In discussions following the exchange of letters and in an effort to resolve this matter, counsel for GE HFS requested that National Union provide by telecopy a copy of the purported October 24, 2006 check. Counsel for National Union was unwilling or unable to provide a copy of the new check as requested by Counsel for GE HFS.

{B0570754; 2}

16. National Union has repeatedly misled GE HFS and failed to comply with its obligations under the Settlement Agreement and has failed to perform its subsequent and repeated promises to perform the Settlement Agreement.

17. National Union has harmed GE HFS by failing to deliver the Settlement Sum in a timely manner and then repeatedly breaching its promises for timely corrective measures. As such, National Union should be required to: (A) immediately deliver the Settlement Sum by wire transfer to GE HFS; (B) pay all legal fees and costs incurred by GE HFS in enforcing its rights under the Settlement Agreement in the amount of, at least, $10,000; (C) pay to GE HFS statutory interest on the Settlement Sum in accordance with Mass. Gen. Laws ch. 231, § 6C.

WHEREFORE, GE HFS respectfully requests the Court grant this Motion, enter the relief requested in Paragraph 17 above and grant such further and additional relief as this Court may deem just and proper.

Respectfully submitted,

GE HFS HOLDINGS, INC.,
formerly known as
HELLER HEALTHCARE FINANCE, INC.,

By its attorneys,

/s/ Gayle P. Ehrlich
Gayle P. Ehrlich (BBO # 546861)
Jeffrey E. Francis (BBO # 639944)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Tel. No.: (617) 338-2800
Fax No.: (617) 338-2880
gehrlich@sandw.com

DATED: October 27, 2006

{B0570754; 2}

## LOCAL RULE 7.1 CERTIFICATION

Counsel for GE HFS has conferred with counsel for National Union, by e-mail, telephone and letter, on numerous occasions to seek National Union's compliance with the terms of the Settlement Agreement and to narrow or resolve the issues at dispute between the Parties that mandated the filing of this motion but were unable to reach a resolution of this dispute.

/s/ Gayle P. Ehrlich
Gayle P. Ehrlich (BBO # 546861)
Jeffrey E. Francis (BBO # 639944)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Tel. No.: (617) 338-2800
Fax No.: (617) 338-2880
gehrlich@sandw.com

# EXHIBIT A

Case 1:05-cv-11128-NG    Document 62-2    Filed 10/27/2006    Page 1 of 5

**Ehrlich, Gayle**

---

| | |
|---|---|
| **From:** | Hughes, John [JHughes@eapdlaw.com] |
| **Sent:** | Wednesday, October 18, 2006 11:17 AM |
| **To:** | Ehrlich, Gayle |
| **Cc:** | Morris, Steven |
| **Subject:** | RE: National Union |

Hi Gayle:  We are in touch with the client daily on this issue and we all are working as fast as possible to get you the replacement check. We understand and appreciate the need to get it to you as quickly as possible.
      Best regards.
      John
-----Original Message-----
From: Ehrlich, Gayle [mailto:gehrlich@sandw.com]
Sent: Tuesday, October 17, 2006 5:37 PM
To: Hughes, John
Subject: RE: National Union


John,
Please let me know the status of the payment.
I am sure you are aware that National Union was obliged under the Settlement Agreement to make payment immediately upon execution of the agreement.  As such this is a matter of great urgency.
Best regards,
Gayle

-----Original Message-----
From: Hughes, John [mailto:JHughes@eapdlaw.com]
Sent: Wednesday, October 11, 2006 5:33 PM
To: Ehrlich, Gayle
Subject: RE: National Union


I'll check.
      Best regards


John D. Hughes
Partner
Edwards Angell Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA   02199

Direct   617 951.3373
Fax   888 325.9109

www.eapdlaw.com


-----Original Message-----
From: Ehrlich, Gayle [mailto:gehrlich@sandw.com]
Sent: Wednesday, October 11, 2006 2:57 PM
To: Hughes, John
Subject: Re: National Union


John,
Is there a tracking number?  Gayle

Gayle P. Ehrlich

1

Attorney at Law

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T 617 338 2453
F 617 338 2880
gehrlich@sandw.com
www.sandw.com

