UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GE HFS HOLDINGS, INC., f/k/a HELLER HEALTHCARE FINANCE, INC., <br><br> Plaintiff, <br><br> And <br><br> MICHAEL INGOLDSBY, <br><br> Intervenor/Plaintiff, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and INTERNATIONAL INSURANCE GROUP, LTD., <br><br> Defendants. | Civil Action No. 05-CV-11128-NG |

**OPPOSITION OF DEFENDANT NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA TO PLAINTIFF
GE HFS HOLDINGS, INC.'S EMERGENCY MOTION TO
MAKE PAYMENT PURSUANT TO SETTLEMENT AGREEMENT
TOGETHER WITH ATTORNEYS' FEES, COSTS AND INTEREST**

Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), by its undersigned counsel, hereby opposes the "emergency" motion of Plaintiff GE HFS Holdings, Inc., f/k/a Heller Healthcare Finance, Inc. ("GE HFS") to make payment pursuant to the settlement agreement between National Union and GE HFS dated September 29, 2006 (the "Settlement Agreement"), together with attorneys' fees, costs and interest. Last week, National Union issued and sent a check for the full Settlement Sum, payable to counsel for GE HFS. There has been no unreasonable delay in the payment of this sum and no violation of the terms of the Settlement Agreement. Indeed, the issues raised by GE HFS in its Emergency Motion

originate from National Union's accommodation of a last minute request by GE HFS to execute the Settlement Agreement by the end of September.

On Thursday, September 28, 2006, GE HFS demanded that the Settlement Agreement be signed by the end September. On Friday, September 29, 2006, the last business day in September, counsel for GE HFS explained for the first time that GE HFS wanted signatures by the end of September to satisfy a business goal. Accordingly, National Union expedited its approval and signature process and delivered a fax signature within hours of this explanation. At the time, no mention was made by GE HFS that it would also insist on payment upon execution. Had GE HFS made such a request, National Union would have refused to accommodate its request.

Nevertheless, within approximately two weeks of execution of the Settlement Agreement, Sullivan & Worcester LLP as counsel for GE HFS received a check issued by National Union in the full Settlement Amount. Unfortunately, due to a clerical error, the check was mistakenly made payable to the insured under National Union's policy, "Managed Health Care Systems," instead of "Sullivan & Worcester LLP, attorneys for GE HFS Holdings, Inc."

In order for a replacement check payable to Sullivan & Worcester LLP to be issued, the original check had to be returned. National Union received the original check back on or about October 16, 2006. According to National Union's computer records, approximately a week later, on October 24, 2006, a replacement check payable to Sullivan & Worcester LLP was processed.

National Union's records indicate that the replacement check is made payable to "Sullivan & Worcester LLP, attorneys for GE HFS Holdings, Inc." and was sent to Gayle P. Ehrlich, Esq. at Sullivan & Worcester LLP, One Post Office Square, Boston, Massachusetts 02109. National Union has no control over the United States Postal Service, but this

replacement check should be received by Ms. Ehrlich either today October 30, 2006 or tomorrow, October 31, 2006.

Thus, the Settlement Sum will be paid within about 30 days following execution of the Settlement Agreement. The Settlement Agreement does not require "immediate" payment, as stated in GE HFS's Emergency Motion. Although the Settlement Agreement provided for payment upon execution, GE HFS waived that right by its urgent request that the Settlement Agreement be executed within 24 hours in order to accommodate GE HFS's business goal. Despite the fact that National Union went to great lengths to accommodate this request, GE HFS has been completely unreasonable (and unjustified) in its demands. This is evidenced by its filing of the Emergency Motion less than thirty days after the Settlement Agreement was signed, even though it received a check in the full Settlement Sum two weeks ago (albeit made payable to the wrong payee). Accordingly, there is no basis for any award of legal fees and costs because there is no basis for a finding that National Union has breached any term of the Settlement Agreement.

Likewise, interest under Mass. Gen. Laws. ch. 231, § 6C is not available. Such interest is only available upon a verdict, finding or order for judgment for pecuniary damages based on contractual obligations. No such verdict, finding or order has or could be issued in this case.

For the foregoing reasons, National Union hereby respectfully requests that GE HFS's Emergency Motion be denied.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA
By its attorneys,


/s/ John D. Hughes
John D. Hughes (BBO# 243660)
Mary Patricia Cormier (BBO# 635756)
Joey H. Lee, Esq. (BBO# 663803)
EDWARDS ANGELL PALMER &
DODGE LLP
111 Huntington Avenue
Boston, MA 02199
Tel: (617) 239-0100
Fax: (617) 227-4420

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GE HFS HOLDINGS, INC., f/k/a HELLER HEALTHCARE FINANCE, INC., <br><br> Plaintiff, <br><br> And <br><br> MICHAEL INGOLDSBY, <br><br> Intervenor/Plaintiff, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and INTERNATIONAL INSURANCE GROUP, LTD., <br><br> Defendants. | Civil Action No. 05-CV-11128-NG |

## AFFIDAVIT OF MARGARET PORCELLI

I, Margaret Porcelli, under oath do declare as follows:

1. I am a Complex Claims Director at AIG Domestic Claims, Inc., which is an affiliate of defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union").

2. The Confidential Settlement, Release and Limited Indemnity Agreement between GE HFS Holdings, Inc., f/k/a Heller Healthcare Finance, Inc. ("GE HFS") and National Union was executed on September 29, 2006 (the "Settlement Agreement").

3. On Friday, September 29, 2006, the last business day in September, counsel for GE HFS explained for the first time that GE HFS wanted signatures by the end of September to

satisfy a business goal. National Union then expedited its approval and signature process and delivered a fax signature within hours of this explanation.

4. Within approximately two weeks of execution of the Settlement Agreement, Sullivan & Worcester LLP as counsel for GE HFS received a check issued by National Union in the full Settlement Amount. Unfortunately, due to a clerical error, the check mistakenly had been made payable to the insured under National Union's policy, "Managed Health Care Systems," instead of "Sullivan & Worcester LLP, attorneys for GE HFS Holdings, Inc."

5. In order for a replacement check payable to Sullivan & Worcester LLP to be issued, the original check had to be returned. National Union received the original check back on or about October 16, 2006.

6. According to National Union's computer records, approximately a week later, on October 24, 2006, a replacement check payable to Sullivan & Worcester LLP was processed. National Union's records indicate that the replacement check is made payable to "Sullivan & Worcester LLP, attorneys for GE HFS Holdings, Inc." and was sent last week to Gayle P. Ehrlich, Esq. at Sullivan & Worcester LLP, One Post Office Square, Boston, Massachusetts 02109.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 30 DAY OF OCTOBER, 2006.

_____
Margaret Porcelli