UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GE HFS HOLDINGS, INC., f/k/a )<br>HELLER HEALTHCARE FINANCE, INC., )<br>          Plaintiff )<br>and  )<br>MICHAEL INGOLDSBY,  )<br>      Intervenor / Plaintiff )<br>vs.  )<br>  )<br>NATIONAL UNION FIRE INSURANCE COMPANY )<br>OF PITTSBURGH, PA and )<br>INTERNATIONAL INSURANCE GROUP, LTD., )<br>         Defendants ) | CIVIL ACTION<br>05-CV-11128-NG |

## RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT INTERNATIONAL INSURANCE GROUP, LTD.'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56.1, the defendant, International Insurance Group, Ltd., ("I.I.G.") submits the following Statement of Undisputed Material Facts.

### FACTS

1. The Intervenor/Plaintiff, Michael Ingoldsby, at all times relevant to this action, was Chairman of the Board of Managed Health Care Systems, Inc. (Hereafter "M.H.C.S."). Ingoldsby's First Amended Complaint in Intervention, ¶1 ("Ingoldsby Complaint")

2. M.H.C.S. was a privately held, for profit, home health care agency which provided home health care services to Medicare beneficiaries in Massachusetts.

Complaint in <u>Heller Healthcare Finance, Inc. v. Ingoldsby, et al.</u>, ¶9 ("Heller Complaint").

3. Heller Healthcare Finance, Inc., is a Delaware Corporation doing business as a lender to the Healthcare Industry. Heller Complaint, ¶2.

4. In 2002, Heller sued Ingoldsby for negligent misrepresentation and breach of guaranty in connection with a debtor-in-possession ("D.I.P.") loan. *See generally* Heller Complaint.

5. At all times relevant to this action, I.I.G. acted as an insurance broker for M.H.C.S. in procuring directors and officers insurance coverage. Deposition Transcript of Jeremy Alderman, pp. 9-10.

6. National Union Fire Insurance Co. of Pittsburgh, PA ("National Union") was at all time relevant to this action an insurance company licensed to provide insurance in Massachusetts with a principle place of business in New York, NY. Ingoldsby Complaint, ¶2.

7. National Union issued to M.H.C.S. a Directors and Officers Insurance Policy bearing the policy number 873-87-52, running from August 4, 2001 to August 4, 2002. Ingoldsby Complaint, ¶6.

8. The National Union Policy (No. 873-87-52) included a "For Profit Healthcare Organization Amendatory Endorsement" which contained exclusion 4(h), which excluded coverage for claims:

(h) alleging, arising out of, based upon or attributable to any actual or alleged contractual liability of the Company or an insured under any express (written or oral) contract or agreement…

2

National Union Policy (No. 873-87-52), For Profit Healthcare Organization Amendatory Endorsement, §II.

9.   I.I.G. informed M.H.C.S. of the For Profit Healthcare Organization Amendatory Endorsement, including exclusion 4(h), via a fax sent on July 31, 2001 to M.H.C.S. Vice President of Finance and Chief Financial Officer Pamela Jones. *See* I.I.G. letter to M.H.C.S. dated July 31, 2001, along with attached documents and fax confirmation sheet.

10.   The National Union Policy (No. 873-87-52) was subsequently issued to M.H.C.S. and said policy contained the For Profit Healthcare Organization Amendatory Endorsement, including exclusion 4(h). National Union Policy (No. 873-87-52).

11.   In the prior policy year, running from August 4, 2000 until August 4, 2001, National Union issued to M.H.C.S. a Directors and Officers Insurance Policy. (No. 473-16-30). National Union Policy (No. 473-16-30).

12.   National Union Policy (No. 473-16-30) contains an exclusion for claims:

alleging, arising out of, based upon or attributable to any actual or alleged contractual liability of the Company or an insured under any express (written or oral) contract or agreement…

National Union Policy (No. 473-16-30).

Respectfully submitted,

INTERNATIONAL INSURANCE
GROUP, LTD., Defendant
By their Attorneys:


/s/ Syd A. Saloman
Syd A. Saloman - BBO #645267
TUCKER, HEIFETZ & SALTZMAN, LLP
100 Franklin Street, Suite 801
Boston, MA 02110
617-557-9696

4