UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GE HFS HOLDINGS, INC.
*Formerly known as*
HELLER HEALTHCARE FINANCE, INC.,
    Plaintiff,

and

MICHAEL INGOLDSBY,

    Intervenor/Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and INTERNATIONAL INSURANCE GROUP, LTD.,

    Defendants.

CIVIL ACTION No: 05-CV-11128-NG

**PLAINTIFF-INTERVENOR MICHAEL INGOLDSBY'S STATEMENT OF DISPUTED MATERIAL FACTS IN OPPOSITION TO INTERNATIONAL INSURANCE GROUP, LTD.'S MOTION FOR SUMMARY JUDGMENT**

---

**NOW COMES** the Plaintiff-Intervenor Michael Ingoldsby ("Mr. Ingoldsby" or ("Plaintiff-Intervenor") in the above-entitled action and, pursuant to Local Rule 56.1 of the Federal Rules of Civil Procedure, hereby submits his Statement of Disputed Material Facts in response to the Statement of Undisputed Facts submitted by Defendant International Insurance Group, Ltd. ("IIG" or the "Defendant"). The Plaintiff-Intervenor hereby responds to each of the Defendant's numbered paragraphs and also provides additional material facts in opposition thereto. The Plaintiff-Intervenor incorporates by

reference hereto the Affidavit of Michael Ingoldsby (the "Ingoldsby Affidavit") and the Affidavit of Gregory J. Aceto, Esq. (the "Aceto Affidavit"). The Plaintiff-Intervenor responds as follows to the Defendant's Statement of Facts:

## FACTS

**Statement No. 1:**

The Intervenor/Plaintiff, Michael Ingoldby, at all times relevant to this action, was Chairman of the Board of Managed Health Care Systems, Inc. (Hereafter "M.H.C.S"). Ingoldsby's First Amended Complaint in Intervention, ¶1 (Ingoldsby Complaint").

**Response No. 1:**

The Plaintiff-Intervenor does not contest the assertions in Paragraph 1.

**Statement No. 2:**

M.H.C.S was privately held, for profit, home health care agency which provided home health care services to Medicare beneficiaries in Massachusetts. Complaint in Heller Healthcare Finance, Inc. v. Ingoldsby, et al., ¶9 ("Heller Complaint").

**Response No. 2:**

The Plaintiff-Intervenor does not contest the assertions in Paragraph 2.

**Statement No. 3:**

Heller Healthcare Finance, Inc. is a Delaware Corporation doing business as a lender to the Healthcare Industry. Heller Complaint, ¶2.

**Response No. 3:**

The Plaintiff-Intervenor does not contest the assertions in Paragraph 3.

2

**Statement No. 4:**

In 2002, Heller sued Ingoldsby for negligent misrepresentation and breach of guaranty in connection with a debtor-in-possession ("D.I.P.") loan. *See generally* Heller Complaint.

**Response No. 4:**

The Plaintiff-Intervenor does not contest the assertions in Paragraph 4.

**Statement No. 5:**

At all times relevant to this action, I.I.G. acted as an insurance broker for M.H.C.S. in procuring directors and officers insurance coverage. Deposition Transcript of Jeremy Alderman, pp. 9-10.

**Response No. 5:**

The Plaintiff-Intervenor does not contest the assertions in Paragraph 5.

The Plaintiff-Intervenor further asserts that on or about August 4, 2000, MHCS purchased a directors and officers policy of insurance issued by National Union, bearing policy number 473-16-30, using IIG as its insurance broker.

With the exception of an initial meeting with IIG, Mr. Ingoldsby was not directly involved with the procurement of the directors and officers insurance policies. However, IIG had served as MHCS's broker in the past with respect to several other policies of insurance. In fact, MHCS was first introduced to IIG through Mr. Ingoldsby. *See* Deposition of Michael Ingoldsby ("Ingoldsby Depo."), pp. 86:19-87:9. Thereafter, IIG served as MHCS's insurance broker with regard to several policies of insurance. *See* Rule 30(b)(6) Deposition of International Insurance Group, Ltd. ("IIG Depo."), pp. 9:4-12:22. Specifically, IIG served as MHCS's broker with respect to the following policies

of insurance issued by St. Paul Fire & Marine Insurance Company to Managed Health Care Systems, Inc.: policy number FKO6003905, effective from April 1, 1996 through July 19, 1996; policy number FKO6008965, effective from July 19, 1996, through July 16, 1997; and policy number FKO6003217, effective from April 1, 1995 through July April 1, 1996. As illustrated above, IIG and MHCS had a longstanding business relationship of over ten (10) years, during which period MHCS purchased several insurance policies through IIG and based upon IIG's advice. Accordingly when MHCS was seeking directors and officers insurance, Mr. Ingoldsby relied on IIG to advise MHCS on the most appropriate coverage for the company. *See* Affidavit of Michael Ingoldsby ("Ingoldsby Affidavit"), ¶ 7-10; Ingoldsby Depo., p. 75:5-20. In fact, in his deposition, Mr. Ingoldsby stated, "I had what I thought was a long-term relationship with International. We had been buying our insurance from them probably since 1990. They obviously had, you know, an obligation to advise me of things." *Id.*

**Statement No. 6:**

National Union Fire Insurance Co. of Pittsburgh, PA ("National Union") was at all time relevant to this action an insurance company licensed to provide insurance in Massachusetts with a principle place of business in New York, NY. Ingoldsby Complaint, ¶2.

**Response No. 6:**

The Plaintiff-Intervenor does not contest the assertions in Paragraph 6.

