UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GE HFS HOLDINGS, INC. *Formerly known as* HELLER HEALTHCARE FINANCE, INC.,     Plaintiff, and MICHAEL INGOLDSBY,     Intervenor/Plaintiff, v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and INTERNATIONAL INSURANCE GROUP, LTD.,     Defendants. | CIVIL ACTION No: 05-CV-11128-NG |

**AFFIDAVIT OF MICHAEL BRUNDAGE, ESQ.**

I, Michael Brundage, Esq., being duly sworn, depose and state as follows:

1. I am an attorney with the law firm of Jennis Bowen & Brundage, P.L., 400 North Ashley Drive, Suite 2540, Tampa, Florida and am duly licensed to practice law in the courts of the state of Florida.

2. While employed by the law firm of Hill Ward & Henderson, P.A., I served as counsel for the Plaintiff/Intervenor Michael Ingoldsby ("Plaintiff/Intervenor" or "Mr. Ingoldsby") with regard to his petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court, Middle

District of Florida, Tampa Division, case number 02-24824-8C7 (the "Bankruptcy").

3. Mr. Ingoldsby filed his petition for relief on or about December 13, 2002.

4. On or about January 2, 2003, Mr. Ingoldsby filed his Schedules and Statement of Financial Affairs.

5. In his Statement of Financial Affairs, Mr. Ingoldsby disclosed that he was a defendant in the Heller Action.

6. At the time Mr. Ingoldsby filed his Statement of Financial Affairs, neither Mr. Ingoldsby nor I were aware of any claim against National Union Fire Company of Pittsburgh, PA ("National Union") or any claim related to the Directors & Officers Insurance and Company Reimbursement Policy (the "Policy") issued by National Union.

7. Since he had no knowledge of the present action against National Union, Mr. Ingoldsby did not schedule it.

8. In addition, at the time Mr. Ingoldsby filed his Statement of Financial Affairs, Managed Health Care Systems, Inc. ("MHCS") was also a debtor in a bankruptcy case pursuant to Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court, District of Massachusetts, case number 01-11346 (the "MHCS Bankruptcy").

9. As such, the Policy was presumably an asset of the MHCS Bankruptcy and not a personal asset of Mr. Ingoldsby.

10. On or about April 18, 2003, Ingoldsby filed his Amended Schedules and Statement of Affairs.

11.     At this time, Ingoldsby and I had not discussed any potential claim against National Union.

12.     On or about July 13, 2003, Heller was granted relief from automatic stay in the Ingoldsby Bankruptcy and the Heller Action proceeded, causing Mr. Ingoldsby to incur legal fees related thereto.

13.     On or about February 7, 2004, Ingoldsby entered into a Settlement Agreement with Heller, whereby Ingoldsby was to submit payment to the Bankruptcy Trustee in the amount of One Hundred Five Thousand Dollars ($105,000.00).

14.     Mr. Ingoldsby and I first discussed a potential claim against National Union around the time of the bankruptcy settlement discussions.

15.     The bankruptcy trustee R. Jay Harpley was subsequently informed that that Mr. Ingoldsby may be seeking reimbursement of his defense costs.

16.     I did not believe that the schedules needed to be amended because the reimbursement claim appeared to not be property of Mr. Ingoldsby's bankruptcy estate.

Signed under the pains and penalties of perjury this 22nd day of November, 2006.



Michael Brundage, Esq.