# Edwards Angell Palmer & Dodge LLP

111 Huntington Avenue  Boston, MA  02199  617.239.0100  *fax* 617.227.4420  eapdlaw.com

John D. Hughes
617.951.3373
*fax* 617.227.4420
jhughes@eapdlaw.com

<u>By Hand</u>

January 26, 2007

Magistrate Judge Judith G. Dein
Attn: Thomas Quinn
U.S.D.C. for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, MA 02210

    Re:    <u>GEHFS Holdings, Inc., et al., v. National Union Fire Insurance Company of Pittsburgh, P.A., et al.; Civil Action No. 05-11128-NG</u>

Dear Magistrate Judge Dein,

I am writing to you concerning the letter and "Letter Agreement"[1] sent to you by Laura McCue, counsel for plaintiff Michael Ingoldsby, on January 22, 2006. As explained in more detail below, the "Letter Agreement" changes nothing concerning National Union's Motion for Summary Judgment that is currently pending before you. Mr. Ingoldsby is still barred by judicial estoppel from maintaining his claims against National Union. Furthermore, his claims are still not covered by the insurance policy obtained from National Union. Therefore, notwithstanding the "Letter Agreement," National Union should be granted summary judgment against Mr. Ingoldsby and his claims should be dismissed with prejudice in their entirety.

Mr. Ingoldsby is the only plaintiff before this Court, and his claims against National Union are clearly barred by judicial estoppel. As discussed at length in National Union's summary judgment briefing, the undisputed facts in this case establish that (a) Mr. Ingoldsby represented to the bankruptcy court and his creditors that he had no claims against National Union; and (b) Mr. Ingoldsby's creditors and the bankruptcy court relied upon those representations in settling

---

[1] The "Letter Agreement" submitted by Mr. Ingoldsby is not an agreement. At most, it is merely an agreement to seek to agree. The "Letter Agreement" acknowledges that "[t]here is a dispute as to what percentage interest of the Litigation Proceeds belongs to the Trustee and Mr. Ingoldsby." Under Massachusetts law, agreements to agree are not enforceable. <u>Rosenfield v. United States Trust Co.</u>, 290 Mass. 210, 217 (1935) ("An agreement to reach an agreement is a contradiction in terms and imposes no obligation on the parties thereto").

January 26, 2007
Page 2

> [H]aving obtained judicial relief on the representation that no claims existed, [Mr. Ingoldsby] can not now resurrect them and obtain relief on the opposite basis . . . . It is an unacceptable abuse of judicial proceedings.

Furthermore, Mr. Ingoldsby cannot avoid the consequences of his misrepresentations by involving the bankruptcy trustee now that National Union has uncovered his "abuse of judicial proceedings." Indeed, the courts have repeatedly rejected far more formal attempts to do the same thing:

- "Allowing [a debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets." Barger v. City of Cartersville, 348 F.3d 1289, 1297 (11th Cir. 2003) (quoting Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1288 (11th Cir. 2002)); see also Graupner v. Town of Brookfield, 450 F.Supp.2d 119, 127 (D. Mass. 2006) ("the reopening of a bankruptcy proceeding five years after the discharge, and three weeks after receiving notice that defendants intended to file for summary judgment on that basis, does not preclude the operation of judicial estoppel"); Laisure-Radke v. Barr Laboratories, 2006 WL 1727978, *3-*4 (W.D. Wash. June 22, 2006) (same); Garrett v. Morgan, 112 P.2d 531, 381-82 (Wash. App. Ct. 2005) (same); In re Superior Crewboats, Inc., 374 F.3d 330, 336 (5th Cir. 2004) (same); DeLeon v. Comcar Industries, Inc., 321 F.3d 1289, 1292 (11th Cir. 2003) (same).

- The bankruptcy court's vacating of a discharge because of after-discharge disclosure of claims did not preclude imposition of judicial estoppel based upon failure to previously properly schedule the claims. Hamilton v. State Farm Fire & Casualty Co., 270 F.3d 778, 784 (9th Cir. 2001).

- A debtor is not permitted to amend her disclosure statements to avoid judicial estoppel after her earlier disclosures are relied upon by creditors and the bankruptcy court in entering into and approving settlement. In re Blair, 319 B.R. 420, 439-40 (Bankr. D. Md. 2005).

- "The bankruptcy rules were clearly not intended to encourage this kind of inadequate and misleading disclosure by creating an escape hatch debtors can duck into to avoid sanctions for omitting claims once their lack of candor is discovered." Krystal Cadillac-Oldsmobile GMS Truck, Inc. v. General Motors Corp., 337 F.3d 314, 320-21 (3rd Cir. 2003) (applying

EDWARDS ANGELL PALMER & DODGE LLP

January 26, 2007
Page 3

> candor is discovered." <u>Krystal Cadillac-Oldsmobile GMS Truck, Inc. v. General Motors Corp.</u>, 337 F.3d 314, 320-21 (3rd Cir. 2003) (applying judicial estoppel to bar claim that debtor only disclosed on bankruptcy schedules after shortcoming was discovered by the bankruptcy court).

Judicial refusal to give any import to such eleventh-hour shenanigans is for good reason. The doctrine of judicial estoppel is designed to protect the integrity of the courts and prevent parties from "making a mockery of the judicial system." <u>DeLeon</u>, 321 F.3d at 1292; see also <u>Payless</u>, 989 F.2d at 571 (judicial estoppel designed to prevent litigants from playing "fast and loose" with the courts); <u>In re Blair</u>, 319 B.R. 440 ("the integrity of the judicial process must be protected by prohibiting a party from 'deliberately changing positions according to the exigencies of the moment'"). In the context of judicial estoppel and bankruptcy disclosures, the doctrine is further designed to protect not only the courts, but also the creditors who "relied on [the debtor's] bankruptcy schedules to determine what action, if any, they would take in the [bankruptcy]." <u>Hamilton</u>, 270 F.3d. at 784. Allowing Mr. Ingoldsby to avoid the consequences of his misrepresentations during his bankruptcy would defeat each of these purposes of the doctrine of judicial estoppel.

National Union's Motion for Summary Judgment remains pending before this Court. The "Letter Agreement" filed by Mr. Ingoldsby does not change the parties to this case, the undisputed facts of this case, or the controlling law applicable to this case. Therefore, National Union's Motion for Summary Judgment should be granted and Mr. Ingoldsby's claims against National Union should be dismissed with prejudice.

Respectfully yours,

*John D. Hughes (AuAuAu)*

John D. Hughes

Cc:   Laura E. McCue, Esq. (via fax and e-mail)