# EDWARDS ANGELL PALMER & DODGE LLP

111 Huntington Avenue  Boston, MA  02199   617.239.0100   fax 617.227.4420   eapdlaw.com

John D. Hughes

617.951.3373
fax 617.227.4420
jhughes@eapdlaw.com

<u>By Hand</u>

June 5, 2007

Magistrate Judge Judith G. Dein
Attn: Thomas Quinn
U.S.D.C. for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, MA 02210

Re:    GEHFS Holdings, Inc., et al., v. National Union Fire Insurance Company of
Pittsburgh, P.A., et al.; Civil Action No. 05-11128-NG

Dear Magistrate Judge Dein,

I am writing to you concerning the letter and "Agreement" sent to you by Gregory Aceto, counsel for plaintiff Michael Ingoldsby ("Mr. Ingoldsby"), on May 30, 2007. The Agreement has apparently been provided to you because Mr. Ingoldsby believes it has some relevance to National Union's Motion for Summary Judgment that is currently pending before you and upon which argument was heard on December 19, 2006. Mr. Ingoldsby, however, has not provided the Court with a single authority to support this position. Indeed, as explained in detail below, the Agreement has absolutely no relevance to the pending motion. Therefore, notwithstanding the Agreement, National Union should still be granted summary judgment against Mr. Ingoldsby and his claims should be dismissed with prejudice in their entirety.

<u>Mr. Ingoldsby remains the only plaintiff before this Court, and his claims against National Union
are clearly barred by judicial estoppel.</u>

The bankruptcy trustee has not sought to intervene in this matter, nor has Mr. Ingoldsby sought to join him as a party. Therefore, Mr. Ingoldsby is the only plaintiff before this Court, the only actor seeking relief from National Union.[1] As discussed at length in National Union's summary judgment briefing, however, the undisputed facts in this case establish that Mr. Ingoldsby is judicially estopped from asserting any claim against National Union.

---

[1] Even under the purported Agreement, Mr. Ingoldsby apparently still stands to receive 75% of any potential recovery in this case.

# EDWARDS ANGELL PALMER&DODGE LLP

June 5, 2007
Page 2

Mr. Ingoldsby represented to the bankruptcy court and his creditors that he had no claims against National Union and his creditors, and the bankruptcy court relied upon those representations in settling and discharging his bankruptcy. To allow Mr. Ingoldsby to now pursue claims against National Union would "make a mockery" of this Court and the Bankruptcy Court, DeLeon v. Comcar Industries, Inc., 321 F.3d 1289, 1292 (11th Cir. 2003), and countenance an "unacceptable abuse of judicial proceedings." Payless Wholesale Distributors, Inc. v. Alberto Culver, 989 F.2d 570, 571 (1st Cir. 1993). See also In re Blair, 319 B.R. 440 ("the integrity of the judicial process must be protected by prohibiting a party from 'deliberately changing positions according to the exigencies of the moment'"). It would also impermissibly reward a dishonest debtor to the detriment of his creditors. Hamilton v. State Farm Fire & Casualty Co., 270 F.3d 778, 784 (9th Cir. 2001) (judicial estoppel doctrine is designed to protect not only the courts, but also the creditors who "relied on [the debtor's] bankruptcy schedules to determine what action, if any, they would take in the [bankruptcy]").

Nor may Mr. Ingoldsby avoid the consequences of his misrepresentations by involving the bankruptcy trustee now that National Union has exposed his "abuse of judicial proceedings." As noted in our letter of January 26, 2007, courts have repeatedly rejected such attempts in order to avoid encouraging debtors to lie on their bankruptcy disclosure forms and then only amend their position once caught in their lie. See, e.g., Barger v. City of Cartersville, 348 F.3d 1289, 1297 (11th Cir. 2003) ("This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets."); Krystal Cadillac-Oldsmobile GMS Truck, Inc. v. General Motors Corp., 337 F.3d 314, 320-21 (3rd Cir. 2003) ("The bankruptcy rules were clearly not intended to encourage this kind of inadequate and misleading disclosure by creating an escape hatch debtors can duck into to avoid sanctions for omitting claims once their lack of candor is discovered."). Indeed, at least one Court has indicated that even a properly substituted trustee could not pursue Mr. Ingoldsby's claims under these circumstances. Fineberg v. Ali, 202 B.R. 206, 228 (Bkrtcy. E.D. Pa. 1996) ("the Debtor's failure to list [potential claims] could easily be found to constitute a statement by the Debtor, binding on the Trustee, that he did not have any such claims. The Trustee's filing of the Proceedings is contrary to, and contradicts this assertion.").

### The underlying claims against Mr. Ingoldsby are still not covered by the insurance policy obtained from National Union.

The Agreement between Mr. Ingoldsby and the Trustee also does nothing to change the necessary conclusion that the underlying claims against Mr. Ingoldsby are not covered by the National Union policy in question. It is undisputed that the Policy contained a contractual liability exclusion that specifically excluded any claim "alleging, arising out of, based upon or attributable to any actual or alleged contractual liability of the Company or any Insured under any express (written or oral) contract or agreement." The undisputed facts further establish that the underlying claims against Mr. Ingoldsby arose from Mr. Ingoldsby's contractual obligations because such claims could not have existed but for the contracts in question. Therefore, the underlying claims were excluded from coverage under the contractual liability exclusion of the

# EDWARDS ANGELL PALMER&DODGE LLP

June 5, 2007
Page 3

Policy. Indeed, attempts to avoid this same conclusion in comparable circumstances involving the identical exclusion have been summarily rejected by the Courts. Temple Univ. Health Sys. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, C.A. No. 04-061705, 2005 WL 167583 (Pa. Com. Pl. Jan. 7, 2005); Chapman v. National Union Fire Ins. Co. of Pittsburgh, PA, 171 S.W.3d 222, 228-29 (Tex. App. Ct. 2005).

### National Union's Motion for Summary Judgment should be granted and Mr. Ingoldsby's claims should be dismissed with prejudice.

National Union's Motion for Summary Judgment remains pending before this Court. The Agreement filed by Mr. Ingoldsby does not change the parties to this case, the undisputed facts of this case, or the controlling law applicable to this case. Therefore, for the reasons stated here and in National Union's summary judgment briefing, it remains the case that National Union's Motion for Summary Judgment should be granted and Mr. Ingoldsby's claims against National Union should be dismissed with prejudice.

Respectfully yours,

John D. Hughes (Oh Oh/4h)

John D. Hughes

cc:    Gregory J. Aceto (via facsimile and email)