UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GE HFS HOLDINGS, INC.<br>*Formerly known as*<br>HELLER HEALTHCARE FINANCE, INC.,<br>    Plaintiff,<br><br>and<br><br>MICHAEL INGOLDSBY,<br>    Intervenor/Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and INTERNATIONAL INSURANCE GROUP, LTD.,<br>    Defendants. | CIVIL ACTION No: 05-CV-11128-NG |

**AFFIDAVIT OF MICHAEL INGOLDSBY IN SUPPORT OF MEMORANDUM
OF LAW PURSUANT TO ORDER OF THE COURT**

I, Michael Ingoldsby, being duly sworn, depose and state as follows:

1.    On or about December 13, 2002, I filed a petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court, Middle District of Florida, Tampa Division, case number 02-24824-8C7 (the "Bankruptcy").

2.    International Insurance Group, Ltd. ("IIG") was not a creditor in the Bankruptcy.

3.    On or about January 2, 2003, I filed my Schedules and Statement of Financial Affairs.

4.    In my Statement of Financial Affairs, I disclosed that I was a defendant in the Heller Action.

5.    At that time, I had not contemplated a claim against IIG because I had not yet

incurred any substantial legal fees or suffered any damages. Therefore, I did not list it on my Schedules and Statement of Financial Affairs. Moreover, I was still hopeful that National Union would reconsider its preliminary denial of coverage after it had performed the requisite investigation of Heller's claims. As such, I certainly did not contemplate any claim against my insurance broker, IIG, nor was I aware of any such claim. In fact, if National Union provided coverage, there would have been no claim against IIG.

6. On or about April 18, 2003, I filed an Amended Schedule and Statement of Affairs.

7. At that time, I was still not aware of any potential claim against IIG as the Heller Action was stayed until July 16, 2003.

8. On or about February 7, 2004, I entered into a Settlement Agreement with Heller in the bankruptcy case. Pursuant to the Settlement Agreement, I submitted payment to the Trustee in the amount of One Hundred Five Thousand ($105,000.00).

9. On or about March 17, 2004, I made a formal demand upon National Union, via counsel, for reimbursement of my defense costs and settlement amount in the Heller Action.

10. On or about April 16, 2004, National Union, via counsel, responded to my formal demand letter and again denied coverage. In doing so, National Union relied upon Exclusion 4(h), as amended by Endorsement No. 8.

11. IIG was the long-standing insurance broker for Managed Healthcare System, Inc. ("MHCS") and advised representatives of MHCS as to the best directors and officers policy for MHCS. Because IIG failed to adequately disclose Endorsement No. 8 and its

amendment of Exclusion 4(h) and inform MHCS as to its affect, I had no knowledge of either prior to National Union's denial of my claim. More importantly, MHCS and I had no knowledge of the purported effect of said endorsement in dramatically limiting coverage under the Policy.

12. Around the time of the bankruptcy settlement discussions, I first discussed the existence of a potential claim against National Union with my bankruptcy counsel as I was beginning to doubt that National Union would reimburse me for the defense costs of the Heller Action. I was advised by my bankruptcy counsel that I did not need to amend my Statement of Financial Affairs to reflect a potential claim for post-petition expenses.

13. At that time, I did not realize that I also had a claim against IIG related to IIG's failure to advise MHCS, or me as a third-party beneficiary, about the contractual liability exclusion upon which National Union ultimately relied to deny coverage.

14. The Bankruptcy trustee was also notified that I may have a potential claim against Nation Union related to the reimbursement of defense costs. If I had been aware of my potential claim against IIG at that time, I would have also disclosed this to the Bankruptcy trustee as well.

15. It was not until I began reviewing documents and discussing my claim against National Union with my attorney in Massachusetts that I became aware of a potential claim against IIG. This occurred within weeks of filing my Complaint in Intervention, dated December 5, 2005.

16. As such, I did not omit my claim against IIG from my Statement of Financial Affairs with the intention of defrauding the court or my creditors.

