UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GE HFS HOLDINGS, INC., f/k/a HELLER HEALTHCARE FINANCE, INC., <br><br> Plaintiff, <br><br> And <br><br> MICHAEL INGOLDSBY, <br><br> Intervenor/Plaintiff, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and INTERNATIONAL INSURANCE GROUP, LTD., <br><br> Defendants. | Civil Action No. 05-CV-11128-NG |

**MEMORANDUM IN SUPPORT OF NATIONAL UNION'S
MOTION FOR ENTRY OF SEPARATE FINAL JUDGMENT**

Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), one of two defendants in the above-entitled action, submits this memorandum of law in support of its Motion for Entry of Separate Final Judgment.

**I.   INTRODUCTION**

All claims against National Union have been dismissed. Intervenor/Plaintiff Michael Ingoldsby's ("Ingoldsby") claims against International Insurance Group, Ltd. ("IIG"), however, have survived summary judgment and must be tried. If National Union is required to remain a party, it will incur otherwise unnecessary defense costs.

BOS 626800.1

No other party will be prejudiced if National Union is granted a separate final judgment. Ingoldsby's claims against IIG allege that IIG owed him a duty to obtain proper insurance coverage and that IIG breached that duty. Those claims are clearly distinct from Ingoldsby's claims against National Union, which the Court dismissed on summary judgment. Ingoldsby's claims against National Union alleged, in the alternative to his claims against IIG, that National Union had breached the terms of its insurance policy and acted in bad faith by denying coverage for GE HFS's claims against him. Accordingly, entry of separate final judgment now in favor of National Union will not pose a threat of duplicative and piecemeal appellate review.

Therefore, as there exists "no just reason for delay", the Court should grant National Union a separate final judgment pursuant to Fed. R. Civ. P. 54(b).

## II. **PROCEDURAL HISTORY**

This suit began on May 31, 2005. The original complaint was brought by plaintiff GE HFS Holdings, Inc. ("GE HFS"). Ingoldsby moved to intervene on October 7, 2005. That motion was granted on December 5, 2005. GE HFS's claims against National Union were reported to the Court as settled on October 13, 2006.

On November 9, 2006, National Union moved for summary judgment on Ingoldsby's claims. National Union argued that, as a matter of law, there was no coverage under its policy for the claims GE HFS had originally brought against Ingoldsby. On June 14, 2007, Magistrate Judge Dein issued her Report and Recommendation on National Union's Motion for Summary Judgment. Magistrate Judge Dein recommended that National Union's motion be allowed and that Ingoldsby's claims be dismissed on the ground that the underlying litigation by GE HFS against Ingoldsby was excluded from coverage by the policy's contractual liability exclusion.

Ingoldsby subsequently filed an objection to the Report and Recommendation. On September 5, 2007, this Court adopted Magistrate Judge Dein's recommendation and entered summary judgment in favor of National Union.

Likewise, IIG moved for summary judgment with respect to Ingoldsby's claims against it. IIG argued that Ingoldsby's claims against it failed because it did not owe Ingoldsby any duty to advise him regarding insurance coverage. In opposing IIG's motion, Ingoldsby argued that genuine issues of material fact existed as to whether IIG owed Ingoldsby such a duty. In opposing IIG's motion, Ingoldsby submitted an affidavit from insurance expert James R. Martocci. Therein, Mr. Martocci stated that, at the time the National Union policy was sold to Ingoldsby's company through IIG, other comparable insurance policies were available in the marketplace that did not have a contractual liability exclusion: "I am aware that certain insurers of Private Company D&O did not affix so-called contractual liability exclusions to their D&O policies at the time (August of 2001) that the instant policy incepted." Affidavit of James R. Martocci in Support of Plaintiff-Intervenor's Oppositions to IIG and National Union's Motions for Summary Judgment, ¶ 7.