BOSTON    NEW YORK    WASHINGTON, DC


-----Original Message-----
From: Hughes, John
To: Ehrlich, Gayle
Sent: Wed Oct 11 12:19:41 2006
Subject: RE: National Union

Gayle:  I'm told that the check was sent to you from NY on 10/5.
     Best regards.
     John


John D. Hughes
Partner
Edwards Angell Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA  02199

Direct  617 951.3373
Fax   888 325.9109

www.eapdlaw.com


-----Original Message-----
From: Ehrlich, Gayle [mailto:gehrlich@sandw.com]
Sent: Tuesday, October 10, 2006 2:01 PM
To: Hughes, John
Subject: National Union



John,

I have not received the Settlement Payment. Please let me know when we
might expect to receive it.

Thanks,

Gayle

Gayle P. Ehrlich
Attorney at Law

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T 617 338 2453
F 617 338 2880
M 617 416 3063
gehrlich@sandw.com
www.sandw.com

2

BOSTON    NEW YORK    WASHINGTON, DC

This message is intended to be confidential and may be legally
privileged.  It is intended solely for the addressee.  If you are not
the intended recipient, please delete this message from your system and
notify us immediately.  Any disclosure, copying, distribution or action
taken or omitted to be taken by an unintended recipient in reliance on
this message is prohibited and may be unlawful.

Communications from our firm may contain or incorporate federal tax
advice.  Under recently promulgated US Internal Revenue Service (IRS)
standards, we are required to inform you that only formal, written tax
opinions meeting IRS requirements may be relied upon by taxpayers for
the purpose of avoiding tax-related penalties.  Accordingly, this
communication is not intended or written to be used, and it cannot be
used, for the purpose of avoiding tax-related penalties under the
Internal Revenue Code.  Please contact a member of our law firm's Tax
Department if you require a formal, written tax opinion that satisfies
applicable IRS requirements, or if you have any other questions
regarding federal tax advice.

Boston, Ft. Lauderdale, Hartford, New York, Providence, Short Hills,
Stamford, West Palm Beach, Wilmington, London (Representative office)

Disclosure Under IRS Circular 230: Edwards Angell Palmer & Dodge LLP
informs you that any tax advice contained in this communication,
including any attachments, was not intended or written to be used, and
cannot be used, for the purpose of avoiding federal tax related
penalties or promoting, marketing or recommending to another party any
transaction or matter addressed herein.

CONFIDENTIALITY NOTICE
This e-mail message from Edwards Angell Palmer & Dodge LLP is intended
only for the individual or entity to which it is addressed. This e-mail
may contain information that is privileged, confidential and exempt from
disclosure under applicable law. If you are not the intended recipient,
you are hereby notified that any dissemination, distribution or copying
of this communication is strictly prohibited. If you received this
e-mail by accident, please notify the sender immediately and destroy
this e-mail and all copies of it.


This message is intended to be confidential and may be legally
privileged.  It is intended solely for the addressee.  If you are not
the intended recipient, please delete this message from your system and
notify us immediately.  Any disclosure, copying, distribution or action
taken or omitted to be taken by an unintended recipient in reliance on
this message is prohibited and may be unlawful.

Communications from our firm may contain or incorporate federal tax
advice.  Under recently promulgated US Internal Revenue Service (IRS)
standards, we are required to inform you that only formal, written tax
opinions meeting IRS requirements may be relied upon by taxpayers for
the purpose of avoiding tax-related penalties.  Accordingly, this
communication is not intended or written to be used, and it cannot be
used, for the purpose of avoiding tax-related penalties under the
Internal Revenue Code.  Please contact a member of our law firm's Tax
Department if you require a formal, written tax opinion that satisfies
applicable IRS requirements, or if you have any other questions
regarding federal tax advice.

This message is intended to be confidential and may be legally
privileged.  It is intended solely for the addressee.  If you are not
the intended recipient, please delete this message from your system and
notify us immediately.  Any disclosure, copying, distribution or action

taken or omitted to be taken by an unintended recipient in reliance on this message is prohibited and may be unlawful.