**Statement No. 7:**

National Union issued to M.H.C.S a Directors and Officers Insurance Policy bearing the policy number 873-87-52, running from August 4, 2001 to August 4, 2002. Ingoldsby Complaint, ¶6.

**Response No. 7:**

The Plaintiff-Intervenor does not contest the assertions in Paragraph 7.

**Statement No. 8:**

The National Union Policy (No. 873-87-52) included a "For Profit Healthcare Organization Amendatory Endorsement" which contained exclusion 4(h), which excluded coverage for claims:

(h)   alleging, arising out of, based upon or attributable to any actual or alleged contractual liability of the Company or an insured under any express (written or oral) contract or agreement…

National Union Policy (No. 873-87-52), For Profit Healthcare Organization Amendatory Endorsement, §II.

**Response No. 8:**

The Plaintiff-Intervenor does not contest that National Union issued to MHCS a Director and Officers Insurance Policy, bearing a policy number 873-87-52, and that said policy included the above language.

However, Mr. Ingoldsby asserts that he was not aware that the the Policy contained the above-referenced contractual liability exclusion. Had he been advised by IIG or National Union of the existence of the contractual liability exclusion and the purported effect thereof, Mr. Ingoldsby would have recommended to MHCS that it not

purchase the Policy. *See* Ingoldsby Affidavit, ¶ 9; Aceto Affidavit, ¶ 3 and *Exhibit A* attached thereto; Ingoldsby Depo., p. 78:13-22.

**Statement No. 9:**

I.I.G. informed M.H.C.S. of the For Profit Healthcare Organization Amendatory Endorsement, including exclusion 4(h), via a fax sent on July 31, 2001 to M.H.C.S. Vice President of Finance and Chief Financial Officer Pamela Jones. *See* I.I.G. letter to M.H.C.S. dated July 31, 2001, along with attached documents and fax confirmation sheet.

**Response No. 9:**

The Plaintiff-Intervenor does not contest that IIG sent a fax communication to MHCS Vice President of Finance and Chief Financial Officer Pamela Jones, dated July 31, 2001.

The Plaintiff-Intervenor, however, disputes that he ever received or in any way learned of the above-referenced communication, and that the communication "informed" MHCS of Exclusion 4(h). *See* Aceto Affidavit, ¶ 3 and *Exhibit A* attached thereto; Ingoldsby Depo., p. 62:12-64:10. Rather, the fax communication stated that the Policy would include a Health Care Amendatory Exclusion. While the letter outlined other coverage changes resulting from the Health Care Amendatory Exclusion, it did not explicitly reference Exclusion 4(h) or explain any changes to coverage resulting therefrom. *Id. See* Ingoldsby Affidavit, ¶ 12; Aceto Affidavit, ¶ 3 and *Exhibit A* attached thereto; Ingoldsby Depo., pp. 62:12-64:10, p. 78:13-22, p. 75:5-20.

Further, the Plaintiff-Intervenor asserts that neither IIG, nor National Union, advised Mr. Ingoldsby of the effect of the language of Exclusion 4(h). Because National

6

Union and IIG failed to adequately disclose Endorsement No. 8 and its amendment of Exclusion 4(h), the Plaintiff-Intervenor had no knowledge of Endorsement No. 8 or Exclusion 4(h) prior to National Union's denial of his claim. More importantly, the Plaintiff-Intervenor had no knowledge of the potential effect of said endorsement in limiting coverage under the Policy as National Union now argues. *See* Ingoldsby Affidavit, ¶¶ 12-13; Aceto Affidavit, ¶ 3 and *Exhibit A* attached thereto; Ingoldsby Depo., p. 75:5-20, p. 78:13-22.

**Statement No. 10:**

The National Union Policy (No. 873-87-52) was subsequently issued to M.H.C.S. and said policy contained the For Profit Healthcare Organization Amendatory Endorsement, including exclusion 4(h). National Union Policy (No. 873-87-52).

**Response No. 10:**

The Plaintiff-Intervenor does not contest the assertions in Paragraph 9.

**Statement No. 11:**

In the prior policy year, running from August 4, 2000 until August 4, 2001, National Union issued to M.H.C.S. a Directors and Officers Insurance Policy (No. 473-16-30). National Union Policy (No. 473-16-30).

**Response No. 11:**

The Plaintiff-Intervenor does not contest the assertions in Paragraph 11.

**Statement No. 12**

National Union Policy (No. 473-16-30) contains an exclusion for claims;

Alleging, arising out of, based upon or attributable to any actual or alleged contractual liability of the Company or an insured under any express (written or oral) contract or agreement…

National Union Policy (No. 473-16-30).

**Response No. 12:**

The Plaintiff-Intervenor does not contest that National Union Policy (No. 473-16-30) contained the above-referenced language.

However, Mr. Ingoldsby asserts that he was not aware that the Prior Policy contained the contractual liability exclusion. Had he been advised of the existence of the contractual liability exclusion and the effect thereof, Mr. Ingoldsby would have advised MHCS not to purchase the Prior Policy. *See* Ingoldsby Affidavit, ¶10; Aceto Affidavit, ¶ 3 and *Exhibit A* attached thereto; Ingoldsby Depo., p. 78:13-22.

> Respectfully submitted,
> MICHAEL INGOLDSBY,
> By his attorney,
>
> /s/ Gregory J. Aceto, Esq.
> Gregory J. Aceto, Esq.
> BBO No. 558556
> JOHNSON & ACETO, LLP
> 67 Batterymarch Street, Suite 400
> Boston, MA 02110
> (617) 728-0888

Dated: November 29, 2006