17. In any event, on or about May 30, 2007, I entered into an Agreement with R. Jay

Harpley, the Trustee of my bankruptcy estate, whereby the Trustee and I agreed to share in any litigation proceeds that may result from this action. A true and correct copy of the Agreement is attached hereto as *Exhibit 1*.

18. Therein, the Trustee also agreed that this case may proceed solely in my name.

19. The Agreement was entered on the docket in this matter on May 30, 2007.

20. On or about July 19, 2007, the Agreement was also approved by the Bankruptcy Court for the Middle District of Florida. A true and correct copy of the Order is attached hereto as *Exhibit 2*.

Signed under the pains and penalties of perjury this 14th day of September, 2007.

_____
Michael Ingoldsby



# JOHNSON & ACETO, LLP
## COUNSELORS AT LAW

67 BATTERYMARCH STREET, SUITE 400
BOSTON, MASSACHUSETTS 02110
TEL (617) 728-0888
FAX (617) 338-1923
EMAIL office@johnsonaceto.com

May 30, 2007

Magistrate Judge Judith G. Dein
Attn: Thomas Quinn
U.S.D.C. for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, Massachusetts 02210

      Re:    ***GE HFS Holdings, Inc., formerly known as Heller Healthcare Finance, Inc. and Michael Ingoldsby v. National Fire Insurance Co. of PA and International Insurance Group, LTD;***
             <u>Docket No.: 05-CV-11128-NG.</u>

Dear Magistrate Judge Dein:

     In connection with the above captioned matter, and as discussed with Thomas Quinn, enclosed please find a copy of an executed Agreement by and between Michael Ingoldsby and R. Jay Harpley, Trustee.

     Should you have any questions or require anything further, please do not hesitate to contact me.

Very truly yours,

*[signature]*
Gregory J. Aceto
GJA/lem

Enclosures

cc:    John D. Hughes
        Syd Saloman
        Jay Harpley
        Michael Ingoldsby

# AGREEMENT

This **AGREEMENT** is entered as of the 30 day of May, 2007, between R. Jay Harpley, as Trustee of the Ingoldsby Bankruptcy Estate, having a principal business address of P.O. Box 271286, Tampa, Florida 33688-1286 (the "Trustee") and Michael O. Ingoldsby of 19 Black Rock Drive, Hingham, Massachusetts 02023 ("Ingoldsby") (collectively, the "Parties").

**WHEREAS**, on or about December 13, 2002, Ingoldsby filed a petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court, Middle District of Florida, Tampa Division, case number 02-24824-8C7 (the "Ingoldsby Bankruptcy").

**WHEREAS**, R. Jay Harpley was appointed as the Trustee of the Ingoldsby Bankruptcy estate (the "Estate").

**WHEREAS**, on or about May 5, 2004, Ingoldsby was issued a discharge as contemplated by the parties to the Settlement Agreement approved by the Court on March 17, 2004.

**WHEREAS**, on or about December 5, 2005, Ingoldsby filed a civil action against National Union and International Insurance Group, Inc. for declaratory judgment, pursuant to 28 U.S.C. § 2201, breach of contract, fraud, and violations of Mass. Gen. Laws ch. 93A, arising from a dispute concerning defense obligations under a directors & officers liability insurance policy issued by National Union Fire Insurance Company of Pittsburgh, PA to Managed Health Care Systems, Inc. and its officers and directors (the "Litigation").

**WHEREAS**, the Parties acknowledge that: (i) they are in disagreement as to whether the claims asserted in the Litigation are property of the Estate; (ii) each claims entitlement to any recovery that may result from the Litigation ("Litigation Proceeds"); (iii) and the Trustee is uncertain of the outcome of litigating the dispute with Ingoldsby.

**WHEREAS**, the Parties have agreed to share in any Litigation Proceeds according to the terms set forth herein, subject to approval of the U.S. Bankruptcy Court for the Middle District of Florida.