Magistrate Judge Dein recommended that IIG's Motion for Summary Judgment be denied because genuine issues of material fact precluded summary judgment on the duty question. IIG's Motion for Summary Judgment was subsequently denied by the Court. Ingoldsby's claims against IIG will now proceed to trial.

### III. ARGUMENT

<u>Because Ingoldsby's Claims Against National Union And IIG Are Legally Distinct, No Just Reason Exists To Delay the Entry Of Separate Final Judgment For National Union</u>

Fed. R. Civ. P. Rule 54(b) provides that a district court may, in its discretion, enter a final judgment in a multi-party case where all claims are resolved as to one party upon a finding that "there is no just reason for delay." Although litigants are generally required to await the entry of a final judgment as to all claims in a case, Fed. R. Civ. P. Rule 54(b) creates an exception where "there is no just reason for delay." <u>Quinn v. City of Boston</u>, 325 F.3d 18, 26 (1st Cir. 2003).

In determining whether to enter separate final judgment, the Court should consider (1) "the interrelationship or overlap between the legal and factual issues raised by the dismissed and pending claims"; and (2) "the equities for and against an immediate appeal." <u>Kersey v. Dennison Manufacturing Co.</u>, 3 F.3d 482, (1st Cir. 1993) (citing <u>Spiegel v. Trustees of Tufts College</u>, 843 F.2d 38, 43 (1st Cir. 1988) (the decision "entails an assessment of the litigation as a whole, and a weighing of all factors relevant to the desirability of relaxing the usual prohibition against piecemeal appellate review in the particular circumstances"). Under the instant circumstances, entry of a separate final judgment is appropriate because there exists "no just reason for delay."

Ingoldsby's claims against National Union turned on the Court's interpretation and application, as a matter of law, of an insurance policy's exclusion for claims arising out of contractual obligations to GE HFS's claims against Ingoldsby. By contrast, Ingoldsby's claims against IIG turn on heavily factual issues concerning whether IIG owed a duty to Ingoldsby and whether it breached that duty by recommending an insurance policy with such an exclusion.

These sets of claims have no legal overlap. Therefore, neither Ingoldsby nor IIG will suffer any prejudice by the entry of a separate final judgment for National Union. Likewise,

entry of a separate judgment will not pose the threat of piecemeal appellate review (that is, various appeals containing legal overlap).

On the other hand, National Union will suffer prejudice in the form of otherwise unnecessary defense costs if it is not granted a separate final judgment. If National Union remains a nominal party to the action as it proceeds through pre-trial proceedings and trial, National Union will be required to incur defense costs to participate in these proceedings.

Taken together, therefore, the circumstances of this case clearly establish that (1) the claims have no legal overlap; (2) entry of a separate final judgment for National Union will not prejudice either IIG or Ingoldsby; (3) entry of a separate final judgment does not pose the risk of piecemeal appellate review; and (4) National Union will be prejudiced if it is not granted separate final judgment. Under such circumstances, the courts of this and other circuits have held that entry of separate final judgment is appropriate. See Quinn, 325 F. 3d at 26-27 (affirming entry of separate final judgment and noting that "lack of overlap strongly supports the finding of no just reason for delay (and, thus, the entry of a partial final judgment under Rule 54(b))."); Jack Walters & Sons, Corp. v. Morton Building, Inc., 737 F.2d 698. 702 (7th Cir. 1984) (lack of overlap makes entry of separate final judgment appropriate); Olin Corp. v. Ins. Co. of North Amer., 771 F.Supp. 76, 80 (S.D.N.Y. 1991) (entry of separate final judgment appropriate where no risk of piecemeal appellate review is posed because claims are factually distinct"); Roebuck v. Guttman, 678 F.Supp. 68, 70 (S.D.N.Y. 1988) (in case where dismissed claims are distinct from the remaining claims, separate final judgment is appropriate because it poses no threat of piecemeal appellate review).