Communications from our firm may contain or incorporate federal tax advice.  Under recently promulgated US Internal Revenue Service (IRS) standards, we are required to inform you that only formal, written tax opinions meeting IRS requirements may be relied upon by taxpayers for the purpose of avoiding tax-related penalties.  Accordingly, this communication is not intended or written to be used, and it cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code.  Please contact a member of our law firm's Tax Department if you require a formal, written tax opinion that satisfies applicable IRS requirements, or if you have any other questions regarding federal tax advice.

# EXHIBIT B



Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T 617 338 2800
F 617 338 2880
www.sandw.com

October 23, 2006

**BY FACSIMILE AND E-MAIL**

John D. Hughes, Esq.
Edwards Angell Palmer & Dodge LLP
111 Huntington Avenue
Boston, Massachusetts 02199

Re:     Settlement Agreement Dated as of September 29, 2006 (the "Agreement")

Dear Mr. Hughes:

Reference is made to the Agreement with specific attention to Paragraph 1, which provides as follows:

> Settlement Sum.
>
> National Union shall pay $■■■■■■ (the "Settlement Sum") to GE HFS upon execution of this Agreement by check made payable to Sullivan & Worcester LLP, as attorneys for GE HFS.

Unless otherwise defined herein, all capitalized terms shall have the meanings assigned in the Agreement.

Despite repeated requests by GE HFS and unkept promises by National Union, National Union has failed to provide the Settlement Sum. Notice is hereby given that National Union is in blatant and knowing disregard of its obligations under the Agreement. If payment of the Settlement Sum is not received by undersigned counsel on behalf of GE HFS on or before 5:00 p.m. on October 25, 2006, then GE HFS will proceed to exercise each and every of its legal remedies, including seeking treble damages, legal fees and costs. Although in the Commonwealth of Massachusetts it is unnecessary for businesses to provide prior notification of a demand under Chapter 93A, this letter shall place National Union on notice of GE HFS' intent to proceed with recovery actions under M.G.L. Ch. 93A.

Attached hereto are wire transfer instructions by which payment of the Settlement Sum should be made. If you or National Union have any questions concerning the instructions or any other matter identified above, please contact me immediately.

Very truly yours,

Gayle P. Ehrlich

Direct line: 617 338 2453
gehrlich@sandw.com

GPE/cic

cc:     Mr. Michael Gardullo

{B0568775; 1}
BOSTON   NEW YORK   WASHINGTON, DC

# EXHIBIT C

# EDWARDS ANGELL PALMER & DODGE LLP

111 Huntington Avenue  Boston, MA 02199  617.239.0100  *fax* 617.227.4420  eapdlaw.com

John D. Hughes
617.951.3373
*fax* 617.227.4420
jhughes@eapdlaw.com

*VIA HAND DELIVERY*

October 24, 2006

Gayle P. Ehrlich, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, Massachusetts 02109

Re: GE HFS Holdings, Inc. v. National Union Fire Insurance Co.
U.S.D.C. District of MA Civil Action No. 05-11128-NG

Dear Ms. Ehrlich:

Your October 23, 2006 letter gives the false impression that National Union has refused to pay the Settlement Sum. As you know, this is not true. National Union did endeavor to pay the Settlement Sum by delivering a check to you for $███████, which you apparently received on October 13, 2006. Unfortunately, due to a clerical error, the check was made payable to the wrong entity. As soon as National Union learned of this error, it took steps to issue a new check.

It is our understanding that a new settlement check was issued today. The new check is payable to "Sullivan & Worcester LLP, attorneys for GE HFS Holdings, Inc."

Accordingly, there is no need for your client to initiate costly litigation. There is also no need for you to send a demand letter threatening such litigation or for you to set arbitrary deadlines. Moreover, GE HFS has no authority to unilaterally alter the terms of the Settlement Agreement by requiring that the money be wired instead of being delivered by check.

As noted above, a check has been issued for the Settlement Sum and will be delivered to you shortly. We apologize for any inconvenience this may have caused you.

Best regards.

Sincerely,

*John D. Hughes*
John D. Hughes
JDH:ak