**WHEREAS**, the Trustee agrees that the Litigation may proceed in the name of Michael O. Ingoldsby.

**NOW, THEREFORE**, in consideration of the mutual covenants set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Trustee and Ingoldsby agree as follows:

1. **Litigation.** The Parties have agreed that Johnson & Aceto, LLP shall serve as counsel to both parties with respect to the Litigation. The Trustee further agrees that the

Litigation may be prosecuted in the name of the Trustee if so required by the Massachusetts District Court.

2. **Payment of Contingency Fee.** In addition to fees already tendered, and pursuant to the Client Representation and Fee Agreement executed by and between Ingoldsby and counsel with respect to the Litigation, the contingent fee (the "Contingency Fee") charged to Ingoldsby and the Estate for legal services rendered with respect to the Litigation is one-third (1/3) (33%) of the gross amount recovered on behalf of Ingoldsby and the Estate (i.e. the Litigation Proceeds).

3. **Payment of Attorney's Fees and Expenses.** Remaining Litigation Proceeds will be allocated to the repayment and reimbursement of reasonable post-petition attorney's fees, and any other costs and expenses related to (i) the litigation and settlement of the civil action, styled *Heller Healthcare Finance, Inc. v. Michael Ingoldsby, et. al*, United States District Court for the District of Massachusetts, Civil Action No. 02CV11553 NG (the "Heller Action") and (ii) the Litigation. The Trustee shall be furnished with an accounting of any fees and costs paid or requested to be paid pursuant to this Agreement.

4. **Distribution of Litigation Proceeds to Trustee.** Following the repayment and reimbursement of the above-referenced attorney's fees and expenses, and following the application of the above-referenced Contingency Fee, the Trustee, for the benefit of the creditors of the Estate, shall receive Twenty-Five percent (25%) of any and all remaining funds relating to the Litigation Proceeds.

5. **Distribution of Litigation Proceeds to Ingoldsby.** Following the payment set forth in Paragraph Two (2) and payment of the Contingency Fee set forth in Paragraph One (1) herein, Ingoldsby shall retain Seventy-Five percent (75%) of any and all remaining funds relating to the Litigation Proceeds.

6. **Notice.** Any notice that must be given in accordance herein will be given by mailing it by first class mail and by faxing it to the parties at the following addresses:

   To R. Jay Harpley, Trustee:

   R. Jay Harpley, Trustee
   P.O. Box 271286
   Tampa, FL 33688-1286

   Also to his attorney:

   Alberto F. Gomez, Jr.
   Morse & Gomez, PA
   119 S. Dakota Avenue
   Tampa, FL 33606

To Ingoldsby:

Michael Ingoldsby
19 Black Rock Drive
Hingham, MA 02023

Also to his attorney:

Gregory J. Aceto, Esq.
Johnson & Aceto, LLP
67 Batterymarch Street, Suite 400
Boston, MA 02110
Fax: (617) 338-1923

7. **Effective Date.** This Agreement shall be effective upon execution by the Parties of all of the Agreements and approval of the U.S. Bankruptcy Court for the Middle District of Florida.

8. **Representation by Counsel.** All Parties acknowledge that they have been represented by counsel at all times and that no representation of fact or opinion has been made to them by any other party which in any manner has induced any of the parties to agree to this Agreement. Furthermore, the Parties acknowledge that they have reviewed, approved, and executed this Agreement in consultation with counsel and further represent that they have read and understand this Agreement and that they intend to be bound by each provision contained herein.

9. **Amendment by Waiver.** This Agreement may only be amended or modified by a written instrument executed by all of the Parties. Waiver by any Party of any breach of any provision of this Agreement shall not constitute a waiver of any other breach of that or any other provision of this Agreement.

10. **Succession and Assignment.** This Agreement shall be binding upon and inure to the benefit of the Parties named and defined herein. No Party may assign either this Agreement or any of its/their rights, interests, or obligations hereunder without the prior written approval of the other Party. The Parties acknowledge and represent that none of the claims released herein have been assigned or otherwise transferred to a third party prior to the execution of this Agreement.