BOS 626800.1

IV. **CONCLUSION**

For the foregoing reasons, National Union respectfully requests that this Court make an express determination that there is no just reason for delay and direct entry of a separate final judgment, in the form attached hereto as <u>Exhibit A</u>[1], dismissing all claims against National Union.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

By its attorneys,

Dated: August 21, 2008

/s/ M. Machua Millett
John D. Hughes (BBO# 243660)
M. Machua Millett (BBO# 648574)
EDWARDS ANGELL PALMER
& DODGE LLP
111 Huntington Avenue
Boston, MA 02199
Tel: (617) 239-0100
Fax: (617) 227-4420

**CERTIFICATE OF SERVICE**

I, M. Machua Millett, hereby certify that on this 21st day of August, 2008, I served a copy of the foregoing document on counsel of record via ECF.

/s/ M. Machua Millett
M. Machua Millett

---

[1] We note that the First Circuit has directed that "if a district court wishes to enter a partial final judgment on the ground that there is no just reason for delay, it should not only make that explicit determination but should also make specific findings and set forth its reasoning." <u>Quinn</u>, 325 F. 3d at 26. The First circuit has further noted that "the parties have an obligation to bring this requirement to the district court's attention." <u>Id.</u> For this reason, the attached proposed order contains an explicit determination, specific findings and express reasoning.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GE HFS HOLDINGS, INC., f/k/a HELLER HEALTHCARE FINANCE, INC., <br><br> Plaintiff, <br><br> And <br><br> MICHAEL INGOLDSBY, <br><br> Intervenor/Plaintiff, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and INTERNATIONAL INSURANCE GROUP, LTD., <br><br> Defendants. | Civil Action No. 05-CV-11128-NG |

**[PROPOSED] ORDER ON NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S MOTION FOR ENTRY OF SEPARATE FINAL JUDGMENT**

Having considered the parties' submissions regarding Defendant National Union Fire Insurance Company of Pittsburgh, PA's ("National Union") Motion for Entry of Separate Final Judgment, the Court hereby finds and rules as follows:

**Procedural History**

1.  This suit began on May 31, 2005. The original complaint was brought by plaintiff GE HFS Holdings, Inc. ("GE HFS"). Intervenor/Plaintiff Michael Ingoldsby ("Ingoldsby") moved to intervene on October 7, 2005. That motion was granted on December 5, 2005. GE HFS's claims against National Union were reported to the Court as settled on October 13, 2006.

BOS 633901.1

2.  On November 9, 2006, National Union moved for summary judgment on Ingoldsby's claims. National Union argued that, as a matter of law, there was no coverage under its policy for the claims GE HFS had originally brought against Ingoldsby. On June 14, 2007, Magistrate Judge Dein issued her Report and Recommendation on National Union's Motion for Summary Judgment. Magistrate Judge Dein recommended that National Union's motion be allowed and that Ingoldsby's claims be dismissed on the ground that the underlying litigation by GE HFS against Ingoldsby was excluded from coverage by the policy's contractual liability exclusion.

3.  Ingoldsby subsequently filed an objection to the Report and Recommendation. On September 5, 2007, this Court adopted Magistrate Judge Dein's recommendation and entered summary judgment in favor of National Union.

4.  Defendant International Insurance Group Ltd. ("IIG") also moved for summary judgment with respect to Ingoldsby's claims against it. IIG argued that Ingoldsby's claims against it failed because it did not owe Ingoldsby any duty to advise him regarding insurance coverage.

5.  In opposing IIG's motion, Ingoldsby argued that genuine issues of material fact existed as to whether IIG owed Ingoldsby such a duty, and submitted an affidavit from insurance expert James R. Martocci. Therein, Mr. Martocci stated that, at the time the National Union policy was sold to Ingoldsby's company through IIG, other comparable insurance policies were available in the marketplace that did not have a contractual liability exclusion: "I am aware that certain insurers of Private Company D&O did not affix so-called contractual liability exclusions to their D&O policies at the time (August of 2001) that the instant policy incepted." Affidavit of

BOS 633901.1

James R. Martocci in Support of Plaintiff-Intervenor's Oppositions to IIG and National Union's Motions for Summary Judgment, ¶ 7.