11. **Entirety.** This Agreement constitutes the entire Agreement between the Parties with respect to the subject matter hereof. Other than as stated herein, the Parties warrant and affirm that no representation, promise, or other inducement has been offered or made to induce either Party to enter into this Agreement, and that they are competent to execute this Agreement. This Agreement supersedes and replaces all negotiations, agreements and understandings between and among the Parties, whether written or oral. This Agreement may not be waived, repealed, altered or amended in whole or in part except by a written instrument executed by authorized representatives of each Party.

12. **Headings.** Headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretations of this Agreement.

13. **Counterpart Execution.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same instrument.

14. **Severability.** If any provision of this Agreement is deemed invalid or unenforceable by a court of competent jurisdiction, the remainder of this Agreement and the application of such provisions to other persons or circumstances shall not be affected thereby and shall be enforced to the full extent of the law. A court of competent jurisdiction is hereby authorized to rewrite or otherwise limit any unenforceable provision to the extent required to make such a provision enforceable.

15. **Acknowledgment of Consideration.** The Parties acknowledge that the consideration set forth in this Agreement is sufficient and adequate.

16. **Effect of Ambiguities.** This Agreement has been and shall be construed to have been drafted by all of the Parties so that the rule of construing ambiguities against the drafter shall have no force and/or effect.

17. **Execution.** The Parties have read this Agreement, understand all of its terms, and execute it voluntarily without reliance upon any representations by any other Party.

18. **Choice of Law.** This Agreement shall be construed under the laws of the Commonwealth of Massachusetts, without regard to conflict of laws principals, and all Parties admit to having "minimum contacts" with Massachusetts, and the parties expressly agree that any litigation to enforce the provisions of this Agreement will only be filed in the United States District Court, Middle District of Florida.

19. **Authority.** Each signatory to this Agreement represents and warrants that he is authorized to sign on behalf of the party for whom he signs.

IN WITNESS WHEREOF, this Agreement has been duly executed as of the day and year first written above.

_____
R. Jay Harpley, Trustee
Date: 5/30/07

_____
Michael O. Ingoldsby
Date:

4

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:

MICHAEL O. INGOLDSBY,                    CASE NO. 8:02-bk-24824-PMG
                                         Chapter 7

    Debtors.
_____/

## ORDER GRANTING MOTION TO APPROVE
## COMPROMISE OF CONTROVERSY

THIS CAUSE came on for consideration upon the Motion to Approve Compromise of Controversy between R. Jay Harpley, Chapter 7 Trustee, and Michael O. Ingoldsby, Debtor, seeking the entry of an order approving a compromise of controversy. The Court having considered the Motion, as well as the record, finds that the Motion shall be granted and the compromise approved. Accordingly, it is hereby

ORDERED, ADJUDGED and DECREED that:

1. The Motion be, and the same hereby is, GRANTED.

2. Notice of the proposed compromise was sufficient to all parties in interest, and the compromise is hereby approved according to the terms set forth in the Agreement attached to the Motion.

3. This Court shall retain jurisdiction to enforce the terms of the settlement and this order.

DONE AND ORDERED in Tampa, Florida on _____ July 19, 2007 _.



Paul M. Glenn
Chief U.S. Bankruptcy Judge

cc:    United States Trustee's Office, 501 East Polk St., Ste. 1200, Tampa, Florida  33602;
       Alberto F. Gomez, Jr., 119 S. Dakota Ave., Tampa, Florida  33606;
       R. Jay Harpley, PO Box 271286, Tampa, FL 33688-1286;
       Michael P. Brundage, 400 N. Ashley, Ste. 2540, Tampa, FL 33602;
       Gregory J. Aceto, Esq., 67 Batterymarch St., Ste. 400, Boston, MA 02110;
       Michael O. Ingoldsby, 19 Black Rock Dr., Hingham, MA  02023

F:\Shared Office Files\harpley\Ingoldsby\Pleading\Compromise - order approving.doc