6. Magistrate Judge Dein recommended that IIG's Motion for Summary Judgment be denied because genuine issues of material fact precluded summary judgment on the duty question. IIG's Motion for Summary Judgment was subsequently denied by the Court. Ingoldsby's claims against IIG will now proceed to trial.

**Legal Standard**

7. Fed. R. Civ. P. Rule 54(b) provides that a district court may, in its discretion, enter a final judgment in a multi-party case where all claims are resolved as to one party upon a finding that "there is no just reason for delay." Although litigants are generally required to await the entry of a final judgment as to all claims in a case, Fed. R. Civ. P. Rule 54(b) creates an exception where "there is no just reason for delay." Quinn v. City of Boston, 325 F.3d 18, 26 (1st Cir. 2003).

8. In determining whether to enter separate final judgment in this matter, the Court has considered (1) "the interrelationship or overlap between the legal and factual issues raised by the dismissed and pending claims"; and (2) "the equities for and against an immediate appeal." Kersey v. Dennison Manufacturing Co., 3 F.3d 482, (1st Cir. 1993) (citing Spiegel v. Trustees of Tufts College, 843 F.2d 38, 43 (1st Cir. 1988) (the decision "entails an assessment of the litigation as a whole, and a weighing of all factors relevant to the desirability of relaxing the usual prohibition against piecemeal appellate review in the particular circumstances").

9. Lack of overlap between the dismissed and remaining claims weighs heavily in support of entry of a separate final judgment. See Quinn, 325 F. 3d at 26-27 (affirming entry of separate final judgment and noting that "lack of overlap strongly supports the finding of no just

reason for delay (and, thus, the entry of a partial final judgment under Rule 54(b))."); Jack Walters & Sons, Corp. v. Morton Building, Inc., 737 F.2d 698. 702 (7th Cir. 1984) (lack of overlap makes entry of separate final judgment appropriate); Olin Corp. v. Ins. Co. of North Amer., 771 F.Supp. 76, 80 (S.D.N.Y. 1991) (entry of separate final judgment appropriate where no risk of piecemeal appellate review is posed because claims are factually distinct"); Roebuck v. Guttman, 678 F.Supp. 68, 70 (S.D.N.Y. 1988) (in case where dismissed claims are distinct from the remaining claims, separate final judgment is appropriate because it poses no threat of piecemeal appellate review);

**Specific Findings and Reasoning**

10. All claims against National Union have been dismissed. Intervenor/Plaintiff Michael Ingoldsby's ("Ingoldsby") claims against International Insurance Group, Ltd. ("IIG"), however, have survived summary judgment and must be tried.

11. Ingoldsby's claims against National Union turned on the Court's interpretation and application, as a matter of law, of an insurance policy's exclusion for claims arising out of contractual obligations to GE HFS's claims against Ingoldsby.

12. By contrast, Ingoldsby's claims against IIG turn on heavily factual issues concerning whether IIG owed a duty to Ingoldsby and whether it breached that duty by recommending an insurance policy with such an exclusion.

13. These sets of claims have no legal overlap. Therefore, neither Ingoldsby nor IIG will suffer any prejudice by the entry of a separate final judgment for National Union.

14. Likewise, entry of a separate judgment will not pose the threat of piecemeal appellate review (that is, various appeals containing legal overlap).

BOS 633901.1

15.   On the other hand, National Union will suffer prejudice in the form of otherwise unnecessary defense costs if it is not granted a separate final judgment.

WHEREFORE, as there exists "no just reason for delay", the Court grants National Union separate final judgment pursuant to Fed. R. Civ. P. 54(b) and dismisses Ingoldsby's claims against National Union.

Dated: August __, 2008                                SO ORDERED.


_____
District Judge Nancy Gertner